J. Eric Ivester
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
Telephone: (212) 735-3000

Thomas J. Allingham II
Anthony W. Clark
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000

*Counsel for Statek Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
|                                    :                   |
In re:                               :      Chapter 11
|                                    :                   |
COUDERT BROTHERS LLP,                 :      Case Nos. 06-12226 (RDD)
|                                    :                   |
|                                    :                   |
                          Debtor.    :
|                                    :                   |
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## APPELLANT'S SECOND AMENDED DESIGNATION OF
## CONTENTS OF RECORD FOR APPEAL

Statek Corporation ("Statek" or "Appellant"), having filed an Amended Notice of

Appeal on November 7, 2013 from the order of the United States Bankruptcy Court for the

Southern District of New York (Drain, J.) (the "Bankruptcy Court") entitled Order Denying

Statek Corporation's Second Motion for Reconsideration (the "Second Reconsideration Order")

(Docket No. 1610) dated October 25, 2013, and having previously filed a Notice of Appeal

(Docket No. 1564) from the Order On Remand Denying Statek Corporation's Motion For

Reconsideration, dated August 23, 2013 (the "Order on Remand") (Docket No. 1552), and the

Memorandum Of Decision On Remand On Statek's Motion For Reconsideration Of Claim

Disallowance Order, dated August 19, 2013, attached to the Order (the "Memorandum Decision")

(Docket No. 1550) (collectively, the "Prior Notice of Appeal"), now hereby amends its

Designation of Contents of Record for Appeal (the "First Designation") (Docket No. 1569) and

its Amended Designation of Contents of Record for Appeal (the "Amended Designation" and

collectively with the First Designation the "Prior Designations") (Docket No. 1621) by and

through its undersigned counsel and pursuant to Rule 8006 of the Federal Rules of Bankruptcy

Procedure, to include the following items[1] in the record on appeal and in addition to those

previously listed in the Prior Designations:

| In re Coudert Brothers LLP, United States Bankruptcy Court for the Southern District of New York (06-12226) | | |
|---|---|---|
| **Filing Date or Document Date:** | **Docket Number (if applicable):** | **Description:** |
| October 24, 2013 | Attached as Exhibit A | Transcriber's Edited[2] Hearing Transcript from October 24, 2013 hearing |

---

[1]    Each designated item includes any exhibits to such item.  Each reference to "Docket #__" includes all documents within that Docket number.

[2]    The November 7, 2013 Amended Designation contained the transcriber's unedited transcript of the October 24, 2013 hearing.  On November 12, 2013, the transcriber emailed counsel the edited copy of the October 24, 2013 hearing transcript.

Dated: New York, New York
         November 14, 2013

                              Respectfully submitted,
                              */s/ Anthony W. Clark*
                              J. Eric Ivester
                              Skadden, Arps, Slate, Meagher & Flom LLP
                              Four Times Square
                              New York, New York  10036
                              Telephone: (212) 735-3000
                              Fax: (212) 735-2000
                              eric.ivester@skadden.com

                              - and -

                              Thomas J. Allingham II
                              Anthony W. Clark
                              Skadden, Arps, Slate, Meagher & Flom LLP
                              One Rodney Square
                              P.O. Box 636
                              Wilmington, Delaware 19899-0636
                              Telephone: (302) 651-3000
                              Fax: (302) 651-3001
                              thomas.allingham@skadden.com
                              anthony.clark@skadden.com

                              *Counsel for Statek Corporation*

# EXHIBIT A

726604-WILSR01A - MSW

1               UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF NEW YORK
2

3    ---------------------------------X
     In Re:                          :   06-12226 (RDD)
4                                    :
         COUDERT BROTHERS, LLP       :   300 Quarropas Street
5                                    :   White Plains, New York
                        Debtor.      :
6    ---------------------------------X   October 24, 2013

7         TRANSCRIPT OF STATEK CORPORATION'S SECOND MOTION FOR
          RECONSIDERATION OF THE COURT'S ORDER ON REMAND DENYING
8         STATEK CORPORATION'S MOTION FOR RECONSIDERATION AND
     MEMORANDUM OF DECISION ON REMAND ON STATEK'S MOTION FOR
9         RECONSIDERATION OF CLAIM DISALLOWANCE ORDER;
          MOTION TO STRIKE DOCUMENTS CONTAINED IN APPELLANT'S
10    DESIGNATION OF CONTENTS OF RECORD FOR APPEAL FILED BY
     KAREN S. FRIEMAN ON BEHALF OF DEVELOPMENT SPECIALISTS, INC.;
11        OBJECTION TO MOTION OBJECTION TO PLAN ADMINISTRATOR'S
          MOTION TO STRIKE DOCUMENTS CONTAINED IN APPELLANT'S
12     DESIGNATION OF CONTENTS OF RECORD FOR APPEAL FILED BY
          CHRISTINE OKIKE ON BEHALF OF STATEK CORPORATION
13              BEFORE THE HONORABLE ROBERT D. DRAIN
                  UNITED STATES BANKRUPTCY JUDGE
14

15   APPEARANCES:

16   For Statek                 ANTHONY W. CLARK, ESQ.
                                J. ERIC IVESTER, ESQ.
17                              Skadden Arps Slate Meagher & Flom
                                Four Times Square
18                              New York, New York 10036

19   For Development            KAREN S. FRIEMAN, ESQ.
       Specialists:            DAVID S. TANNENBAUM, ESQ.
20                             Stern, Tannenbaum & Bell
                                380 Lexington Avenue
21                              New York, New York 10168

22

23
     Court Transcriber:         SHARI RIEMER
24                              TypeWrite Word Processing Service
                                211 N. Milton Road
25                              Saratoga Springs, New York  12866


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service

2

1  (Proceedings began at 10:50 a.m.)

2         THE COURT: Okay.  Coudert.  So this is Statek's

3  current or second Rule 59 motion.

4         MR. CLARK:  Good morning, Your Honor.  Tony Clark

5  and Eric Ivester, Skadden Arps for Statek.  It's always

6  pleasure to appear in Your Honor's courtroom.

7         THE COURT: It's been a while but it's nice to see

8  you too.

9         MR. CLARK: The last time -- these digs are a little

10 bit better than the digs down in Bowling Green.  I like it up

11 here.

12        THE COURT: Okay.

13        MR. CLARK: Look, Your Honor, I'm happy to discuss

14 whatever the Court might find helpful and I know that Your

15 Honor often has your own ideas about what the focus ought to

16 be at a hearing like this but for my part I can try to be

17 brief and get straight to the point.

18        THE COURT: Okay.

19        MR. CLARK: In the Court of Appeals February 2012

20 decision from the prior denial of Statek's first

21 reconsideration motion the Court "remanded the -- " "remanded

22 in part to the bankruptcy court with instructions to apply

23 Connecticut's choice of law rules in deciding Statek's motion

24 to reconsider.

25        Respectfully, Your Honor, I don't think there's any

3

 1  way to read that instruction as leaving any discretion in this

 2  Court to do --

 3          THE COURT: All right.  But I already decided that. I

 4  mean I had supplemental briefing on that issue and I decided

 5  to the contrary.

 6          MR. CLARK: You did.  You did, Your Honor.  So in

 7  response to our current motion what the plan administrator has

 8  argued is that we failed to show either number one, an

 9  intervening change in the law or number two, any facts that

10  were overlooked by the Court on the remand decision, either of

11  which would be sufficient to warrant the Court's

12  reconsideration on that remand decision.  We disagree.  We

13  think we've shown both of those.

14          First, on the change in the applicable law, the plan

15  administrator is now arguing, appears to be arguing that the

16  burden is on Statek to show that its complaint was timely

17  filed under what we all know now is controlling Connecticut

18  law on the statute of limitations and that Statek failed to do

19  so and that it's too late now to permit Statek to amend its

20  complaint to plead facts showing timeliness.  To the extent

21  the Court agrees with that analysis and those assertions, that

22  would reverse the normal burden on what Your Honor held was a

23  12(b)(6) motion to dismiss.

24          THE COURT: But what is the change in -- what is the

25  change in intervening law?

4

1          MR. CLARK: It's the law of Rule 12(b)(6), Your

2  Honor.  On a (12)(b)(6) motion, which is what the Court

3  indicated it was treating the motion to disallow our claim

4  as --

5          THE COURT: Right.

6          MR. CLARK:  -- it is up to the moving party to show

7  on the face of the complaint, the allegations that are made

8  that there is no basis for relief and in this case that means

9  that the complaint shows on its face that it was not timely

10  filed.  It's not a burden on Statek to show that the complaint

11  was timely filed and at the remand hearing, Your Honor I think

12  what Your Honor said or indicated was that if you were to get

13  to the merits of the reconsideration motion and ultimately the

14  disallowance motion Your Honor appeared to recognize that in

15  that situation you would deny the disallowance motion because

16  you couldn't tell as a matter of fact from the allegations

17  that were made that the complaint was not timely filed.

18          If the Court now agrees with what the plan

19  administrator is arguing that would reverse that presumption.

20          THE COURT: But that's -- well --

21          MR. CLARK: And that would be the change in law, Your

22  Honor.

23          THE COURT: But that's just saying I was wrong,

24  right, that I interpreted the law incorrectly?

25          MR. CLARK: No, I don't think --

5

1          THE COURT: I think the change in law prong is to

2    reflect literally a change in the law, not something that the

3    deciding -- the trial court did contrary to the law.

4          MR. CLARK: And all I'm saying, Your Honor, is that

5    as I understand this record and I've been trying to wade

6    through it.  I'm at a disadvantage to the Court and the plan

7    administrator's counsel.  You've all have been living with

8    this for years and I for weeks but the change in the law in

9    effect appears to be that because our claim is being denied

10   and Your Honor was applying Connecticut statute of limitations

11   law Your Honor had indicated at the hearing that under that

12   law you did not see a basis for determining on the face of the

13   complaint that it was not timely filed and yet it is still

14   being disallowed or in Rule (12)(b)(6) --

15         THE COURT: Well, I think that -- I think that is

16   really a misreading of the opinion.  I applied Connecticut law

17   to the issue of whether the complaint was timely, or, to the

18   contrary, time barred, and concluded that it could be timely

19   if certain facts were shown, and some of those facts I think

20   you do have a burden on as far as tolling is concerned.

21         MR. CLARK: Right.

22         THE COURT: But at the end of the day I concluded

23   that was neither here nor there because it didn't matter,

24   because the second basis for my original order --

25         MR. CLARK: The alternative holding.

1          THE COURT: Right.  Is what was controlling.  And

2  basically the only conclusion I took from the application of

3  Connecticut law was that there was nothing that came out and

4  slapped you over the head -- slapped me over the head and said

5  well, this was a miscarriage of justice.  There's nothing that

6  special about Connecticut law that would override the very

7  powerful rule that one should not be allowed to raise new

8  issues after the fact.

9          MR. CLARK: So let me get to that.

10          THE COURT: Okay.

11          MR. CLARK: And frankly I do think that is clearly

12  the more important of the two points that I wanted to discuss

13  here.

14          THE COURT: Just to be clear, as far as change of

15  law, I mean when I first read the motion I thought well, maybe

16  they're arguing that the change in law was the Second

17  Circuit's determination under Ferens and Van Dusen that I

18  should apply Connecticut law, but to me that's not really a

19  change in law because you all argued that in 2009.

20          MR. CLARK: I appreciate that.

21          THE COURT: So -- but this other point I don't think

22  really is --

23          MR. CLARK: In fairness to Your Honor in your opinion

24  you did do the analysis under Connecticut law and came to the

25  conclusion that you really couldn't come to the ultimate

7

1   conclusion.

2          THE COURT: To the ultimate conclusion.

3          MR. CLARK:  One way or the other and all I was

4   saying is that if that's all that was before the Court and it

5   was on the disallowance motion then it gets denied because --

6          THE COURT: Well, I agree with that, but it <u>wasn't</u>

7   all that was before the Court and it was really -- I think I

8   said this on Page 28 of the Lexis cite.  It states, "Statek

9   asserts that as long as the application of Connecticut choice

10  of law principles would force a determination of the facts on

11  the tolling issue the Court must vacate the reconsideration

12  order.  This argument, however, ignores the limited and

13  extraordinary nature of reconsideration under Rule 59;" and

14  then that leads into the Rule 59 discussion.

15         MR. CLARK: On that prong, Your Honor, and as I read

16  through my notes and did a word count I find the word

17  respectfully shows up an awful lot of times so I want the

18  Court to understand that these are respectful arguments but it

19  does appear to me anyhow, and I am the new kid on the block.

20  I haven't lived with this thing the way you all have for many

21  years but it did appear to me -- it does appear to me that the

22  Court may have overlooked a critical fact, a procedural fact

23  but a critical fact in reaching your decision on remand that

24  the alternative holding from the original reconsideration

25  ruling that Statek didn't timely raise the Connecticut law

8

1   argument and that Connecticut law and not New York applies as

2   the Court of Appeals has now held, that that argument wasn't

3   raised on the appeal to the Second Circuit and therefore

4   wasn't decided.

5          I think the appeal record shows that the issue was

6   in fact raised and that it was necessarily if implicitly --

7   certainly wasn't discussed in those terms.  The Second Circuit

8   didn't say as for Judge Drain's alternative holding we do the

9   following.  So when I say implicitly that's what I'm

10  acknowledging, that it was decided by the Court.

11         Now, Your Honor found, and I apologize that --

12  because we keep talking about timeliness here, that I didn't

13  raise this issue earlier.

14         THE COURT: This came up in the reply.

15         MR. CLARK: Well, I'll tell you how it happened, Your

16  Honor.  We filed the motion for, the second motion for

17  reconsideration and then in over the transom came this motion

18  to strike which I think is technically on today and I won't

19  any adjectives to describe it but as I read the motion to

20  strike it was a very simple motion.  I'm sitting there and I

21  was reading it and I have my own thoughts about how to respond

22  to it on the merits of the motion to strike and in the middle

23  of the motion or towards the end of the motion was this short

24  but passionate argument that really had nothing to do with the

25  motion to strike about what the Second Circuit did have argued

9

1   before it and did or did not consider and a light went off in

2   my head.  Your Honor had said in your remand decision that

3   Statek hadn't raised the alternative holding issue before the

4   Second Circuit.

5         Now, we respectfully disagree on the grounds that

6   the entire thrust of Statek's appeal was that the

7   reconsideration should have been granted because the Court

8   applied New York law and should have applied Connecticut law

9   and that it was an abuse of discretion to do so.  The brief

10  doesn't say it in these words but it was a -- that law should

11  have been applied regardless of when the issue first came up.

12  But Your Honor said Statek hadn't raised the issue on the

13  appeal and therefore the Court of Appeals because it hadn't

14  been raised by Statek couldn't have considered it and couldn't

15  have implicitly decided it.

16        As I was reading the motion to strike it struck me,

17  this paragraph making this argument on the merits about what

18  was and wasn't considered in the Second Circuit struck me as a

19  little Shakespearian.  Me thinks they protest too much.  Why

20  are they making this argument in this brief, and the light

21  that went off was, you know, I did go back after I read Judge

22  Drain's remand decision and I read everything that Statek

23  filed in the Second Circuit Court of Appeals.  But what I

24  hadn't focused on was what the plan administrator had filed

25  and Your Honor didn't say anything in your remand decision

1  about what the plan administrator had filed either.  So I

2  thought I should go read their brief.  I had read it once

3  quickly but I went back and I read it again not so quickly and

4  carefully and what I found in that brief was a concise short

5  to the point but I think squarely on point argument that Your

6  Honor's decision should have been affirmed based on the

7  alternative holding and it's what we quote from Page 10 of

8  their brief in the Second Circuit Court of Appeals, the quote

9  being Statek --

10         THE COURT: Right.  I've read it.

11         MR. CLARK: And the one point I wanted to make about

12  that, Your Honor, it is concise.  Clearly it wasn't the

13  central point of their papers.  It wasn't the central point of

14  the appeal.  It was a point that was made and the emphasis on

15  the word not is super concise but it gets to the timeliness

16  point.  So by making that argument before the Court of Appeals

17  perhaps they could have made it more forcefully.  They could

18  have made it at greater length.  They could have made it more

19  impassioned.  I don't know, but they made the argument and

20  maybe today they wish they hadn't but they did.

21         So, Your Honor, I believe on the basis of that brief

22  that the argument was presented to the Court of Appeals and

23  the Court of Appeals necessarily presumptively considered it

24  and rejected it in holding as it did.  Again, what the Court

25  of Appeals said, and I think they meant what they said when

```
 1  they said, "remand in part to the bankruptcy court with
 2  instructions to apply Connecticut choice of law rules in
 3  deciding Statek's motion to reconsider," I think they were
 4  instructing and directing that you get to the merits of that
 5  motion and do so applying Connecticut law and respectfully I
 6  think the first half, three-quarters of your remand decision
 7  does that. It just comes up short of doing the last piece
 8  which says therefore reconsideration is granted disallowing --
 9  the prior decision is vacated and the disallowance motion is
10  denied. I think by not doing that and going on to the
11  alternative holding which is as I say I think was fairly
12  presented to the Court of Appeals. Your Honor failed to,
13  respectfully failed to implement the mandate on remand.
14           Now, just one last point, Your Honor, on the
15  timeliness.
16           THE COURT: Well, on this point --
17           MR. CLARK: Yes.
18           THE COURT: -- again you're right. You and your
19  firm weren't involved until recently on this matter. I did
20  raise the issue of the alternative holding at the hearing on
21  remand and I directed the parties file supplemental briefs on
22  it including the issue of the effect of the remand, whether it
23  in fact remands as to -- is the law of the case and basically
24  says that this is what in effect the Court shall as long as
25  Connecticut law can provide an avenue for a complaint here
```

1   that's the end of the story.  No one raised this point, again.

2   I mean it's like deja vu all over again I think.

3           MR. CLARK: Actually, Your Honor, and I want to -- I

4   want the record to be as clear as it can be.

5           THE COURT: Okay.

6           MR. CLARK: My predecessor counsel actually in the

7   supplemental briefing on the remand that Your Honor asked for

8   at the hearing --

9           THE COURT: Right.

10          MR. CLARK:  -- it filed a piece of paper which I

11  will tell you says something different than what I just said

12  to you about what was in fact raised on appeal before the

13  Court of Appeals.  What they said, and I point it out in

14  fairness so Your Honor is specifically aware of this, at Page

15  4 of their supplemental brief note 1, and they're talking

16  about what they call the technical rule.  That's their words

17  for your alternative holding.  They say, "Counsel for Coudert

18  raised the technical rule on appeal to Judge Hellerstein in

19  the District Court.  Judge Hellerstein did not affirm the

20  denial of the motion for reconsideration on that basis but

21  ruled on the legal question on the merits.  On the following

22  appeal to the Second Circuit counsel for Coudert was correct

23  [not -] in not raising the technical rule and only arguing the

24  issue on the merits.  The technical rule was no longer an

25  issue after the District Court's de novo review."  That's what

1  they argued.

2           THE COURT: Right.

3           MR. CLARK: I'm not throwing stones, Your Honor, but

4  they were wrong.  They were wrong about that, and when we go

5  up on appeal if we go up on appeal if Your Honor sticks to the

6  remand decision, I wouldn't want it said to the Court of

7  Appeals that I didn't raise this directly with Your Honor

8  because however the Court views it I think the Court of

9  Appeals, the appeals court will find it helpful to have your

10  thoughts with the argument squarely presented to you.  As I

11  said, it's -- the argument they made about your alternative

12  holding is one paragraph in a 60 page brief and -- so as I

13  say, it's concise but it's there and that's the fact that I

14  don't think or at least it doesn't appear has been fully

15  considered by the Court in connection with the remand and

16  that's why I think that's the most important reason why --

17           THE COURT: Okay.

18           MR. CLARK:  -- reconsideration should be granted.

19           THE COURT: I interrupted you.  You were going to say

20  something else about timeliness, I think.

21           MR. CLARK: I was going to quote Felix Frankfurter,

22  Your Honor.  Wisdom some -- too often wisdom doesn't come at

23  all so we shouldn't reject it when it comes late.  We've been

24  making these arguments --

25           THE COURT: I have to tell my children that.  They'll

1  really like that.

2       MR. CLARK: I tell my children that all the time and

3  you know what they say to me, Felix Hot Dogs.  I don't think

4  it sunk in with them either.

5       Your Honor, if the Court has any other questions I

6  can respond to it.  I'd be pleased to address it.

7       THE COURT: Well, this motion was coupled with the

8  request to -- for leave to amend the complaint.

9       MR. CLARK: Yes.

10      THE COURT: And I think that -- I mean to my mind at

11  least that request -- I was trying to imagine what the

12  complaint, would look like.  I think what it would look like,

13  the amended complaint, would be one that would lay out more

14  facts to justify tolling.

15      MR. CLARK: Yes.  In some it would say that they --

16  just so everybody knows, it would say that Coudert -- neither

17  Coudert nor Statek ever purported to terminate the

18  relationship prior to the filing of the lawsuit at issue here.

19  So it would say that and it would also point out that then and

20  now Coudert had an obligation to turn over all the property

21  and files and they still haven't done it.  That's the gist of

22  the argument.

23      THE COURT: But -- that's fine and that is consistent

24  with what I thought at a minimum would be in your mind, but to

25  me I don't think a complaint needs to allege that.  I think

15

1   that the tolling issue is something that is raised in response

2   to a defense and therefore you don't need to put those facts

3   in the complaint.

4            MR. CLARK: Exactly.

5            THE COURT: So it seems to me that's kind of a red

6   herring.

7            MR. CLARK: Well, that -- candidly, Your Honor, your

8   statement just now on the record really does take care of the

9   first argument that we made about the change in the law.  Your

10  Honor clearly isn't intending to apply any different

11  presumption on a (12)(b)(6) motion --

12           THE COURT: No.

13           MR. CLARK:  -- that otherwise would be applied.  So

14  that takes care of that.

15           THE COURT: Okay.

16           MR. CLARK: The real issue then is whether the Court

17  has as a matter of procedural facts considered what was in

18  fact argued by the other side through the Second Circuit and

19  therefore was considered by the Second Circuit in ruling as it

20  did.  And as I say, I think however Your Honor comes down on

21  that I think the appellate courts would probably benefit from

22  your thoughts on it.

23           THE COURT: Well, since you're still standing up

24  let's go to the other motion, the motion to strike.

25           MR. CLARK: The motion to strike?

16

1          THE COURT: Right.  To me it is -- they can always go

2    and look at the ruling on reconsideration but I'm not sure the

3    briefing is really that relevant to it.  It's really the

4    ruling, isn't it, or the record of today's hearing?  I'm just

5    not sure it's -- it just to me it's sort of a cluttering up of

6    the record although I'm assuming you would appeal the motion

7    to reconsider too so that would be in front of it anyway.

8          MR. CLARK: That was exactly my point in the reply,

9    Your Honor, and it will be and I agree -- having served as an

10   appellate clerk not in the federal courts but to the Delaware

11   Supreme Court I appreciate an uncluttered record.  I did then

12   and I suppose -- I expect the clerks now do read those

13   records.  Given the sort of technical pitfalls that Statek is

14   running in the past I'm confident that -- well, really

15   confident that you're going to grant my second reconsideration

16   motion but if I get that wrong we will as a matter of

17   providing the entire record to the appellate courts I'm sure

18   we'll put in -- we'll designate their brief, our briefs, this

19   transcript and Your Honor's decision, whatever it is.  So that

20   was why I said their motion was I think to give them -- to

21   give the devil his due, I think it was a technically correct

22   motion but an unnecessary one because this is all going to go

23   up one way or another.

24          THE COURT: Anyway.  Okay.  All right.  That's fair.

25          MR. CLARK: Thank you, Your Honor.

1          THE COURT: Okay.

2          MS. FRIEMAN: Good morning, Your Honor.  Karen

3 Frieman, Stern, Tannenbaum & Bell with my partner David

4 Tannenbaum.

5          MR. TANNENBAUM: Good morning, Your Honor.

6          THE COURT: Good morning.

7          MS. FRIEMAN: I'll be really brief because I more or

8 less agree with the comments that Your Honor made in response

9 to Mr. Clark's assertions about that there's been no change in

10 the controlling law including regarding Rule (12)(b)(6) or in

11 connection with any of the issues of law that Your Honor did

12 tackle in the decision on remand.  So I just really briefly

13 want to address this idea that the Court overlooked something

14 in ruling on the motion on remand and in particular the claim

15 that it overlooked that the plan administrator put the Rule --

16          THE COURT: The paragraph, the paragraph in the

17 appellate brief.

18          MS. FRIEMAN: The paragraph in the appellate brief;

19 and honestly, Your Honor, I don't think that there's any way

20 that that paragraph could be read as the plan administrator

21 putting that issue before the Second Circuit.  In fact, prior

22 counsel for Statek, Hughes Hubbard said exactly the opposite.

23 So let me take a step back and break it into two pieces.

24          First of all, Your Honor couldn't have overlooked it

25 when you ruled on the remand because no one brought it to your

18

1  attention and in fact Hughes Hubbard argued the opposite or

2  conceded the opposite.  So for that reason alone

3  reconsideration isn't appropriate.

4           But on the second hand I do not think that there's

5  any way you can give a fair reading of that one paragraph

6  which was contained not in an argument section but -- in our

7  brief but in the statement -- in the statement of the case

8  describing what the prior decision had been, and I'm sure that

9  Your Honor has read it for yourself.  I don't want to take the

10  time to read it into the record.

11           THE COURT: No, I read it.

12           MS. FRIEMAN: I don't think that that's a fair

13  construction that that put it into play.  And moreover, Your

14  Honor, I submit that the question is whether appellant raised

15  that issue on appeal in the Second Circuit.  The cases speak

16  about if something is not raised it's waived, that if the --

17  if they did not challenge it then it couldn't have been

18  decided.  So I think that it would be -- that paragraph --

19  there's no way that paragraph could be viewed as the issue

20  having been presented to the Second Circuit or decided on it.

21           And I also think that that argument is inconsistent

22  with what the Second Circuit ultimately did.  The Second

23  Circuit did not reverse the denial of reconsideration and

24  order the Court to address the disallowance motion under

25  Connecticut law.  It remanded the motion for reconsideration

1  itself to the Court for your reconsideration, which obviously

2  we think you properly did applying Rule 59.

3          The only other point that I would make very briefly,

4  Your Honor, and it's an argument that hopefully we'll never

5  have to have but because Mr. Clark mentioned it I just want to

6  briefly comment on it, and that is he indicated that if the --

7  they did some day amend the complaint or even if we didn't we

8  understand I guess now what their argument would be on the

9  merits if it came to that, that neither Coudert nor Statek

10 purported to terminate the relationship, the attorney-client

11 relationship but as we've established in some set of briefing

12 along the way here there's no -- there's no requirement in the

13 law that someone take affirmative steps.

14         THE COURT: But that's for the future.  I mean

15 that's --

16         MS. FRIEMAN: Right.  Yes, that's correct.

17         THE COURT: That's not --

18         MS. FRIEMAN: So --

19         THE COURT:  -- before me today.

20         MS. FRIEMAN: Then I guess the last thing I want to

21 just very briefly touch on is our motion to strike the

22 contents of designations of the record -- from the

23 designations of the record and tell you where we were coming

24 from when we made it.  At the time they designated -- made the

25 designations the only notice of appeal that was pending was

1  the notice of appeal from the decision on remand.  Their

2  motion papers in support of their -- the present motion for

3  reconsideration is not part of the record on that decision.  I

4  had not even filed our opposition papers so I couldn't --

5  certainly couldn't counter designate.

6          THE COURT: Right.

7          MS. FRIEMAN: Now, they now say that if Your Honor

8  rules against them they'll appeal from this ruling and it will

9  all go up anyway and that's fine.  I have no problem with that

10  but at that moment --

11          THE COURT: That's fine.  I think Mr. Clark is right;

12  technically it was right and this is an area where I -- what's

13  done on appeal where technicalities really count still.  So I

14  don't have a problem with that.

15          MS. FRIEMAN: Thank you, Your Honor.  So unless you

16  have any other questions that's all I really wanted to comment

17  on.

18          THE COURT: All right.  Well, I have before me,

19  first, a motion by Statek Corporation for reconsideration

20  under Bankruptcy Rule 9023, which incorporates Federal Rule of

21  Civil Procedure 59, my order on remand denying Statek's prior

22  motion for reconsideration, also under Rule 9023 incorporating

23  Federal Rule of Civil Procedure 59.  The present motion, which

24  I admit has a certain flavor of an Escher drawing or more

25  colloquially putting on a wet bathing suit for the second time

1  feel to it, seeks reconsideration of, again, an order denying

2  reconsideration on remand of a prior order of the Court.  The

3  circumstances are laid out in my memorandum of decision, which

4  appears at In re: Coudert Brothers LLP, 2013 Bankr. Lexis 3360

5  (August 19, 2013).  The standard for consideration of a Rule

6  59 motion is well established and is discussed at unusual

7  length in that opinion, and I won't repeat it here except to

8  state that it is viewed as a request for extraordinary relief,

9  that it is not a vehicle for a second bite at the apple or

10 relitigating the underlying motion on the merits but, rather,

11 should be granted in limited circumstances.  That is, where

12 the Court made a clear error of law (which is essentially an

13 opportunity for the Court on its own to correct an obvious

14 mistake), or ignored or overlooked controlling decisions or

15 factual matters that might have materially influenced the

16 earlier decision, or to prevent manifest injustice.

17          Here, Statek asserts three grounds for

18 reconsideration.  The first two are fairly easily disposed of.

19 First, Statek contends that the Court made a clear error of

20 law in determining that the Second Circuit's remand, as

21 discussed in the memorandum of decision that I previously

22 cited, was the law of the case not only with respect to the

23 specific direction in the remand, which is to apply

24 Connecticut choice of law principles to the Court's

25 determination of whether Statek's claims are timely or as the

22

1    Court had previously found in its first order denying

2    reconsideration are not timely, controls also with respect to

3    the second basis for the Court's prior order denying the prior

4    motion for reconsideration, which is that the motion should be

5    denied because the basis for Statek's contention that the

6    claims were indeed timely had not been argued to the Court

7    previously.

8           I had invited not only argument but additional

9    supplemental briefing on that very issue on remand.  I

10   received the parties' supplemental briefs and concluded in the

11   memorandum of decision that appears at 2013 Bankr. Lexis 3360

12   that in fact the remand did not apply to the second basis for

13   my prior reconsideration order, which is also the basis for

14   which I on remand denied the motion for reconsideration.  So

15   that really is at this point only a proper topic for appeal

16   as, opposed to one for reconsideration.

17          Secondly, Statek argues that there's been a change

18   in the controlling law since the Court's determination of its

19   original reconsideration motion.  As I stated during oral

20   argument, I had originally thought that this argument by

21   Statek was premised upon the Second Circuit's determination

22   that led to the remand order that Van Dusen v. Barrack, 376

23   U.S. 612 (1964), and Ferens v. John Deere Co., 494 U.S. 516

24   (1990), required the application of Connecticut choice of law

25   principles.  However, it appears clear from oral argument

23

1   today that that was not the point made by Statek in the

2   present motion before me nor could it have been since that was

3   the basis for Statek's appeal.  It was also the basis for

4   Statek's original motion for reconsideration which you made in

5   2009, and it really is not the type of change in controlling

6   law that a Rule 59 motion should be based upon.

7           Instead, Statek has argued that the Court in the

8   memorandum of decision at 2013 Bankr. Lexis 3360 ruled the way

9   it did because it placed or shifted the burden in a new way

10  with regard to the assertion of the affirmative defense of the

11  statute of limitations and the counter-assertion of tolling

12  principles under Connecticut law.  This is premised on the

13  fact that in the first portion of the memorandum of decision

14  after I concluded that Connecticut law would recognize tolling

15  under certain circumstances I further concluded that on the

16  present record those circumstances had not been established.

17  From that, Statek apparently believed that I had further

18  reached the conclusion that it had failed to show tolling for

19  purposes of (12)(b)(6).  That, however, is not the case.

20          I believe it's clear from my memorandum of decision

21  (but if it isn't it should be clear now) that I concluded

22  merely that the answer on whether Connecticut law would permit

23  the assertion of Statek's claims or, to the contrary, would

24  find that they're time barred is one that requires further

25  factual development.  Having reached that analysis, I then

1  found starting at Page 28 of the memorandum of decision that

2  the analysis has little to no bearing on the ultimate outcome

3  because of the second alternative ground in the original Rule

4  59 ruling, which concluded that Statek should not prevail

5  under Rule 59 because it had not raised the Van Dusen and

6  Ferens arguments until after the Court had made its decision

7  and in fact had argued for basically every possible

8  application of other jurisdictional -- other jurisdictions'

9  law with the exception of Connecticut law.  I believe that the

10  opinion makes this especially clear, actually, starting on

11  Page 28.  So that aspect of the present motion also does not

12  justify relief under Rule 59.

13          Finally, and this is a closer question, Statek in

14  its reply to the plan administrator's objection to its present

15  Rule 59 motion has pointed to a paragraph in Coudert's brief

16  to the Second Circuit in which Coudert does point out that

17  Statek has not appealed the second aspect of the Court's

18  opinion, which, again, was that the Rule 59 motion should be

19  denied because Statek did not raise the Van Dusen argument

20  until too late, i.e. until after the Court ruled.

21          As I stated in the memorandum of decision, the Court

22  reviewed the appellate record and actually listened to the

23  oral arguments to see whether in fact the second prong of the

24  Court's decision ever was considered, and concluded that

25  Statek had never addressed it in its appeal and as importantly

1  if not more importantly that the Second Circuit had not

2  considered it.  Certainly in the hearing on remand this was

3  the view taken by the parties, including, expressly, by

4  Statek, including in the supplemental briefing that I asked

5  for on the law of the case issue and on the meaning of the

6  remand.  I do not believe I overlooked this paragraph or this

7  argument, therefore, which as noted by counsel for the plan

8  administrator today appears in the procedural history section

9  of the appellate brief.  Of course only the Court of Appeals

10 really knows, I think, what was before it and they're

11 certainly free to disagree with me if in fact they did

12 consider this issue.  But I have concluded that it did not, in

13 part because of the true paucity of the record on the issue

14 both in front of Judge Hellerstein and on appeal to the Second

15 Circuit, and because Statek never raised it on appeal, and

16 because of the position of this paragraph in the brief, and,

17 perhaps most importantly because I find it almost

18 inconceivable that the Second Circuit would have on this

19 record meant to rule contrary to extremely well established

20 case law (which I went into in painful detail in the

21 memorandum of decision) on the importance of limiting Rule 59

22 relief to not include the arguments and its -- the incredibly

23 adverse effect a change in that caselaw would have on how

24 trial courts conduct their business.

25         This principle has continued to be reiterated,

1  including by the Second Circuit after its ruling, after its

2  remand ruling, as noted by the plan administrator in its

3  brief, including in <u>Bank of America National Association v.</u>

4  <u>AIG Financial Products Corp.</u>, 2013 WL 322922, Page 3 (2d Cir.

5  January 29, 2013), and a host of District Court cases.  I just

6  don't believe they decided this issue.  If they had, I think

7  there would be banner headlines.

8           So I don't believe that this basis for the motion,

9  which again was asserted in the reply (but that's fine), also

10  supports Rule 59 relief.  So I will deny the motion for the

11  reasons stated and obviously will find out the answer on

12  appeal.

13          As far as the second motion before -- well, let me

14  just say before I turn to the second motion before me.  There

15  was an additional prong in the present Rule 59 motion, which

16  was a motion for leave to amend Statek's complaint as set

17  forth on the record.  That request really was tied into

18  Statek's concern that the Court would require a showing in the

19  complaint with regard to a tolling response to a statute of

20  limitations defense.  I do not believe a complaint must show

21  that.  That's an issue that would be developed in essence in a

22  special factual hearing once the defense is raised and the

23  tolling argument is raised in response.  The request was

24  coupled with a motion for leave under Rule 59 and therefore

25  is -- was procedurally proper but I've concluded that in

1  weighing the balance between a request under Rule 15 made

2  after the entry of judgment that in light of the unnecessary

3  nature of the amendment and the fact that at least on the

4  basis of my ruling today it would be futile anyway, because it

5  wouldn't deal with the real reason I denied the motion for

6  reconsideration on remand, that the motion for leave under

7  Rule 15 also should be denied.  See Williams v. CitiGroup,

8  Inc., 659 F.3d 208, 213 through 214 (2d Cir. 2011).

9          Then, turning to the second motion, which is the

10 motion by the plan administrator to strike a portion of

11 Statek's designation of record on appeal, this motion sought

12 to strike the inclusion of the materials, the pleadings and

13 ultimately I guess the Court's order on the present

14 reconsideration motion as part of the appellant record as a

15 legal matter.  That's correct.  It wouldn't properly be part

16 of, I believe, the appellate record, but, as Mr. Clark noted

17 the clear likelihood of an appeal from my present decision, it

18 will be part of that record and I'm sure will be accessible to

19 the Second Circuit, which is also always free to look at a

20 reconsideration ruling since that's a matter of public record

21 on the docket.

22         So I'll grant that motion to strike but obviously

23 there will be a whole second record on the present motion in

24 light of the inevitability of an appeal.

25         So I'm going to ask you on behalf of the plan

28

1  administrator to email chambers the two orders, and you should

2  copy Mr. Clark on those so he can make sure they're consistent

3  with my ruling.

4          MS. FRIEMAN: Of course, Your Honor.  Thank you.

5          MR. CLARK: Thank you, Your Honor.

6  (Proceedings concluded at 1:25 p.m.)

7                          *  *  *  *  *

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

29

1      I certify that the foregoing is a court transcript from

2   an electronic sound recording of the proceedings in the above-

3   entitled matter.

4

5                                   _____

6                                        Shari Riemer

7   Dated:   October 28, 2013