STERN TANNENBAUM & BELL LLP
380 Lexington Avenue
New York, NY 10168
(212) 792-8484
David S. Tannenbaum Karen S. Frieman kfrieman@sterntannenbaum.com
Attorneys for Development Specialists, Inc.
Plan Administrator for Coudert Brothers LLP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE:  COUDERT BROTHERS LLP,      :
        :    Case No. 06-12226 (RDD)
      Debtor.    :
-----------------------------------------------------------------x

## APPELLEE PLAN ADMINISTRATOR'S DESIGNATION OF ADDITIONAL CONTENTS OF RECORD FOR APPEAL IN RESPONSE TO APPELLANT'S SECOND AMENDED DESIGNATIONS

Pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 8006

Development Specialists, Inc. (the "Plan Administrator"), by and through its undersigned

counsel, hereby designates the following additional items for inclusion in the record on appeal:[1]

**In re Coudert Brothers LLP, United States Bankruptcy Court for the Southern District of New York (06-12226)**

| Date | Docket No. | Description | Exhibit |
|------|-----------|-------------|---------|
| March 13, 2009 | 1152 | Notice of Hearing | |

**Statek Corp. v. Coudert Brothers LLP – United States District Court for the District of Connecticut (07-00456)**

| Date | Docket No. | Description | Exhibit |
|------|-----------|-------------|---------|
| February 26, 2008 | 41 | Judgment | A |
| February 28, 2008 | 44 | Plaintiff's Expedited Motion to Modify Dismissal Order Pursuant to Federal Rule of Civil Procedure 60 or to Vacate Dismissal Order and Transfer Case to the Southern District of New York and to | B |

---

[1]    The Plan Administrator has succeeded to all of the rights of Debtor Coudert Brothers LLP by virtue of the confirmation of Coudert's First Amended Plan of Liquidation, effective as of September 8, 2008.

| | | Vacate Judgment | |
|---|---|---|---|
| September 1, 2009 | 77 | Order | C |

**In re Coudert Brothers, LLP,**
**United States Court of Appeals for the Second Circuit (10-2723)**

| Date | Docket No. | Description | Exhibit |
|---|---|---|---|
| April 29, 2013 | | Recording of Oral Argument | |

Dated: New York, New York
          November 21, 2013

STERN TANNENBAUM & BELL LLP

By:___/s David S. Tannenbaum_____
          David S. Tannenbaum
          Karen S. Frieman
          380 Lexington Avenue
          New York, NY 10168
          (212) 792-8484
          (212) 792-8489 (fax)
          *Attorneys for Development Specialists, Inc.*

To:     J. Eric Ivester
          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
          Four Time Square
          New York, NY 10036

          Thomas J. Allingham II
          Anthony W. Clark
          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
          One Rodney Square
          P.O. Box 636
          Wilmington, DE 19899-0636

          *Attorneys for Statek Corporation*

2

# EXHIBIT A

## UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

STATEK CORP. and TECHNICORP
INTERNATIONAL II, INC.

    v.                                           3:07CV456  (SRU)

COUDERT BROTHERS, LLP, STEVEN R.
BEHARRELL, DEAN R. POSTER, JOHN DOE I-V,
and SANDRA SPILLANE

### J U D G M E N T

This matter came on before the Honorable Stefan R. Underhill,  United States District Judge, as a result of defendants' motions to dismiss.

The Court has reviewed all of the papers filed in conjunction with the motions and after a hearing held on February 21, 2008, defendant Steven Beharrell's motion to dismiss was denied as moot.  Defendants Coudert Brothers LLP and Dean Poster's motion to dismiss was denied as moot to the extent it seeks dismissal for lack of personal jurisdiction and was granted to the extent it seeks dismissal on forum non conveniens grounds.

Therefore, it is ORDERED and ADJUDGED that judgment is entered for all the defendants and the case is closed.

Dated at Bridgeport, Connecticut, this 26th day of February, 2008.

                        ROBIN D. TABORA, Clerk


                        By   /s/ Barbara Sbalbi
                              Deputy Clerk


Entered on Docket _____

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATEK CORPORATION and TECHNICORP INTERNATIONAL II, INC. | : | CIVIL ACTION NO. 3:07cv00456 (SRU) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| COUDERT BROTHERS LLP, STEVEN R. BEHARRELL, DEAN R. POSTER and SANDRA SPILLANE | : | |
| | : | |
| Defendants. | : | FEBRUARY 28, 2008 |

## PLAINTIFFS' EXPEDITED MOTION TO MODIFY DISMISSAL ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60 OR TO VACATE DISMISSAL ORDER AND TRANSFER CASE TO THE SOUTHERN DISTRICT OF NEW YORK AND TO VACATE JUDGMENT

Plaintiffs, Statek Corporation ("Statek") and Technicorp International II, Inc. ("TCI II" and, together with Statek, the "Plaintiffs"), respectfully move pursuant to Federal Rule of Civil Procedure 60 to modify the order entered on February 21, 2008 dismissing the above-captioned case, without prejudice, pursuant to the doctrine of *forum non conveniens* (the "Dismissal Order") to address potential prejudice to the Plaintiffs resulting from the Dismissal Order.  In the alternative, the Plaintiffs move to vacate the Dismissal Order and to transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).  In either event, the Plaintiffs move pursuant to Federal Rule of Civil Procedure 60 to vacate the judgment entered in this case on February 26, 2008 (the "Judgment") as inconsistent with the Dismissal Order.  In support of this Motion, the Plaintiffs state:

## FACTUAL BACKGROUND:

1.      The Plaintiffs commenced this action in the Superior Court for the State of Connecticut in November, 2005.

2.      Defendant Steven Beharrell ("Beharrell") filed a Motion to Dismiss (the

41846024.1

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 7 of 35

06-12226-rdd   Doc 1270-2   Filed 11/10/09   Entered 11/10/09 09:57:03   Exhibit B
Pg 2 of 28
Case 3:07-cv-00456-SRU   Document 44   Filed 02/28/2008   Page 2 of 28

"Beharrell Motion") in the Superior Court on February 3, 2006 asserting lack of personal

jurisdiction. On February 6, 2006, Defendants Coudert Brothers LLP ("Coudert") and Dean

Poster ("Poster" and, collectively with Beharrell and Coudert, the "Defendants") filed a Motion

to Dismiss (the "Coudert Motion" and, collectively with the Beharrell Motion, the "Motions to

Dismiss") asserting lack of personal jurisdiction and the doctrine of *forum non conveniens*.

3.      Following the filing of the Motions to Dismiss, Coudert filed a Chapter 11

bankruptcy case in the United States Bankruptcy Court for the Southern District of New York

(the "Coudert Bankruptcy"). Immediately upon the filing of the Coudert Bankruptcy, this case

was stayed as to Coudert pursuant to 11 U.S.C. § 362.

4.      On March 23, 2007, Coudert removed this case to the United States District Court

for the District of Connecticut pursuant to bankruptcy removal jurisdiction.

5.      On September 6, 2007, the United States Bankruptcy Court for the Southern

District of New York entered a Stipulation and Order on Motion of Statek Corporation and

Technicorp International II, Inc. For Relief From Automatic Stay (the "Stay Relief Order"),

providing limited relief from the automatic stay to allow the parties, *inter alia*, "to proceed to a

final determination/resolution on the pending Motions to Dismiss." A copy of the Stay Relief

Order is attached hereto and made a part hereof as Exhibit A. Further relief from the automatic

stay will be necessary before the Plaintiffs may take any additional action on their claims

(beyond adjudication of the Motions to Dismiss), whether in this Court or in an alternate forum

(including re-filing the case).

6.      Following entry of and consistent with the Stay Relief Order, the parties fully

briefed the Motions to Dismiss. Thereafter, the Court held a hearing on February 21, 2008 with

respect to the Motions to Dismiss.

41846924.1                              -2-

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 8 of 35

06-12226-rdd   Doc 1270-2   Filed 11/10/09   Entered 11/10/09 09:57:03   Exhibit B
Pg 3 of 28
Case 3:07-cv-00456-SRU   Document 44   Filed 02/28/2008   Page 3 of 28

7.    At the February 21, 2008 hearing, the Court focused on the *forum non conveniens* arguments asserted by Coudert and Poster, observing that either the Southern District of New York or London, England were more convenient, alternate jurisdictions for this case. Rather than transfer the case to the Southern District of New York, the Court decided to dismiss the case, without prejudice, on *forum non conveniens* grounds, giving the Plaintiffs the right to re-file the case in an alternate forum within 45 days from the date of the hearing.

8.    As set forth in the Plaintiffs' briefs filed in connection with the Motions to Dismiss and articulated by counsel for the Plaintiffs during the February 21, 2008 hearing, Coudert is a New York limited liability partnership[1] that, at all times relevant to this case, operated an international law firm from its principal office in New York City. On information and belief, all Coudert documents and records are currently maintained in New York. These facts, coupled with the Coudert Bankruptcy pending in the United States Bankruptcy Court for the Southern District of New York, make the Southern District of New York the appropriate alternate forum for this case.

9.    Additionally, as set forth in the Plaintiffs' briefs filed in connection with the Motions to Dismiss, in the exhibits attached thereto and in the arguments of counsel for the Plaintiffs at the February 21, 2008 hearing, Beharrell was the Chairman of Coudert, managing the entire international law firm operations from the firm's New York office from 2001 through 2003. Moreover, during the course of his representation of Statek, Beharrell traveled to New York to meet with Hans Frederick Johnston ("Johnston") and various other attorneys representing Johnston with regard to litigation strategy directly adverse to the interests of Statek. Witnesses and documents related to this meeting are located in New York. Furthermore, as

---

[1] Prior to 2001, Coudert was a New York general partnership.

41846024.1                                    -3-

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 9 of 35

06-12226-rdd   Doc 1270-2   Filed 11/10/09   Entered 11/10/09 09:57:03   Exhibit B
Pg 4 of 28
Case 3:07-cv-00456-SRU   Document 44   Filed 02/28/2008   Page 4 of 28

stated above on information and belief, Coudert maintains its documents and records in New

York. In light of these facts, the Southern District of New York is the appropriate alternate

forum for this case.

     10.     On February 21, 2008, following the hearing, the Court entered the following

Minute Order (the "Dismissal Order"):

> Proceedings held before Judge Stefan R. Underhill: Motion Hearing held
> on 2/21/2008 re [39] MOTION to Dismiss filed by Dean R. Poster,
> Coudert Brothers LLP, [38] MOTION to Dismiss filed by Steven R.
> Beharrell. For the reasons set forth in the transcript of the oral argument
> on February 21, 2008, this case is dismissed in its entirety because it was
> brought in an inconvenient forum. The dismissal is without prejudice to
> the refiling of these claims in another forum, or the election to proceed on
> these claims in the currently pending bankruptcy case in the Southern
> District of New York, within the next 45 days. Defendant Steven
> Beharrell's motion to dismiss (doc. #38) is denied as moot. Defendants
> Coudert Brothers LLP and Dean Poster's motion to dismiss (doc. #39) is
> denied as moot to the extent it seeks dismissal for lack of personal
> jurisdiction and is granted to the extent it seeks dismissal on forum non
> conveniens grounds. The clerk shall close the file.

     11.     During the February 21, 2008 hearing, the Court expressed its intention that the

Dismissal Order not prejudice the Plaintiffs with regard to the statute of limitations. In that

regard, the Court noted its belief that the Plaintiffs would not be prejudiced by the Dismissal

Order because the statute of limitations is tolled during the pendency of the action and would be

further tolled during the period from the date of the Dismissal Order until the Plaintiffs re-file the

case in accordance with the Dismissal Order. As noted in detail below, this premise is contrary

to the state of the law in the Second Circuit.

     12.     On February 26, 2008, the Court entered the Judgment in favor of the Defendants

and against the Plaintiffs. Given the Court's express intention not the restrict the ability of the

Plaintiffs to proceed with this action in an another court, the "without prejudice" language in the

Dismissal Order and the expectation that the Plaintiffs will re-file the case in an alternate forum,

41846024.1

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 10 of 35

06-12226-rdd   Doc 1270-2   Filed 11/10/09   Entered 11/10/09 09:57:03   Exhibit B
Pg 5 of 28
Case 3:07-cv-00456-SRU   Document 44   Filed 02/28/2008   Page 5 of 28

the Judgment is inconsistent with the Dismissal Order and should be vacated.

LEGAL ANALYSIS AND ARGUMENT:

13.    The following issues have come to light with regard to the Dismissal Order:

- With regard to the stated intention of the Court not to prejudice the Plaintiffs on the issue of the statute of limitations, the case law does not support the Court's presumption that the statute of limitations likely would be tolled and that the re-filed case would effectively relate back to the date on which the Plaintiffs filed their original action in Connecticut.

- With regard to the re-filing of the case, the Plaintiffs require additional relief from the automatic stay under 11 U.S.C. § 362 in the Coudert Bankruptcy before they can proceed to re-file the case.

14.    The Court may resolve the above-referenced issues in one of two ways. First, the Court has the ability to modify the Dismissal Order to provide that dismissal is conditioned on the Defendants: (i) waiving any defense to the re-filed case on the basis of the running of the statute of limitations during the period from the commencement of the original case in Connecticut to the date on which the Plaintiffs re-file the case in the alternate forum; and (ii) stipulating to relief from the automatic stay in the Coudert Bankruptcy to allow the Plaintiffs to re-file the case in accordance with the modified Dismissal Order.

15.    In the alternative, the Court may simply resolve the above-referenced issues by vacating the Dismissal Order and transferring the case to the Southern District of New York pursuant to 28 U.S.C. § 1404(a), where it will be stayed until and unless the United States Bankruptcy Court grants further stay relief pursuant to 11 U.S.C. § 362 or the claim is resolved in connection with the Coudert Bankruptcy.

16.    Fed.R.Civ.P. 60(a) provides, in relevant part, that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

17.    Fed.R.Civ.P. 60(b) provides, in relevant part, "On motion and just terms, the court

41846024.1                                                -5-

Case 1:13-cv-08578-LTS    Document 7    Filed 12/03/13    Page 11 of 35

06-12226-rdd    Doc 1270-2    Filed 11/10/09    Entered 11/10/09 09:57:03    Exhibit B
Pg 6 of 28
Case 3:07-cv-00456-SRU    Document 44    Filed 02/28/2008    Page 6 of 28

may relieve a party…from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect… or (6) any other reason that justifies relief."

18.    "'As a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.'" iXL Enters. v. GE Capital Corp, 2005 U.S. Dist. LEXIS 5084, at *6 (D. Conn. 2005)[2] (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996) (quoting Moore, Federal Practice P60.22[2], pgs. 175-179); accord In re 310 Associates, 346 F.3d 31, 35 (2d Cir. 2003) (noting that "mistake" in Rule 60(b)(1) applies to mistakes of both a party and a court).

19.    "A federal court has discretion to dismiss a case on the ground of *forum non conveniens* 'when an alternative forum has jurisdiction to hear [the] case, and … trial in the chosen forum would establish … oppressiveness and vexation to a defendant … out of all proportion to plaintiff's convenience, or … the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp., 127 S.Ct. 1184, 1190 (2007) (citations omitted).

20.    Authorities from the Second Circuit Court of Appeals support the Court's ability to condition *forum non conveniens* dismissal on an agreement by the Defendants not to assert a defense based on the running of the statute of limitations during the period from the date on which the Plaintiffs originally commenced this action in the Connecticut Superior Court to the date on which the Plaintiffs re-file this case in an alternate forum. See Aguinda v. Texaco, Inc.,

Case 1:13-cv-08578-LTS    Document 7    Filed 12/03/13    Page 12 of 35

06-12226-rdd    Doc 1270-2    Filed 11/10/09    Entered 11/10/09 09:57:03    Exhibit B
Pg 7 of 28
Case 3:07-cv-00456-SRU    Document 44    Filed 02/28/2008    Page 7 of 28

303 F.3d 470, 480 (2d Cir. 2002) (affirming dismissal order for *forum non conveniens* "subject to the modification that the judgment be conditioned on Texaco's agreement to waive defenses based on statute of limitations periods expiring between the institution of these actions and a date one year subsequent to the final judgment of dismissal."); Gross v. British Broadcasting Corp., 386 F.3d 224, 234 (2d Cir. 2004); Calgarth Investments, Ltd. v. Bank Saderat Iran, 1997 U.S. App. LEXIS 4030, *2 (2d Cir. March 6, 1997) (affirming *forum non conveniens* dismissal with modifications including that "the defendants shall submit to the jurisdiction of these [alternate] tribunals and waive any period defenses that they would otherwise enjoy there.").

21.    According to the Second Circuit in Gross:

> It is not uncommon for a district court to qualify a dismissal for *forum non conveniens* on the movant's acceptance of certain conditions to reduce the prejudice to the plaintiff. For example, if the district court is unsure that the defendant would in fact be amenable to suit in the proposed foreign forum, it may require the defendant to consent to jurisdiction in that forum before dismissing the case.... Or if the statute of limitations will have run before the new action is filed, the court may ask the defendant to waive its arguments on that ground. This makes some sense since it is the defendant who is seeking to have the action effectively transferred for its convenience.

Gross, 386 F.3d at 234 (internal citations omitted).

22.    In Calgarth Investments, the Second Circuit also modified the dismissal order to provide that "[i]f the tribunal chosen by the plaintiff fails to take jurisdiction over the suit without concern for a limitations period, or if the defendants assert jurisdictional or limitations claims before the tribunal chosen by the plaintiff, the plaintiff is free to reinstate its suit in the Southern District of New York." Calgarth Investments, at *2. Similarly, the Court should modify the Dismissal Order to eliminate the potential prejudice to the Plaintiffs.

---

[2] Copies of this and all other unpublished decisions referenced herein are attached hereto and made a part hereof as Exhibit B.

41846024.1                                          -7-

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 13 of 35

06-12226-rdd   Doc 1270-2   Filed 11/10/09   Entered 11/10/09 09:57:03   Exhibit B
Pg 8 of 28
Case 3:07-cv-00456-SRU   Document 44   Filed 02/28/2008   Page 8 of 28

23.    Alternatively, 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division wherein it might have been brought."

24.    The United States Supreme Court has held that a District Court should transfer a case pursuant to 28 U.S.C. § 1404(a) rather than dismissing the case pursuant to the doctrine of *forum non conveniens* to avoid prejudicing the plaintiff by the potential running of the statute of limitations. Norwood v. Kirkpatrick, 349 U.S. 29 (1955). In that case, the Supreme Court noted:

> "The *forum non conveniens* doctrine is quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else. It is quite naturally subject to careful limitation for it not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate. Section 1404(a) avoids this latter danger. Its words should be considered for what they say, not with preconceived limitations derived from the *forum non conveniens* doctrine."

Id. at 31 (quoting All States Freight v. Modarelli, 196 F.2d 1010, 1011 (3d Cir. 1952); see also Sinochem, 127 S.Ct. at 1190-91 ("For the federal-court system, Congress has codified the doctrine [of *forum non conveniens*] and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action.").

25.    On February 27, 2008, counsel for the Plaintiffs provided a copy of this Motion to counsel for the Defendants and requested that the Defendants agree: (i) to waive any defense to the re-filed case on the basis of the running of the statute of limitations during the period from the commencement of the original case in Connecticut to the date on which the Plaintiffs re-file the case in the alternate forum; and (ii) to stipulate to relief from the automatic stay in the Coudert Bankruptcy to allow the Plaintiffs to re-file the case in accordance with the modified

Dismissal Order.  Counsel for the Defendants has not responded to this request.


*– Balance of Page Intentionally Left Blank –*

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 15 of 35

06-12226-rdd    Doc 1270-2    Filed 11/10/09    Entered 11/10/09 09:57:03    Exhibit B
Pg 10 of 28
Case 3:07-cv-00456-SRU    Document 44    Filed 02/28/2008    Page 10 of 28

WHEREFORE, the Plaintiffs respectfully request that the Court vacate the Judgment on the grounds that it is inconsistent to have an adverse judgment enter against the Plaintiffs in the context of a case that is dismissed "without prejudice" and will be re-filed in an alternate forum. In addition, the Plaintiffs respectfully request that the Court modify the Dismissal Order to condition dismissal on: (i) waiver by the Defendants of any defense based on the running of the statute of limitations during the period from the date the Plaintiffs commenced this action in the Connecticut Superior Court through the date on which the Plaintiffs re-file the case in an alternate forum; and (ii) stipulation by the Defendants to relief from the automatic stay in the Coudert Bankruptcy to allow the Plaintiffs to re-file this case in an alternate forum. In the alternative, the Plaintiffs respectfully request that the Court vacate the Dismissal Order and transfer this case to the Southern District of New York consistent with the facts supporting that jurisdiction as an alternate domestic forum for this case.

PLAINTIFFS, STATEK CORPORATION and
TECHNICORP INTERNATIONAL II, INC.

By:     /s/ Joshua W. Cohen
        James J. Tancredi (ct06819)
        jjtancredi@daypitney.com
        Mark M. Porto (ct24271)
        mmporto@daypitney.com
        Day Pitney LLP
        242 Trumbull Street
        Hartford, Connecticut 06103-1212
        (860) 275-0100
-and-
        Joshua W. Cohen (ct14731)
        jwcohen@daypitney.com
        Day Pitney LLP
        One Audubon Street
        New Haven, Connecticut  06511
        (203) 752-5000
        Their Attorneys

41846024.1                    -10-

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Joshua W. Cohen
Joshua W. Cohen (ct14731)

41846024.1

# EXHIBIT A

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 18 of 35

06-12226-rdd   Doc 1270-2   Filed 11/10/09   Entered 11/10/09 09:57:03   Exhibit B
Pg 13 of 28
Case 3:07-cv-00456-SRU   Document 44   Filed 02/28/2008   Page 13 of 28

Day Pitney LLP
James J. Tancredi (JT-3269)
Joshua W. Cohen (JC-2978)
242 Trumbull Street
Hartford, CT 06103-3499
Phone: (860) 275-0100
Fax:   (860) 275-0343
and
7 Times Square .
New York, NY 10036

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

| | | |
|---|---|---|
| IN RE | : | CHAPTER 11 |
| COUDERT BROTHERS LLP, | : | CASE NO. 06-12226 (RDD) |
| Debtor. | : | |

-----------------------------------------------------------

## STIPULATION AND ORDER ON MOTION OF STATEK CORPORATION AND TECHNICORP INTERNATIONAL II, INC. FOR RELIEF FROM AUTOMATIC STAY

This Stipulation and Order is entered into as of May 30, 2007 by and between Coudert

Brothers LLP, as debtor and debtor-in-possession (the "Debtor"), and Statek Corporation

("Statek") and Technicorp International II, Inc. ("TCI II" and, collectively with Statek, the

"Plaintiffs").

WHEREAS, on October 28, 2005, the Plaintiffs commenced an action in the Superior

Court for the State of Connecticut against (i) the Debtor, (ii) two of its former partners, Stephen

Beharrell ("Beharrell") and Dean Poster ("Poster"), and (iii) Sandra Spillane, a former office and

director of the Plaintiffs, styled *Statek Corporation, et al. v. Coudert Brothers LLP, et al.* (the

"Connecticut Malpractice Action"); and

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 19 of 35

06-12226-rdd    Doc 1270-2    Filed 11/10/09    Entered 11/10/09 09:57:03    Exhibit B
Pg 14 of 28
Case 3:07-cv-00456-SRU    Document 44    Filed 02/28/2008    Page 14 of 28

WHEREAS, on or about February 2, 2006, Beharrell filed a Motion to Dismiss (the "Beharrell Motion to Dismiss") in connection with the Connecticut Malpractice Action asserting lack of personal jurisdiction; and

WHEREAS, on or about February 6, 2006, the Debtor and Poster filed a Motion to Dismiss (the "Coudert/Poster Motion to Dismiss" and, collectively with the Beharrell Motion to Dismiss, the "Motions to Dismiss") in connection with the Connecticut Malpractice Action asserting lack of personal jurisdiction and forum non conveniens; and

WHEREAS, the Plaintiffs have served discovery and taken certain depositions with respect to the pending Motions to Dismiss, but discovery on those issues is not complete; and

WHEREAS, on September 22, 2006 (the "Petition Date"), the Debtor commenced a proceeding under Chapter 11 of the United States Bankruptcy Code; and

WHEREAS, pursuant to 11 U.S.C. § 362, the Connecticut Malpractice Action has been stayed as to proceedings against the Debtor since the Petition Date; and

WHEREAS, on October 14, 2007, the Plaintiffs filed a proof of claim in the Debtor's Chapter 11 bankruptcy case in the amount of $85 million (the "Claim"), which Claim is disputed by the Debtor and remains unliquidated; and

WHEREAS, on March 23, 2007, the Debtor and Poster filed papers with both the United States District Court for the District of Connecticut and the Superior Court for the State of Connecticut seeking to remove the Connecticut Malpractice Action to federal court;[1] and

---

[1] The Debtor and Poster assert that they mailed the notices to the Courts and to the parties on March 21, 2007.

41785159 2 189344-006020
September 6, 2007

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 20 of 35

06-12226-rdd   Doc 1270-2   Filed 11/10/09   Entered 11/10/09 09:57:03   Exhibit B
Pg 15 of 28
Case 3:07-cv-00456-SRU   Document 44   Filed 02/28/2008   Page 15 of 28

WHEREAS, on April 23, 2007, the Plaintiffs filed a motion (the "Remand Motion") seeking to remand the Connecticut Malpractice Action to state court on the ground that the removal was untimely; and

WHEREAS, on May 10, 2007, the Plaintiffs filed Motion of Statek Corporation and Technicorp International II, Inc. for Relief from Automatic Stay (the "Stay Relief Motion"), seeking relief from the automatic stay to proceed with the Connecticut Malpractice Action against the Debtor including, without limitation, to (i) proceed to jury trial and judgment in order to liquidate their claims in this Chapter 11 bankruptcy proceeding as against the Debtor and to recover against any and all assets of or insurance coverage in favor of the non-debtor defendants; (ii) proceed to hearing on the Remand Motion; (iii) conduct all reasonable and necessary discovery in the Connecticut Malpractice Action; (iv) conduct or proceed with any scheduling conferences, pre-trials, judicially directed mediation or ADR; and (v) otherwise take all actions, consistent with the rules of court, to prepare for and conduct a trial on the merits and to pursue or defend any appeals; and

WHEREAS, on or about May 25, 2007, the Debtor filed Debtor Coudert Brothers LLP's Objection to Motion of Statek Corporation and Technicorp International II, Inc. for Relief From the Automatic Stay to Prosecute Non-Bankruptcy Litigation, seeking denial of the Stay Relief Motion or incremental relief thereon; and

WHEREAS, the Debtor and the Plaintiffs have agreed to a partial resolution of the Stay Relief Motion as set forth below.

NOW, THEREFORE, the Debtor and the Plaintiffs hereby stipulate and agree as follows:

1.       The Stay Relief Motion shall be and hereby is GRANTED, in part, and deferred, in part, for future consideration by the Court, as more fully set forth below.

Case 1:13-cv-08578-LTS    Document 7    Filed 12/03/13    Page 21 of 35

06-12226-rdd    Doc 1270-2    Filed 11/10/09    Entered 11/10/09 09:57:03    Exhibit B
Pg 16 of 28
Case 3:07-cv-00456-SRU    Document 44    Filed 02/28/2008    Page 16 of 28

2.    Pursuant to Section 362(d), the automatic stay shall be lifted to allow the

Plaintiffs to proceed with the Connecticut Malpractice Action as follows:

      i.  Stipulation to stay relief to allow the parties to proceed to a final
           determination/resolution on the pending Remand Motion;

      ii.  Stipulation to stay relief to allow completion of discovery related to the
           pending Motions to Dismiss, including resolution of any and all discovery
           disputes by the court presiding over the Connecticut Malpractice Action.
           This stipulation shall not be viewed as an expansion or limitation of
           discovery rights of any party to the Connecticut Malpractice Action.

      iii.  Stipulation to stay relief to allow Statek and/or TCI II to seek orders
           compelling responses to discovery related to the pending Motions to
           Dismiss;

      iv.  Stipulation to stay relief to allow the parties to proceed to a final
           determination/resolution on the pending Motions to Dismiss.

3.    The Claim asserted by Statek and TCI II in connection with the Debtor's

bankruptcy proceeding shall be estimated for purposes of voting on any plan of liquidation as

follows:  (i) a claim in the general unsecured class in the amount of $3,000,000; and (ii) a claim

in the insured claim class in the amount of $50,000,000.  The Claim estimated for voting

purposes shall be allocated between Statek and TCI II as follows:  (i) TCI II shall be entitled to

vote a claim in the general unsecured class in the amount of $1,038,000; (ii) TCI II shall be

entitled to vote a claim in the insured claim class in the amount of $17,300,000; (iii) Statek shall

be entitled to vote a claim in the general unsecured class in the amount of $1,962,000; and (iv)

Statek shall be entitled to vote a claim in the insured claim class in the amount of $32,700,000.

The estimation of the amount of and the allocation of the Claim asserted by Statek and TCI II for

voting purposes shall be without prejudice to the rights of any party to this Stipulation in

connection with the liquidation of those Claims either through the Connecticut Malpractice

Action or any claims allowance process and is done for convenience and to avoid unnecessary

expense.

41785159.2 189544-000020
September 6, 2002

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 22 of 35

06-12226-rdd   Doc 1270-2   Filed 11/10/09   Entered 11/10/09 09:57:03   Exhibit B
Pg 17 of 28
Case 3:07-cv-00456-SRU   Document 44   Filed 02/28/2008   Page 17 of 28

4.      The hearing on the Stay Relief Motion shall be continued to the earliest available

date after August 28, 2007 for the Court to consider the balance of the relief sought by the

Plaintiffs.


COUDERT BROTHERS, LLP                 STATEK CORPORATION and TECHNICORP
                                      INTERNATIONAL II, INC.,


By:   /s/ Tracy L. Klestadt          By:   /s/ Joshua W. Cohen
Tracy L. Klestadt (TK-3591)                James J. Tancredi (JT-3269)
Klestadt & Winters, LLP                    Joshua W. Cohen (JC-2978)
292 Madison Avenue, 17th Floor             Day Pitney LLP
New York, NY 10017-6314                    242 Trumbull Street
Phone: (212) 972-3000                      Hartford, CT 06103-3499
Fax:    (212) 972-2245                     Phone: (860) 275-0100
Email: tklestadt@klestadt.com              Fax:    (860) 275-0343
                                           Email: jjtancredi@dbh.com
                                           and
                                           7 Times Square
                                           New York, NY  10036


So Ordered the 5th day of September, 2006

/s/Robert D. Drain
Honorable Robert D. Drain
United States Bankruptcy Judge

# EXHIBIT B

Case 1:13-cv-08578-LTS    Document 7    Filed 12/03/13    Page 24 of 35

06-12226-rdd    Doc 1270-2    Filed 11/10/09    Entered 11/10/09 09:57:03    Exhibit B
Pg 19 of 28
Case 3:07-cv-00456-SRU    Document 44    Filed 02/28/2008    Page 19 of 28

Page 1

LEXSEE 2005 U.S. DIST. LEXIS 5084



Positive
As of: Feb 28, 2008

iXL ENTERPRISES, INC., Plaintiff, v. GE CAPITAL CORP., ET AL. Defendant

Civil Action No. 3:01cv2051 (CFD)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2005 U.S. Dist. LEXIS 5084

March 31, 2005, Decided

**SUBSEQUENT HISTORY:** Affirmed by iXL Enters. v. GE Capital Corp., 2006 U.S. App. LEXIS 2723 (2d Cir. Conn., Feb. 1, 2006)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff individual investor sued defendant corporate investors alleging unlawful insider trading profits in a certain company's stock. After the company filed for bankruptcy, the court entered an order permitting the company to substitute itself for plaintiff. Plaintiff moved for relief from the substitution order under Fed. R. Civ. P. 60(b)(1), to intervene in the suit under Fed. R. Civ. P. 24, and to stay any consideration of settlement.

**OVERVIEW:** The company's motion to substitute was sent to plaintiff's local counsel, who failed to respond. When plaintiff's out-of-state counsel attempting to file appearances, they were advised that he was no longer a party to the suit. The court denied plaintiff's motions. Relief was unavailable under Fed. R. Civ. P. 60(b)(1). Local counsel's failure to respond to the company's motion to substitute and to the order granting this motion were not the type of mistake to be remedied under Rule 60(b)(1). Similarly, local counsel's actions and out-of-state counsels' failure to file appearances until more than two years after plaintiff filed his complaint were not excusable neglect under Rule 60(b)(1). The court also denied the Fed. R. Civ. P. 24 motion to intervene. Plaintiff did not have a statutory right to intervene under 15 U.S.C.S. § 78p(b). Further, he did not have a pecuniary interest in the litigation. Plaintiff's status as a security holder in the company was insufficient due to the bank-

ruptcy and restructuring. Further, his interest was adequately protected by existing parties. As plaintiff was not granted relief or permitted to intervene, his motion to stay was denied as moot.

**OUTCOME:** The court denied plaintiff's motions.

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Relief From Judgment > Excusable Neglect & Mistakes > General Overview*
[HN1] See Fed. R. Civ. P. 60(b).

*Civil Procedure > Judgments > Relief From Judgment > Excusable Neglect & Mistakes > General Overview*
[HN2] The decision as to whether relief should be granted under Fed. R. Civ. P. 60(b) is committed to the sound discretion of a court. As a general proposition, the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order. "Mistake" in Rule 60(b)(1) applies to mistakes of both a party and a court.

*Civil Procedure > Judgments > Relief From Judgment > Excusable Neglect & Mistakes > General Overview*
[HN3] The United States Court of Appeals for the Second Circuit has consistently refused to relieve a client of

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 25 of 35

06-12226-rdd    Doc 1270-2    Filed 11/10/09    Entered 11/10/09 09:57:03    Exhibit B
Pg 20 of 28
Case 3:07-cv-00456-SRU    Document 44    Filed 02/28/2008    Page 20 of 28

Page 2

2005 U.S. Dist. LEXIS 5084. •

the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload. Moreover, the United States Supreme Court has made it clear that clients must be held accountable for the acts and omissions of their attorneys.

*Civil Procedure > Judgments > Relief From Judgment > Excusable Neglect & Mistakes > General Overview*
[HN4] Fed. R. Civ. P. 60(b)(1) permits a court to vacate a judgment on the grounds of "excusable neglect." Fed. R. Civ. P. 60(b)(1). The United States Supreme Court has referred to "excusable neglect" as an "elastic concept," and stated that such a determination is, at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. Moreover, the Supreme Court specifically has noted that, at least for purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.

*Civil Procedure > Judgments > Relief From Judgment > Excusable Neglect & Mistakes > General Overview*
[HN5] Factors to be considered in evaluating excusable neglect include: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant and his counsel; and (4) whether the movant acted in good faith. The United States Court of Appeals for the Second Circuit places the greatest amount of emphasis on the third factor: whether the claimed "excusable neglect" was within the reasonable control of the movant and his counsel.

*Civil Procedure > Judgments > Relief From Judgment > Excusable Neglect & Mistakes > General Overview*
[HN6] Where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted "excusable neglect." A court must be satisfied that attorneys acted with substantial diligence before finding "excusable neglect."

*Civil Procedure > Parties > Intervention > Right to Intervene*
[HN7] See Fed. R. Civ. P. 24(a).

*Securities Law > Additional Offerings & the Securities Exchange Act of 1934 > Directors, Officers & Principal Stockholders > Short Swing Trading*
*Securities Law > Liability > Securities Exchange Act of 1934 Actions > Express Liabilities > Misleading Statements > General Overview*
*Securities Law > Liability > Securities Exchange Act of 1934 Actions > Implied Private Rights of Action > Deceptive & Manipulative Devices*
[HN8] See 15 U.S.C.S. § 78p(b).

*Securities Law > Additional Offerings & the Securities Exchange Act of 1934 > Directors, Officers & Principal Stockholders > Short Swing Trading*
*Securities Law > Liability > Securities Exchange Act of 1934 Actions > Express Liabilities > Misleading Statements > General Overview*
*Securities Law > Liability > Securities Exchange Act of 1934 Actions > Implied Private Rights of Action > Deceptive & Manipulative Devices*
[HN9] In the furtherance of the statutory purpose of 15 U.S.C.S. § 78p(b) and to guard against possible conflicting loyalties, courts have liberally permitted intervention by security holders.

*Civil Procedure > Parties > Intervention > Motions to Intervene*
*Civil Procedure > Parties > Intervention > Right to Intervene*
*Civil Procedure > Parties > Intervention > Timeliness*
[HN10] Intervention as a matter of right under Fed. R. Civ. P. 24(a)(2) is permitted when the party proposing to intervene meets the following requirements: (1) the motion to intervene must be timely filed; (2) the party must demonstrate an interest in the property or transaction which is the subject of the underlying action; (3) the party must show that a prejudice to that interest will result if intervention is not permitted; and (4) the applicant's interest must not be adequately protected by any of the existing parties. Failure to satisfy any one of these requirements is a sufficient ground to deny the application.

*Civil Procedure > Justiciability > Standing > General Overview*
*Securities Law > Liability > Securities Exchange Act of 1934 Actions > Express Liabilities > Misleading Statements > General Overview*
*Securities Law > Liability > Securities Exchange Act of 1934 Actions > Implied Private Rights of Action > Deceptive & Manipulative Devices*

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 26 of 35

06-12226-rdd   Doc 1270-2   Filed 11/10/09   Entered 11/10/09 09:57:03   Exhibit B
Pg 21 of 28
Case 3:07-cv-00456-SRU   Document 44   Filed 02/28/2008   Page 21 of 28

Page 3

2005 U.S. Dist. LEXIS 5084, *

[HN11] If a plaintiff has standing at the commencement of a suit under 15 U.S.C.S. § 78p(b), an involuntary change in his status as a security holder resulting from a restructuring will not affect his standing to maintain the suit so long as minimal constitutional requirements are satisfied through the presence of some financial interest in the outcome of the litigation.

COUNSEL:   [*1]   For iXL ENTERPRISES, INC., Plaintiff: Douglas S. Skalka, James A. Lenes, Neubert, Pepe & Monteith, New Haven, CT; Robert A. Horowitz, Greenberg Traurig - Park Ave NY, New York, NY.

For GE CAPITAL CORP, ET AL. Defendants: James R. Bliss, John S. McGeeney, Paul, Hastings, Janofsky & Walker, Stamford, CT.

For Aron Rosenberg, Movant: David A. Slossberg, J. Daniel Sagarin, Hurwitz Sagarin & Slossberg, Milford, CT.

JUDGES: CHRISTOPHER F. DRONEY, UNITED STATES DISTRICT JUDGE.

OPINION BY: CHRISTOPHER F. DRONEY

OPINION

RULING ON VARIOUS MOTIONS

Aron Rosenberg ("Rosenberg") commenced this action against the defendants, GE Capital Equity Investments, Inc., GE Pension Trust, GE Capital Corporation, GE Capital Assurance Corporation, Mellon Ventures II, L.P., Thomson U.S., Inc., and iXL Enterprises (collectively "the defendants"), pursuant to Section 16(b) of the Securities Act of 1934 ("the 1934 Act"). iXL Enterprises subsequently filed a motion to substitute itself as plaintiff in this action, which was granted by endorsement order, absent objection. Now pending before the Court are three motions from Rosenberg: (1) a motion for relief from order pursuant to Fed. R. Civ. P. 60 [*2] ; (2) a motion to intervene pursuant to Fed. R. Civ. P. 24(a) and (b); and (3) a motion to stay any consideration of settlement.

I. Background

The complaint originally filed by Rosenberg sets forth claims alleging unlawful shortswing insider trading profits by the defendants in the stock of iXL Enterprises, Inc. ("iXL"). Although none of the defendants individually owned more than 10% of iXL stock, the complaint alleges that they were nonetheless liable under Section 16(b) of the 1934 Act because they acted together with respect to acquiring, holding, voting and disposing of iXL stock. Rosenberg claimed damages in excess of $ 17 million. [1]  The complaint was filed on behalf of

Rosenberg by J. Daniel Sagarin, Elias A. Alexiades and David Slossberg of Hurwitz & Saragin, LLC, in Milford, Connecticut, all of whom entered appearances with the Court on the date of filing. Two additional attorneys, Jeffrey Abraham and Jack Fruchter, both of New York City (collectively "New York counsel"), were listed as "Of Counsel" on the complaint, yet they did not file appearances in this matter at that time. On January 8, 2002, Margaret Haering, [*3] also of Hurwitz & Saragin, filed an appearance on behalf of Rosenberg.

> [1]  The prohibition against short swing trading set forth in Section 16(b) is applicable to "every person who is directly or indirectly the beneficial owner of more than 10 percent of any class of any equity security (other than an exempted security) which is registered pursuant to section 12 [15 USCS § 78l], or who is a director or an officer of the issuer of such security . . . ." 15 U.S.C. 78p(b).

In July 2002, iXL filed for bankruptcy protection in the Southern District of New York. [2]  On July 3, 2003, pursuant to Rules 17 and 25(c) of the Federal Rules of Civil Procedure, iXL filed a motion to substitute itself as plaintiff in this action, claiming that, because Rosenberg's action was derivative in nature, it was property of the bankruptcy estate. The certification of service attached to that motion indicates that a copy was "sent via first-class United [*4] States mail, postage prepaid, on July 2, 2003, to J. Daniel Sagarin, Margaret Haering and David Slossberg" at Hurwitz & Saragin, and was not sent to Rosenberg's New York counsel, who had not yet filed appearances. Rosenberg's local counsel never responded to the motion to substitute, nor, according to affidavits submitted in support of the pending motion, forwarded it to Rosenberg's New York counsel. On September 9, 2003, this Court granted that motion by endorsement order, absent objection. On January 9, 2004, Rosenberg's New York counsel filed motions to be admitted pro hac vice on behalf of Rosenberg. At that time, the clerk of the court informed them that Rosenberg was no longer a party to this action due to the motion to substitute having been granted by this Court. Rosenberg then filed the three motions currently pending before the Court, each of which will be addressed in turn.

> [2]  According to the affidavit of David Wood ("Wood"), the Chief Restructuring Officer of Scient, Inc. ("Scient"), iXL was merged into Scient in November 2001. As a result of this merger, Scient obtained 100% of the outstanding shares of iXL, and iXL shareholders at the time of the merger received shares of Scient on a share-for-share basis. On July 16, 2002, Scient, Scient Enterprises, Inc., iXL and iXL, Inc., (collectively

Page 4

2005 U.S. Dist. LEXIS 5084, *

"the Debtors") filed for bankruptcy protection in the Southern District of New York. Scient then was de-listed from the NASDAQ exchange, and substantially all of the Debtor's assets were sold to SBI and Company, a privately held company, in a sale approved by the bankruptcy court.

[*5] II. Motion for Relief from Order [Doc. # 61]

Rosenberg first claims that this Court should set aside its order granting the motion to substitute plaintiff, afford him an opportunity to respond to that motion and allow him to participate in future proceedings in this action. The defendants claim that Rosenberg is not entitled to the relief sought.

Rosenberg's motion seeks relief pursuant to Fed. R. Civ. P 60(b), which provides, in pertinent part:

[HN1] On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

Rosenberg's brief in support of his motion for relief from order states that he is moving pursuant to Rule 60(b) for relief from an order "based on clerical mistake or excusable neglect." Each argument will be addressed in turn. [3]

3    In his main brief, Rosenberg failed to argue that this Court should vacate its prior ruling under Rule 60(b)(6), which applies to "any other reason justifying relief from the operation of the judgment." In his reply to the defendants' memorandum in opposition to his motion for relief, however, Rosenberg sets forth an extensive argument that this Court's prior ruling should be vacated under subpart (6) as being contrary to law. A reply brief "must be strictly confined to matters raised by the responsive brief . . . ." Local R. Civ.P. D.Conn. 7(a)(2); see also American Lines, LLC v. CIC Ins. Co., A.V.V., S.A., 2004 U.S. Dist. LEXIS 21106, 2004 WL 2381717, at *8 (D.Conn. Sept. 30, 2004) ("The Local Rules are not merely the hopes, dreams, or suggestions of this court; they make up the framework within which cases are decided in this district. They cannot be disregarded on a whim, nor will they be waived without a substantial showing of necessity"). Rosenberg had the opportunity to raise that claim in his initial motion, and yet failed to do so.

Moreover, Rosenberg's Rule 60(b)(6) argument essentially argues that this Court made a mistake of law when granting the motion to substitute. As noted in the text above, however, that argument is properly raised by a Rule 60(b)(1) motion. Therefore, it should not be considered under Rule 60(b)(6). See Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) ("Rule 60(b)(6) only applies if the reasons offered for relief from judgment are not covered under the more specific provisions of Rule 60(b)(1)-(5)"); United States v. Erdoss, 440 F.2d 1221, 1223 (2d Cir. 1971) ("Rule 60(b)(1) and 60(b)(6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground for relief under the latter"). Therefore, the Court declines to perform a Rule 60(b)(6) analysis.

[*6] A) "Mistake"

[HN2] The decision as to whether relief should be granted under Rule 60(b) is committed to the sound discretion of the Court. Securities and Exchange Commission v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998); National Petrochemical Co. v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir. 1991). "As a general proposition, the 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996) (quoting Moore, Federal Practice P60.22[2], pgs. 175-179); accord In re 310 Associates, 346 F.3d 31, 35 (2d Cir. 2003) (noting that "mistake" in Rule 60(b)(1) applies to mistakes of both a party and a court). [4] Again, Rosenberg's brief focuses on the alleged mistake of his counsel in responding to the motion to substitute, and does not allege that this Court committed a mistake of law or fact in deciding [*7] the motion to substitute. Consequently, his motion for relief will only be reviewed under the first ground identified above.

4    As the Second Circuit has explained: "In the original version of [Rule 60(b)(1)], relief was permitted a party for 'his mistake'; the 1946 amendments changed to language to make clear that relief from judgment was available for any mistake, including the mistake of the court." In re 310 Associates, 346 F.3d at 35.

[HN3] The Second Circuit has consistently refused to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his inability to efficiently

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 28 of 35

06-12226-rdd    Doc 1270-2    Filed 11/10/09    Entered 11/10/09 09:57:03    Exhibit B
Pg 23 of 28
Case 3:07-cv-00456-SRU    Document 44    Filed 02/28/2008    Page 23 of 28

Page 5

2005 U.S. Dist. LEXIS 5084, *

manage his caseload." United States v. Cirami, 535 F.2d 736, 739 (2d Cir.1976); see also Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990) ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)"). [*8] Moreover, the United States Supreme Court has made it clear that "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 396, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993); see also Link v. Wabash R.R., 370 U.S. 626, 633-34, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent"); Delacruz v. Stern, 1998 WL 852577 at *2 (2d Cir. 1998) (citing additional Supreme Court cases); 12 Moore's Federal Practice 3d, § 60.41[1][c][ii], p. 60-90 ("Courts repeatedly deny relief when they find that the facts and circumstances demonstrate a lack of diligence in pursuing or defending litigation")..

The Court finds that the mistake committed by Rosenberg's counsel in this case does not rise to the level of excusable conduct under Rule 60(b)(1). Rosenberg's local counsel failed to take note of the filing of the motion to substitute in July 2003, and also failed to take note of this Court's [*9] order granting the motion to substitute in September 2003. On both occasions, notices were sent to three attorneys at that firm: J. Daniel Sagarin, Margaret Haering and David Slossberg. Haering was the particular attorney handling this matter, and that she was on vacation at the time the motion originally was filed. Haering should have checked the status of this case when she returned from vacation. Rosenberg's argument would have more weight if that was the only oversight committed. However, his local counsel also failed to notice the order of this Court two months later granting the motion to substitute. It was not until January, 2004, when Rosenberg's New York counsel attempted to file their appearances in this matter that Rosenberg was alerted to the motion to substitute. Simply put, this is not the type of mistake that is to be remedied under the mistake provision of Rule 60(b)(1).

Attempting to buttress his argument, Rosenberg notes that "the motion [to substitute] was not served on lead counsel [i.e., his New York counsel], despite all prior motions having been so served." The record reveals that prior motions and letters had been served on his New York counsel by the defendants, [*10] and the Court agrees that the continuation of this practice may have prevented the current situation. However, it was not until January 2004, that Rosenberg's New York counsel filed their pro hac vice motions, and defendants' counsel was under no obligation to send notice to them until

those appearances were filed. [5] Without an appearance on record, Rosenberg cannot claim that the defendants had a duty to serve his New York counsel with a copy of the motion. Instead, they had a duty to serve his local counsel, who had filed appearances in this action, and this duty was met. See Fed. R. Civ. P. 5.

5   The Court notes that this two-year delay violates the spirit and the letter of Local R. Civ.P D.Conn. 83.1(d), which provides that a motion for admittance of a visiting lawyer "shall be made promptly . . . ." See also American Lines, LLC, 2004 U.S. Dist. LEXIS 21106, 2004 WL 2381717, at *8 (explaining importance of local rules). The seriousness of this failure to promptly file motions for admittance is heightened by Rosenberg's claim that his New York counsel were "the laboring oars in this case."

### [*11] B) "Excusable Neglect"

Again, [HN4] Rule 60(b)(1) permits a court to vacate a judgment on the grounds of "excusable neglect." Fed. R. Civ. P. 60(b)(1). In Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. at 394-95, the Supreme Court referred to "excusable neglect" as an "elastic concept," and stated that such a determination is, "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. [6] Moreover, the Supreme Court specifically noted that, "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Id. at 394.

6   Although Pioneer was interpreting "excusable neglect" in the context of the Bankruptcy Code, the Second Circuit has held that Pioneer applies "beyond the bankruptcy context where it arose." Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 249-50 (2d Cir.1997) (applying Pioneer to a Rule 60(b)(1) claim of excusable neglect).

[*12] Under Pioneer, [HN5] factors to be considered in evaluating excusable neglect include: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant and his counsel; and (4) whether the movant acted in good faith. Id; State Street Bank & Trust Co. v. Inversiones Errazariz Limitada, 374 F.3d 158, 177 (2d Cir. 2004). The Second Circuit places the greatest amount of emphasis on the third factor: whether the claimed "excusable neglect" was within the reasonable control of the movant and his counsel. State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d at 177; accord -Graphic

2005 U.S. Dist. LEXIS 5084, *

Communications Int'l Union, Local 12N v. Quebecor Printing Fair Providence, Inc., 270 F.3d 1, 5-6 (1st Cir. 2001) ("the four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import").

Here, the reason for the neglect was squarely within the control of Rosenberg and his attorneys, particularly Haering. Again, the reason for the neglect [*13] include: local counsel's failure to notice the filing of the motion to substitute; local counsel's failure to notice this Court's ruling on that motion; and New York counsel's failure to file appearances in this matter until January 2004-more than two-years after the complaint was filed by Rosenberg. In sum, neglect of this type, and to this degree, cannot be considered to be the type that is "excusable" pursuant to Rule 60(b)(1). State Street Bank & Trust Co., 374 F.3d at 177 ([HN6] "where a party fails to act with diligence, he will be unable to demonstrate that his conduct constituted 'excusable neglect'")(quoting Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971)); see also Ramseur v. Beyer, 921 F.2d 504, 506 (3d Cir. 1990) (recognizing that a court must be satisfied that attorneys acted with substantial diligence before finding "excusable neglect").

Consequently, Rosenberg's motion for relief from order [Doc. # 61] is DENIED.

### III. Motion to Intervene [Doc. # 59]

Because the Court has denied Rosenberg's motion for relief from the order substituting iXL as the [*14] plaintiff in this action, he is not a party. Accordingly, the Court must next address Rosenberg's motion to intervene, which argues that, "as a shareholder of iXL, [he] has a pecuniary interest in the outcome of the action, and a statutory right to pursue his claim under Section 16(b), which entitled him to intervene as of right." The defendants claim that Rosenberg has no financial interest in the outcome of this litigation, and, therefore, has no right to intervene.

Federal Rule of Civil Procedure 24(a) provides:

[HN7] Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Rosenberg's motion to intervene seems to be based primarily on an argument that Section 16(b) of the [*15] 1934 Act provides him with statutory right to do so, thereby implicating Rule 24(a)(1).

Section 16(b) provides in relevant part:

[HN8] Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or *shall fail diligently to prosecute the same thereafter*; but no such suit shall be brought more than two years after the date such profit was realized.

15 U.S.C. § 78p(b) (emphasis added). It is true that, [HN9] "in the furtherance of the statutory purpose [of Section 16(b)] and to guard against possible conflicting loyalties, courts have liberally permitted intervention by security holders." Molybdenum Corp. of America v. Intern. Mining Co. 32 F.R.D. 415, 419 (S.D.N.Y. 1963) (citing cases); see also Cook & Feldman, Insider Trading Under the Securities Exchange Act, 66 Harv.L.Rev. 385, 414 (1953). However, Rosenberg has not cited any decision which has held that Section 16(b) contains a statutory [*16] right of intervention. To the contrary, the Court finds that the only decision cited by Rosenberg addressed intervention in a Section 16(b) action via Rule 24(a)(2), which provides for permissive intervention, and not a statutory right under Rule 24(a)(1). See Molybdenum Corp., 32 F.R.D. at 420. The Molybdenum decision did note that several commentators held the view that Section 16(b), standing alone, gives a security holder an absolute right to intervene without the necessity of satisfying the requirements of Rule 24(a)(2). However, the Molybdenum decision also noted that "the courts have not yet extended the liberal policy of intervention to reach that result." Therefore, the remaining portion of the court's analysis focused on permissive intervention under Rule 24(a)(2).

This Court has been unable to find any case decided since Molybdenum that does explicitly recognize a statutory right to intervention under Section 16(b). In Nedick's Stores, Inc. v. Genis, 34 F.R.D. 235, 236 (S.D.N.Y. 1963), the proposed intervenor claimed that, under Section 16(b) and under Rule 24(a)(1), she had an absolute right to intervene because the plaintiff [*17] had failed diligently to prosecute the action. The court

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 30 of 35

06-12226-rdd    Doc 1270-2    Filed 11/10/09    Entered 11/10/09 09:57:03    Exhibit B
Pg 25 of 28
Case 3:07-cv-00456-SRU    Document 44    Filed 02/28/2008    Page 25 of 28

Page 7

2005 U.S. Dist. LEXIS 5084, *

rejected that claim on the ground that "the time interval is too short to justify the conclusion that plaintiff has not been diligent." Id. Thus, although the court seemed to accept the plaintiff's claimed right of statutory intervention, it did not specifically address that point.

Although the language used in Section 16(b) clearly provides a security owner with the ability to *institute an action*, the Court finds that it does not provide a security owner with an absolute *right to intervene* in the issuer's action. Rather, it provides that a security owner may intervene if the issuer *"shall fail diligently to prosecute"* the action. This conclusion is buttressed by a comparison of Section 16(b) with other statutes which courts have found to provide a right of intervention under Rule 24(a)(1). See, e.g., Brotherhood of R.R. Trainmen v. Baltimore & O.R. Co., 331 U.S. 519, 526, 91 L. Ed. 1646, 67 S. Ct. 1387 (1947) (statute conferred right to intervene by stating that "representatives of employees of a carrier, duly designated as such, may intervene and be heard in any proceeding arising under this Act affecting [*18] such employees"); Ruiz v. Estelle, 161 F.3d 814, 816 (5th Cir. 1998) (petitioners had right to intervene under 18 U.S.C. § 3626(a)(3)(F), which provides a "right to intervene in any proceeding relating to such relief"); Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1230-31 (3d Cir. 1994) (11 U.S.C. § 1109(b), provides creditors with an unconditional right to intervene in bankruptcy proceedings pursuant to Rule 24(a)(1), because it provides that a creditors' committee "may raise and may appear and be heard on any issue in a case [under Chapter 11]"); United States v. State of Mississippi, 958 F.2d 112, 115 (5th Cir. 1992) (concluding that 20 U.S.C. § 1717, which states that "a parent or guardian of a child ... transported to a public school in accordance with a court order ... may seek to reopen or intervene in the further implementation of such court order," provides only a conditional right of intervention, while 33 U.S.C. § 1365(b)(1)(B), which provides that "any citizen may intervene as a matter of right," provides a statutory [*19] right of intervention); see also Harris v. Reeves, 946 F.2d 214, 222 & n. 10 (3d Cir. 1991) (Rule 24(a)(1) does not apply to statutes, however unconditional); Fuel Oil Supply & Terminaling v. Gulf Oil Corp., 762 F.2d 1283, 1287 (5th Cir.1985) (holding that 11 U.S.C. § 1109(b) does not create an unconditional or "absolute" statutory right to intervene in bankruptcy "adversary proceedings," as distinguished from a bankruptcy "case"); United States v. Hooker Chems. & Plastics, 749 F.2d 968, 977-82 (2d Cir. 1984) ("citizen suit" provisions of the Clean Water Act, 33 U.S.C. § 1365, the Safe Drinking Water Act, 42 U.S.C. § 300j-8, and the Resource Conservation and Recovery Act, 42 U.S.C. § 6972, provide unconditional right to intervene in most litigation under those acts, but not in suits brought by the United States under its "emergency powers" provisions of these same three

acts). Consequently, the Court finds that Rosenberg does not have a statutory right to intervene pursuant to Section 16(b).

Rosenberg also claims, on the final page [*20] of his brief, that he has a pecuniary interest in this litigation. This claim appears to implicate Rule 24(a)(2). [HN10] Intervention as a matter of right under Rule 24(a)(2) is permitted when the party proposing to intervene meets the following requirements: (1) the motion to intervene must be timely filed; (2) the party must demonstrate an interest in the property or transaction which is the subject of the underlying action; (3) the party must show that a prejudice to that interest will result if intervention is not permitted; and (4) the applicant's interest must not be adequately protected by any of the existing parties. Security Pacific Mortgage and Real Estate Services, Inc. v. Republic of Philippines, 962 F.2d 204, 208 (2d Cir. 1992); Farmland Dairies v. Comm'r of N.Y. Dep't of Agriculture, 847 F.2d 1038, 1043-44 (2d Cir. 1988). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Farmland Dairies, 847 F.2d at 1043. As noted previously in this ruling, "in the furtherance of the statutory purpose [of Section 16(b)] and to guard against possible conflicting loyalties, courts have liberally [*21] permitted intervention by security holders." Molybdenum Corp., 32 F.R.D. at 419. Even under the liberal approach taken in Section 16(b) actions, however, the Court finds that Rosenberg does not have a right to intervene.

Even assuming that Rosenberg's motion to intervene was timely filed, [7] he cannot demonstrate that he has "an interest in the property or transaction which is the subject of the underlying action." Security Pacific Mortgage, 962 F.2d at 208. In Gollust v. Mendell, 501 U.S. 115, 125-26, 115 L. Ed. 2d 109, 111 S. Ct. 2173 (1991), the United States Supreme Court stated:

> [We have no] difficulty concluding that, in the enactment of § 16(b), Congress understood and intended that, throughout the period of his participation, a plaintiff authorized to sue insiders on behalf of an issuer would have some continuing financial interest in the outcome of the litigation, both for the sake of furthering the statute's remedial purposes by ensuring that enforcing parties maintain the incentive to litigate vigorously, and to avoid the serious constitutional question that would arise from a plaintiff's loss of all financial interest in the [*22] outcome of the litigation he had begun.

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 31 of 35

06-12226-rdd   Doc 1270-2   Filed 11/10/09   Entered 11/10/09 09:57:03   Exhibit B
Pg 26 of 28
Case 3:07-cv-00456-SRU   Document 44   Filed 02/28/2008   Page 26 of 28

Page 8

2005 U.S. Dist. LEXIS 5084, *

Consequently, under Gollust, [HN11] if a plaintiff has standing at the commencement of the suit, an involuntary change in his status as a security holder resulting from a restructuring will not affect his standing to maintain the suit so long as minimal constitutional requirements are satisfied through the presence of some financial interest in the outcome of the litigation. Id; see generally 51 A.L.R. Fed. 785 (discussing who is an owner of the issuer's securities).

   7 Given the procedural posture in this case, even the question of whether Rosenberg's motion to intervene was "timely filed" is complicated. On one hand, Rosenberg did file his motion to intervene immediately after discovering that iXL had been substituted as the plaintiff in this action. On the other hand, his motion came four months after the Court granted the motion to substitute, and after the substituted plaintiff and the defendants had engaged in settlement negotiations and reached a proposed settlement. A hearing on the parties' motion seeking approval of that proposed settlement is scheduled before the bankruptcy court. Because this Court finds that Rosenberg cannot meet the other requirements of Rule 24(a)(2), it need not resolve the question of whether his motion was timely.

[*23] According to the Wood affidavit, iXL was merged into Scient in November, 2001. As a result of this merger, Scient owns 100% of the outstanding shares of iXL, and iXL shareholders at the time of the merger received shares of Scient on a share-for-share basis. This fact alone would be insufficient to deny Rosenberg his financial interest in this litigation. See Gollust, 501 U.S. at 125 (plaintiff could continue to prosecute the action after his interest in the issuer is exchanged in a merger for stock in the issuer's new corporate parent). Unlike the new parent company in Gollust, however, Scient is no longer a viable entity. As noted previously in this ruling, in 2002, Scient, Scient Enterprises, Inc., iXL and iXL, Inc., filed for bankruptcy protection in the Southern District of New York. Scient has been de-listed from the NASDAQ securities exchange, and substantially all of the Debtors' assets were sold to SBI and Company, a privately held company, in a sale approved by the bank-

ruptcy court. iXL claims that the Debtors have liabilities in excess of $ 33 million, and, therefore, even if Rosenberg were to receive the full $ 17 million in damages sought in this [*24] action, that recovery would go to secured creditors, and not to unsecured creditors such as individual holders of Scient securities. Affidavits and other supporting papers filed by iXL support this calculation of damages, and Rosenberg has not set forth any similar evidence that would contradict this calculation. Therefore, although the Supreme Court recognized in Gollust that an "indirect interest derived through one share of stock" is sufficient to confer a financial interest in the litigation, the Court finds that Rosenberg cannot meet that low threshold.

Moreover, even if Rosenberg retains a financial interest in the outcome of this action, he has not demonstrated that it is not adequately being represented by the Committee for Unsecured Creditors in the bankruptcy action. Therefore, Rosenberg cannot meet the fourth criteria under Rule 24(a)(2), namely that his "interest must not be adequately protected by any of the existing parties."

Because the Court finds that Rosenberg cannot meet several of the criteria under Rule 24(a)(2), his motion to intervene [Doc. # 59] is DENIED.

## IV. Motion for Stay [Doc. # 58]

Rosenberg also [*25] has moved for an order from this Court staying any consideration of any settlement of the underlying claims and precluding the present plaintiff and the defendants from concluding any settlement pending further order of this Court. Because the Court has denied Rosenberg's motion to relief and motion to intervene, his motion to stay [Doc. # 58] is DENIED as moot.

SO ORDERED this 31st day of March 2005 at Hartford, Connecticut.

/s/ CFD

CHRISTOPHER F. DRONEY

   UNITED STATES DISTRICT JUDGE

Case 1:13-cv-08578-LTS   Document 7   Filed 12/03/13   Page 32 of 35

06-12226-rdd    Doc 1270-2    Filed 11/10/09    Entered 11/10/09 09:57:03    Exhibit B
Pg 27 of 28
Case 3:07-cv-00456-SRU    Document 44    Filed 02/28/2008    Page 27 of 28

Page 1

13 of 291 DOCUMENTS

CALGARTH INVESTMENTS, LTD., Plaintiff-Appellant, v. BANK SADERAT IRAN, and BANK SADERAT IRAN, NEW YORK AGENCY, Defendants-Appellees,

No. 96-7672

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

*1997 U.S. App. LEXIS 4030*

March 6, 1997, Decided

**NOTICE:**      [*1]   RULES OF THE SECOND CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:**    Reported in Table Case Format at: *108 F.3d 329, 1997 U.S. App. LEXIS 8705.*

**PRIOR HISTORY:**    Appeal from the United States District Court for the Southern District of New York (Michael B. Mukasey, Judge).

**DISPOSITION:**   AFFIRMED.

**COUNSEL:** APPEARING FOR APPELLANT: C. WARREN TRAINOR (Ehmann, Van Denbergh & Trainor, P.C., Philadelphia, Pennsylvania).

APPEARING FOR APPELLEES: PAUL T. SAQQAL (New York, New York).

**JUDGES:** PRESENT: ELLSWORTH A. VAN GRAAFEILAND, THOMAS J. MESKILL, JOSE A. CABRANES, Circuit Judges.

**OPINION**

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

The plaintiff here appeals from an April 25, 1996, order of the District Court for the Southern District of New York dismissing its complaint on the basis of forum non conveniens. The plaintiff challenges, *inter alia*, the district court's decision that an adequate alternative forum exists for the resolution of its suit in either the Czech Republic or Switzerland. For the first time on appeal, however, the defendants have consented to the entry of a conditional dismissal. [*2] We find that the defendants' concessions and stipulations in oral argument before us eliminate any need for this Court to consider the plaintiff's claim that no adequate alternative forum exists to hear this action. Accordingly, we affirm the district court's decision to dismiss the plaintiff's cause of action with the following modifications. First, if the plaintiff files this action in the tribunals of either the Czech Republic or Switzerland, the defendants shall submit to the jurisdiction of these tribunals and waive any limitations period defenses that they would otherwise enjoy there. Second, the order to dismiss this action is contingent on the relevant tribunals in either the Czech Republic or Switzerland agreeing to take jurisdiction over this case without any limitations period impediments. If the tribunal chosen by the plaintiff fails to take jurisdiction over the suit without concern for a limitations period, or if the defendants assert jurisdictional or limitations claims before the tribunal chosen by the plaintiff, the plaintiff is free to reinitiate its suit in the Southern District of New York.

Finally, we find no error in the district court's thoughtful and comprehensive [*3] analysis of the public and private interest factors set forth in *Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947).* We decline to consider the plaintiff's argument that the Treaty of Friendship, Commerce and Navigation, January 21, 1950, United States-Ireland, 1 U.S.T. 785, requires a more weighty presumption in favor of Calgarth's choice of a U.S. forum than the district court applied in its analysis. Calgarth failed to bring the treaty to the district court's attention. "It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff, 428 U.S. 106,*

Page 2

1997 U.S. App. LEXIS 4030, *

*117, 120, 49 L. Ed. 2d 826, 96 S. Ct. 2868 (1976)*, and      we find no ground for making an exception here.

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STATEK CORP. | : | |
| | : | |
| v. | : | Civ. Action No. |
| | : | 3:07cv456 (SRU) |
| COUDERT BROTHERS, LLP | : | |

### ORDER OF DISMISSAL

Due to the filing of bankruptcy proceedings by the defendant, Coudert Brothers, LLP, this case has been stayed since April of 2008.

In consideration of this action's current status, and consistent with court policies regarding "statistical closing" of cases stayed pending bankruptcy, this case is hereby DISMISSED without prejudice to its pursuit in the United States Bankruptcy Court and without prejudice to re-opening of this case upon motion.

It is so ordered.

Dated at Bridgeport this 31st day of August 2009.

                                         /s/ Stefan R. Underhill
                                         Stefan R. Underhill
                                         United States District Judge