SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
Telephone: (212) 735-3000
J. Eric Ivester

    - and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Thomas J. Allingham II
Anthony W. Clark

*Counsel for Appellant Statek Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| COUDERT BROTHERS LLP, | : | Case No. 06-12226 (RDD) |
| | : | |
| Debtor. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | : | |
|---|---|---|
| STATEK CORPORATION, | : | |
| | : | Case No. 1:13-cv-08578 (LTS) (FM) |
| Appellant, | : | |
| | : | |
| v. | : | **ORAL ARGUMENT** |
| | : | **REQUESTED** |
| DEVELOPMENT SPECIALISTS, INC., | : | |
| | : | |
| Appellee. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**<u>APPELLANT STATEK CORPORATION'S OPENING BRIEF</u>**

**TABLE OF CONTENTS**

                                                            **Page No.**

TABLE OF AUTHORITIES ................................................................................................. ii

STATEMENT OF THE CASE .............................................................................................. 1

STATEMENT OF JURISDICTION, THE ISSUES PRESENTED AND APPLICABLE STANDARD OF APPELLATE REVIEW ........................................................................... 3

STATEMENT OF THE FACTS .......................................................................................... 4

ARGUMENT ......................................................................................................................... 7

A.      The Bankruptcy Court Erred In Denying Reconsideration Because It Failed To Comply With The Mandate Of The Court Of Appeals To Apply Connecticut Law ........... 7

B.      The Law Of The Case Doctrine Requires Reversal And Granting Reconsideration Because The Court Of Appeals Overruled The Bankruptcy Court's Alternative Holding. ......................................................................................................... 9

C.      Reconsideration Should Be Granted To Correct A Clear Error And To Prevent Manifest Injustice ............................................................................................................. 12

CONCLUSION ..................................................................................................................... 15

**TABLE OF AUTHORITIES**

**CASES**

*Argentinian Recovery Co. v. Board of Directors of Multicanal S.A.*,
    331 B.R. 537 (S.D.N.Y. 2005) ................................................................................................3

*Burrell v. United States*,
    467 F.3d 160 (2d Cir. 2006) ....................................................................................................9

*Ferens v. John Deere Co.*,
    494 U.S. 516 (1990) ..............................................................................................................12

*In re Coudert Brothers LLP*,
    No. 06-12226 (RDD), 2013 WL 4478824 (Bankr. S.D.N.Y. Aug. 19, 2013) ........... *passim*

*In re Coudert Brothers LLP*,
    673 F.3d 180 (2d Cir. 2012) ........................................................................................ *passim*

*In re Coudert Brothers LLP*,
    No. 09 Civ. 9561 (AKH), 2010 U.S. Dist. LEXIS 58467
    (S.D.N.Y. June 11, 2010) ..................................................................................................5, 11

*In re Coudert Bros. LLP*,
    No. 06-12226 (RDD), 2009 Bankr. LEXIS 2602 (Bankr. S.D.N.Y. Sept. 8, 2009) ......5, 10

*In re Gaston & Snow*,
    243 F.3d 601 (2d Cir. 2001) ..................................................................................................12

*In re Ivan F. Boesky Securities Litigation*,
    957 F.2d 65 (2d Cir. 1992) ......................................................................................................9

*In re PCH Associates*,
    949 F.2d 585 (2d Cir. 1991) ..................................................................................................10

*Klaxon Co. v. Stentor Electric Manufacturing Co.*,
    313 U.S. 487 (1941) ..............................................................................................................12

*United States v. Ben Zvi*,
    242 F.3d 89 (2d Cir. 2001) ......................................................................................................9

*United States v. Minicone*,
    994 F.2d 86 (2d Cir. 1993) ......................................................................................................9

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ..............................................................................................................12

*Virgin Atlantic Airways, Ltd. v. National Mediation Board*,
    956 F.2d 1245 (2d Cir. 1992) ................................................................................................12

## STATUTES

28 U.S.C. § 158(a)(1) .................................................................................................................. 3

28 U.S.C. § 1404(a) ................................................................................................................... 12

## RULES & REGULATIONS

Fed. R. Civ. P. 12(b)(6) ............................................................................................................ 4, 6

Fed. R. Civ. P. 59 ...................................................................................................................... 12

Fed. R. Bankr. P. 8013 ................................................................................................................ 3

Fed. R. Bankr. P. 9023 .............................................................................................................. 10

Statek Corporation ("Statek") appeals from (i) an order and memorandum decision on remand of the Honorable Robert D. Drain, United States Bankruptcy Judge for the Southern District of New York, denying Statek's earlier motion for reconsideration of a claim disallowance order, and (ii) the bankruptcy court's order denying Statek's request for reconsideration of the remand decision (S-672-73, S-644-71, S-778-79).[1]

## STATEMENT OF THE CASE

This is the second round of appeals arising from the bankruptcy court's disallowance, on the motion of appellee Development Specialists, Inc., the Plan Administrator for debtor Coudert Brothers LLP, of Statek's claim against Coudert for breach of professional and fiduciary duties in connection with Coudert's failure to provide files and information to Statek related to Coudert's pre-bankruptcy representation of Statek.[2]

The first time around, the court below ruled that New York law applied to the claim that Statek had brought in Connecticut state court before Coudert's bankruptcy filing, and that the claim was time-barred under New York law. Statek moved for reconsideration and argued that Connecticut law applies, and that under Connecticut law its claim was timely; in denying that motion, the court reaffirmed its conclusion that New York law applied and held, alternatively, that Statek could not raise the Connecticut law argument for the first time in a motion for reconsideration. Statek appealed that decision to this Court, which affirmed (Hon. Alvin K. Hellerstein), and Statek appealed to the Second Circuit. The Court of Appeals reversed and remanded the reconsideration decision in no uncertain terms:

---

[1] The documents in the Appendix filed with this brief were designated for the record on this appeal by the parties, and are cited herein as "S-___."

[2] We refer to the appellee as "Coudert" for convenience, but in the matters at issue on this appeal, the Plan Administrator's lawyers are representing the economic interests not of the Coudert estate, but, rather, of Coudert's insurer on policies covering Statek's underlying claim.

> [T]he district court's order affirming ***the bankruptcy court's denial of Statek's motion for reconsideration is REVERSED, and the case is REMANDED*** to the district court with instructions to REMAND IN PART ***to the bankruptcy court with instructions to apply Connecticut's choice of law rules in deciding Statek's motion to reconsider.***

*In re Coudert Bros. LLP*, 673 F.3d 180, 191 (2d Cir. 2012) (S-105) (emphasis added).

On remand, this Court did as the Court of Appeals directed, and the case returned to the bankruptcy court. But instead of applying Connecticut law to Statek's reconsideration motion as the Second Circuit had ordered, the court below adhered to its original alternative ruling that Statek could not raise its Connecticut law arguments on reconsideration and, therefore, refused to reconsider its decision disallowing Statek's claim under New York law. Specifically, the bankruptcy court, *sua sponte*, said that its prior alternative ruling was not raised or decided in the Court of Appeals and, therefore, remained law of the case. This was reversible error.

Once again, Statek moved for reconsideration, pointing out that the bankruptcy court's entire ruling on Statek's first reconsideration motion had been brought before the Court of Appeals, and that the alternative ruling specifically had been raised in the Court of Appeals by Coudert as a basis to affirm the bankruptcy court's original decision. Therefore, the alternative ruling necessarily was rejected, even if it was not explicitly discussed, when the Court of Appeals reversed the bankruptcy court's reconsideration decision and remanded with instructions to apply Connecticut law to Statek's reconsideration motion. While acknowledging that "this is a closer question," and that "only the Court of Appeals really knows … what was before it and they're certainly free to disagree with me if in fact they did consider this issue,"[3] the bankruptcy

---

[3]   Oct. 24, 2013 hearing transcript at 24, 25 (S-772-73).

2

court once again hewed to its decision to apply New York law (not Connecticut law, as directed by the Court of Appeals) and deny Statek's first reconsideration motion as untimely under federal procedural law.[4]  This appeal followed that decision.

### STATEMENT OF JURISDICTION, THE ISSUES PRESENTED AND APPLICABLE STANDARD OF APPELLATE REVIEW

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1).

The issues presented are whether the court below erred, as a matter of law, by (i) failing to comply with the mandate of the Court of Appeals on remand "to apply the choice of law rules of Connecticut to decide Statek's motion for reconsideration", 673 F.3d at 183 (S-89), and (ii) holding that the bankruptcy court's alternative ruling on Statek's first reconsideration motion – that Statek's Connecticut law argument could not be raised on reconsideration – remained law of the case notwithstanding the Second Circuit's reversal and remand on Statek's appeal of the bankruptcy court's decision denying reconsideration.

On appeal, the bankruptcy court's conclusions of law are reviewed *de novo* and its findings of fact for clear error.  Mixed questions of fact and law also are subject to *de novo* review.  *See Argentinian Recovery Co. v. Bd. of Dirs. of Multicanal S.A.*, 331 B.R. 537, 543 (S.D.N.Y. 2005) (citing Fed. R. Bankr. P. 8013).  The bankruptcy court's denial of a reconsideration motion is reviewed for abuse of discretion, but a "ruling [based] on an erroneous view of the law or on a clearly erroneous assessment of the evidence" is "*necessarily* [an] abuse [of] its discretion[.]"  *In re Coudert Bros. LLP*, 673 F.3d at 186 (S-95) (citations and quotations omitted) (emphasis in original).

---

[4]  *Id.* at 20-26 (S-768-74).

**STATEMENT OF THE FACTS**

The pertinent facts concerning Statek's attorney-client relationship with Coudert in the years before Coudert's bankruptcy filing, which are drawn from Statek's Connecticut complaint[5] (discussed below) and accepted as true for purposes of Coudert's disallowance motion, were well-summarized in the Second Circuit's decision and will not be repeated in detail here. *See* 673 F.3d at 183-85 (S-89-93). Suffice it to say that while Coudert represented Statek, and using Coudert's services, the company's prior management looted its treasury and stole Statek assets worth millions of dollars. *Id.* at 183 (S-89-90). After prior management was removed from office, Statek's new management – who knew only that Coudert was one of Statek's law firms – began to search for the stolen funds and assets and turned to Coudert for assistance, requesting that Coudert provide all information and files relating to its representation of Statek during prior management's tenure. *Id.* (S-90). Coudert did produce a few files – but unbeknownst to Statek, Coudert failed to turn over most of the documents and information in its possession that were needed to locate and retrieve the stolen assets, resulting in some $85 million in damages to Statek. *Id.* at 183-84 (S-90-91).

After discovering Coudert's failure, in 2005 Statek sued Coudert in Connecticut state court. Following Coudert's bankruptcy filing in New York in 2006, Statek filed a proof of claim (as it was required to do) attaching its Connecticut complaint. In 2007, Coudert removed the Connecticut state court action to Connecticut federal court. 673 F.3d at 184 (S-91). After some procedural skirmishing and a failed mediation, in 2009 Coudert filed its motion to disallow Statek's claim, which the bankruptcy court treated as a motion to dismiss Statek's complaint

---

[5] Statek's original complaint (S-786-824) was filed in Connecticut state court in October 2005. After Coudert removed the action to Connecticut federal court, Statek filed an amended complaint (S-825-838) in August 2008.

4

under Fed. R. Civ. P. 12(b)(6).  *Id.* at 184-85 (S-92-93).  The bankruptcy court held that Statek's claim was barred by New York's statute of limitations and granted the disallowance motion.  *Id.* at 185 (S-93).  Statek moved for reconsideration on the grounds that Connecticut, not New York, law applied, which the bankruptcy court denied, reaffirming its prior ruling that New York law controlled and, alternatively, holding that Statek could not raise the Connecticut law argument for the first time on its motion for reconsideration.[6]

The bankruptcy court's alternative ruling – that Statek's Connecticut law argument was raised too late – was erroneous; in fact, that argument was considered on the prior appeals. This Court's earlier opinion expressly noted it,[7] but did not expressly rule on the issue, affirming instead on the basis that the bankruptcy court properly had applied New York law, and on the erroneous assumption that Statek's complaint had been dismissed in Connecticut.[8]  And Coudert, in its Second Circuit appeal brief, squarely raised the alternative ruling as a basis to affirm the bankruptcy court's denial of reconsideration, with the following argument:

> Statek moved for reconsideration arguing, as it had not done in opposing the disallowance motion, that Connecticut's statute of limitations should apply.  The Bankruptcy Court properly exercised its plenary discretion to deny that motion as Statek provided no basis for reconsideration. … Although Statek purports to take this appeal from the Reconsideration Order, it provides no argument or grounds for overturning that entirely proper and correct decision.

---

[6] Memorandum Of Decision And Order On Statek Corporation's Motion For Reconsideration Of Order Disallowing Claim 239.  *In re Coudert Bros. LLP*, No. 06-12226 (RDD), 2009 Bankr. LEXIS 2602 (Bankr. S.D.N.Y. Sept. 8, 2009) (S-1-8).

[7] *In re Coudert Bros. LLP*, No. 09 Civ. 9561 (AKH), 2010 U.S. Dist. LEXIS 58467, at *4 (S.D.N.Y. June 11, 2010) (S-11) ("The Bankruptcy Court denied Statek's new ground [*i.e.*, the application of Connecticut law] as inappropriately made in a motion for reconsideration.").

[8] *Id.* at *5-10 (S-11-13).

(Emphasis in original.)[9] Thus, in reversing the bankruptcy court's denial of Statek's reconsideration motion as "an abuse of discretion" and remanding with instructions "to apply Connecticut's choice of law rules in deciding Statek's motion to reconsider," 673 F.3d at 191 (S-104-05), the Court of Appeals necessarily rejected Coudert's contention, based on the bankruptcy court's alternative ruling, that Statek could not raise its Connecticut law argument in the reconsideration motion.

However, on remand, and contrary to the Second Circuit's clear and unequivocal instruction, the bankruptcy court continued to apply New York, not Connecticut, law to deny Statek's motion for reconsideration on the basis of the bankruptcy court's prior alternative ruling that the Connecticut law argument could not be raised in the reconsideration motion.[10] Specifically, the bankruptcy court, *sua sponte*, held that its prior alternative ruling was not raised or decided in the Court of Appeals and, therefore, remained law of the case.  This was error as a matter of law.[11]

On August 23, 2013, the bankruptcy court entered its order implementing the remand decision (S-672-73).  On September 6, 2013, Statek timely moved for reconsideration of,

---

[9] Brief For Appellee Development Specialists, Inc., Plan Administrator For Coudert Brothers, LLP, at 10, *In re Coudert Bros. LLP*, No. 10-2723-cv (2d Cir. Feb. 1, 2011) (S-35).

[10] *See In re Coudert Bros. LLP*, No. 06-12226 (RDD), 2013 WL 4478824, at *8-*13 (Bankr. S.D.N.Y. Aug. 19, 2013) (S-659-71).

[11] *Id*. at *11-*13 (S-665-70).  In *dicta*, the bankruptcy court did analyze the timeliness of Statek's claim under Connecticut law and concluded that the answer was not clear from the allegations in Statek's Connecticut complaint. *Id.* at *3-*8 (S-649-59).  Because Coudert's disallowance motion was treated as a motion to dismiss for failure to state a claim under Rule 12(b)(6), at oral argument on remand, the bankruptcy judge correctly noted that "there … are insufficient grounds to grant the [Coudert] motion to dismiss because of the facts necessary to decide the" statute of limitations issues under controlling Connecticut law.  Oct. 22, 2012 hearing transcript at 24 (S-578).  Thus, the court below admitted that, if it had applied Connecticut law to Statek's first reconsideration motion as it was told to do by the Second Circuit, it would have granted Statek's motion.  And if that occurred, the disallowance decision would have to be vacated, Coudert's disallowance motion would have to be denied, and Statek's claim would have to be reinstated.

and filed a notice of appeal from, the remand decision and order (S-702-14; S-715-48).  On October 25, 2013, the bankruptcy court entered its order denying Statek's remand reconsideration motion (S-778-79), and Statek timely filed an amended notice to appeal that order on November 7, 2013 (S-780-85).

## ARGUMENT

It has been more than four years since the bankruptcy court first erroneously applied New York law to disallow Statek's claim.  In that time, Statek has litigated the issue up the appellate chain to the Second Circuit and persuaded the Court of Appeals to (i) change the law as to which state's law applies where a creditor's claim in bankruptcy is based on an action commenced in another jurisdiction before the debtor's bankruptcy filing, and (ii) instruct the bankruptcy court on remand "to apply Connecticut's choice of law rules in deciding Statek's motion to reconsider." *In re Coudert Bros. LLP*, 673 F.3d at 191 (S-105).  The bankruptcy court effectively has acknowledged that if it did as instructed, it would grant Statek's reconsideration motion, vacate the disallowance order and reinstate Statek's claim.[12]  But, instead, on remand the bankruptcy court once again denied Statek's reconsideration motion and applied, not Connecticut law, but, rather, the exact same federal procedural law and New York choice of law principles as before the Second Circuit's ruling.  As explained below, this is wrong as a matter of law and, therefore, should be reversed.

A. **The Bankruptcy Court Erred In Denying Reconsideration Because It Failed To Comply With The Mandate Of The Court Of Appeals To Apply Connecticut Law.**

The bankruptcy court erred by failing to follow the express mandate of the Court of Appeals on remand "to apply Connecticut's choice of law rules in deciding Statek's motion to

---

[12] *See* n.11 *supra* and n.14 *infra*.

reconsider." 673 F.3d at 191 (S-105).  On remand, the bankruptcy court acknowledged the Circuit Court's directive, performed the required Connecticut law analysis, and concluded that there are fact issues that could not be decided on the present record concerning whether Statek's complaint was timely filed under Connecticut's statute of limitations.[13]  The court below also confirmed that, if it had applied its Connecticut law analysis in reconsidering its decision to disallow Statek's claim as directed by the Court of Appeals, Coudert's disallowance motion would have been denied.[14]  As a result, the order disallowing Statek's claim would have been vacated, and Statek's claim would have been reinstated.  The bankruptcy court's failure to do just that was in error.

There was no suggestion in this Court's remand order that the bankruptcy court had any latitude to disregard the Second Circuit's instruction and reaffirm the original decision denying Statek's reconsideration motion.[15]  Also, the parties certainly believed that the Court of Appeals meant what it said in instructing the bankruptcy court to apply Connecticut law to Statek's reconsideration motion on remand – their respective briefs on remand overwhelmingly focused on the application of Connecticut choice of law rules and the Connecticut statute of

---

[13] *See In re Coudert Bros. LLP*, 2013 WL 4478824, at *2-*8 (S-647-59).

[14] *See* Oct. 22, 2012 hearing transcript at 24 (S-578) ("[I]f I were to in fact reconsider and vacate my ruling on the merits – I'm sorry, on the merits of the motion to dismiss – now that I'm instructed to apply Connecticut Choice of Law principles I would conclude that under Connecticut law, I would apply the Connecticut limitations law, not some other jurisdiction's limitation law.  And further, I would conclude that there is insufficient or are insufficient grounds to grant [Coudert's] motion to dismiss because of the facts necessary to decide the tolling for continuing conduct. … So my inclination would be … to deny the motion" by Coudert to disallow Statek's claim.).

[15] *See* Order Vacating And Remanding The Decision Of The Bankruptcy Court, *In re Coudert Bros. LLP*, Case No. 09 Civ. 9561 (AKH) (S.D.N.Y. Aug 21, 2012) (S-109).

limitations to the facts pleaded in Statek's complaint.[16]  And Coudert never argued that the bankruptcy court was free to decline the instruction of the Court of Appeals on remand to apply Connecticut law to Statek's reconsideration motion on the basis of the bankruptcy court's alternative ruling, before the appeal, that the Connecticut law argument was raised too late. Rather, it was only after the remand briefing was completed, at oral argument, that the bankruptcy court raised the alternative ruling argument *sua sponte* and directed the parties to file supplemental briefs on the issue.[17]

The Second Circuit's mandate and directive – "to ***apply*** Connecticut's choice of law rules in ***deciding*** Statek's motion to reconsider", 673 F.3d at 191 (emphasis added) (S-104-05) – could not have been clearer, and the bankruptcy court's failure to accept that mandate was reversible error.

**B.     The Law Of The Case Doctrine Requires Reversal And Granting Reconsideration Because The Court Of Appeals Overruled The Bankruptcy Court's Alternative Holding.**

The law of the case doctrine requires reversal because, on the prior appeal, the Court of Appeals did in fact overrule the bankruptcy court's alternative holding on Statek's reconsideration motion.

---

[16]  *See* Statek's Supplemental Memorandum In Support Of Statek Corporation's Motion For Reconsideration, Aug. 24, 2012 (S-110-229); Coudert's Supplemental Brief In Opposition To Motion Of Statek Corporation For Reconsideration Of The Court's Order Disallowing Claim # 239, Sept. 25, 2012 (S-230-397); Reply Memorandum In Support Of Statek's Motion For Reconsideration, Oct. 17, 2012 (S-398-554).  While Coudert did also argue for the application of New York law on remand, it did so only on the basis that it allegedly was not subject to personal jurisdiction in Connecticut; the bankruptcy court properly declined to consider that argument. *See In re Coudert Bros. LLP*, 2013 WL 4478824 at *8, n.12 (S-659); Oct. 22, 2012 hearing transcript at 24 (S-578) ("I also believe that the issue of whether the Connecticut Court had *in personam* jurisdiction is also a live issue but one that also I can't decide and frankly shouldn't decide on this motion to dismiss.").

[17]  *See, e.g.*, Oct. 22, 2012 hearing transcript at 22-23, 84-85 (S-576-77; S-638-39).

9

"'[W]here issues have been explicitly or implicitly decided on appeal, the [lower] court is obliged, on remand, to follow the decision of the appellate court.'" *Burrell v. United States*, 467 F.3d 160, 165 (2d Cir. 2006) (quoting *United States v. Minicone*, 994 F.2d 86, 89 (2d Cir. 1993)); *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001). A lower court "generally may not deviate from a mandate issued by an appellate court" because the lower court "has no discretion in carrying out the mandate," and "the appellate court retains the authority to determine whether the terms of the mandate have been 'scrupulously and fully carried out.'" *In re Ivan F. Boesky Sec. Litig.*, 957 F.2d 65, 69 (2d Cir. 1992) (citation omitted). These rules derive from the law of the case doctrine under which "a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation" such that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1991) (citations omitted) (internal quotation marks omitted).

It is true that the Second Circuit's opinion did not expressly mention or discuss the bankruptcy court's alternative holding on Statek's reconsideration motion, as the bankruptcy court noted on remand.[18] The bankruptcy court also correctly stated that the issue then becomes whether the Court of Appeals implicitly reversed the bankruptcy court's alternative holding, and that "[t]o be implicitly decided, the issue would first need to have been raised to the Circuit, because an issue cannot be implicitly decided unless it was 'squarely' presented."[19] The bankruptcy court then concluded that Statek did not raise the issue of the alternative holding on

---

[18] *See In re Coudert Bros. LLP*, 2013 WL 4478824, at *12 (S-667).

[19] *Id.* (citations omitted).

10

appeal and, therefore, the Court of Appeals did not implicitly reject it.[20]  This conclusion was in error.

There is no doubt that when the Court of Appeals ruled that "the bankruptcy court's denial of Statek's motion for reconsideration is REVERSED" – without any limitation or reservation, 673 F.3d at 191 (S-105) – it was well aware of the bankruptcy court's alternative holding.  After all, the bankruptcy court's eight-page written opinion[21] denying the reconsideration motion, which clearly explains all of the reasons supporting that decision, was a central focus of the appeal, and was, of course, in the record before the Court of Appeals.[22]  Moreover, this Court's decision affirming the bankruptcy court explicitly discussed the alternative holding.[23]  And, perhaps most significantly, Coudert itself specifically argued to the Second Circuit that the bankruptcy court's reconsideration decision should be affirmed on the basis of the alternative holding, *i.e.*, that Statek's "reconsideration argu[ment] … that Connecticut's statute of limitations should apply" should be rejected on appeal because "it had <u>not</u> [been raised] … in opposing the disallowance motion[.]"[24]  (Emphasis in original.)

On this record, it is inconceivable that the Court of Appeals would not have read the bankruptcy court's entire reconsideration opinion and known of, considered and rejected all of the grounds proffered to support the reconsideration denial decision, including the alternative

---

[20]  *See id*. at *13 (S-668).

[21]  *In re Coudert Bros. LLP*, 2009 Bankr. LEXIS 2602 (S-1-8).

[22]  *See, e.g.*, 673 F.3d at 185, 186 (S-93, S-95) (specifically noting Statek's "unsuccessful motion for reconsideration" and "the bankruptcy court's denial of Statek's motion for reconsideration").

[23]  *In re Coudert Bros. LLP*, 2010 U.S. Dist. LEXIS 58467, at *4 (S-11) ("The Bankruptcy Court denied Statek's new ground [*i.e.*, the application of Connecticut law] as inappropriately made in a motion for reconsideration.").

[24]  Brief For Appellee Development Specialists, Inc., Plan Administrator For Coudert Brothers, LLP, at 10, *In re Coudert Bros. LLP*, No. 10-2723-cv (2d Cir. Feb. 1, 2011) (S-35).

holding, when the appellate court reversed that decision. Regardless of whether the Second Circuit's written opinion expressly isolated and separately discussed each and every detail of the lower court's reconsideration decision, the Court of Appeals left no doubt that "the bankruptcy court's denial of Statek's motion for reconsideration [was] REVERSED," *in toto*, and that on remand "the bankruptcy court [was required] … to apply Connecticut's choice of law rules in deciding Statek's motion to reconsider." 673 F.3d at 191 (S-105).

Thus, it is the decision of the Court of Appeals (not the bankruptcy court) that is the law of the case here, and the bankruptcy court's failure to follow it is reversible error.

### C. Reconsideration Should Be Granted To Correct A Clear Error And To Prevent Manifest Injustice.

The bankruptcy court recognized that, under Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023, reconsideration should be granted "to correct a clear error or prevent manifest injustice."[25] In light of the Second Circuit's direction on the prior appeal, the lower court's decision not to apply Connecticut law to Statek's reconsideration motion on remand is clearly erroneous and, unless reversed, would be manifestly unjust to Statek.

The Court of Appeals determined there was clear legal error by reversing the lower court opinions, which held that Statek's claim was time-barred by operation of New York's borrowing statute, which was applied in reliance on *In re Gaston & Snow*, 243 F.3d 599 (2d Cir. 2001), and *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941). The Court of Appeals held that *In re Gaston & Snow* did not apply to Statek's claim based on an action commenced in another jurisdiction before Coudert's bankruptcy filing. Rather, the Second Circuit determined that the resolution of Statek's reconsideration motion (and, therefore, Coudert's disallowance

---

[25] *In re Coudert Bros. LLP*, 2009 Bankr. LEXIS 2602, at *10 (S-4). *See also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

motion) should be governed by *Van Dusen v. Barrack*, 376 U.S. 612 (1964), where the Supreme Court held that following a transfer under 28 U.S.C. § 1404(a), the transferee court must apply the law of the transferor court, and *Ferens v. John Deere Co.*, 494 U.S. 516 (1990), in which the Supreme Court extended that ruling to transfers initiated by plaintiffs. The Second Circuit's change in the law demonstrates that the lower courts' analysis based on New York law, instead of Connecticut law, was clear error.

Manifest injustice is also present here. On Statek's appeal from the denial of its first reconsideration motion, the Court of Appeals clearly found "legal error, and … an abuse of discretion" and, therefore, reversed and remanded with instructions for the bankruptcy court to apply Connecticut law. 673 F.3d at 191 (S-104-05). When the bankruptcy court failed to do as instructed on remand, manifest injustice occurred because Statek's claim erroneously was disallowed, once again, on the basis of a statute of limitations (New York's) that does not apply, when, admittedly, the claim would have been reinstated under the statute of limitations (Connecticut's) that does apply.

Even if the prevailing argument was first raised on a reconsideration motion, that did not affect the decision of the Court of Appeals. The Second Circuit had the entire record on Coudert's disallowance motion and Statek's reconsideration motion before it. If the Court of Appeals had agreed with the bankruptcy court and thought it more important to uphold a general rule about not raising new arguments on Rule 59 reconsideration motions than to correct the clear error in the bankruptcy court's reconsideration denial decision, it presumably would have said so and denied Statek's appeal. But, instead, the Court of Appeals reversed the bankruptcy court with specific instructions to apply Connecticut law to the merits of Statek's reconsideration

motion on remand.  That action speaks for itself, and the bankruptcy court was not free to disregard it.

Statek has invested significant time, effort and expense in litigating this case up to the Court of Appeals and securing a decisional change in the law from this Circuit's highest court.  To deny Statek the benefit of that change in the law on remand would be highly inequitable.  Therefore, to avoid manifest injustice to Statek, the bankruptcy court's decisions on the prior remand should be reversed.

## CONCLUSION

For all of the reasons stated above, appellant Statek respectfully requests that this Court:  (1) reverse the bankruptcy court's decisions on remand and again remand with instructions to (a) grant Statek's first reconsideration motion, (b) vacate the disallowance decision and order, (c) deny Coudert's disallowance motion, and (d) reinstate Statek's claim; and (2) grant Statek such other and further relief as may be warranted.

Dated: New York, New York
December 17, 2013

Respectfully submitted,
*/s/ J. Eric Ivester*
J. Eric Ivester
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York  10036
Telephone: (212) 735-3000
Fax: (212) 735-2000
eric.ivester@skadden.com

- and -

Thomas J. Allingham II
Anthony W. Clark
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001
thomas.allingham@skadden.com
anthony.clark@skadden.com

*Counsel for Appellant Statek Corporation*