SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
Telephone: (212) 735-3000
J. Eric Ivester

    - and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Thomas J. Allingham II
Anthony W. Clark

*Counsel for Appellant Statek Corporation*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                            :

| | |
|---|---|
| In re: | :   Chapter 11 |
| | : |
| COUDERT BROTHERS LLP, | :   Case No. 06-12226 (RDD) |
| Debtor. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| STATEK CORPORATION, | : |
| | :   Case No. 1:13-cv-08578 (LTS) (FM) |
| Appellant, | : |
| | : |
| v. | :   **ORAL ARGUMENT** |
| | :   **REQUESTED** |
| DEVELOPMENT SPECIALISTS, INC., | : |
| | : |
| Appellee. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

<u>**APPENDIX TO APPELLANT STATEK CORPORATION'S OPENING BRIEF**</u>

| Document Description | Appendix Page Number |
|---|---|
| Bankruptcy Court Memorandum of Decision and Order on Statek Corporation's Motion for Reconsideration of Order Disallowing Claim 239, dated September 8, 2009 | S-1 – S-8 |
| Southern District of New York District Court Opinion and Order Affirming Bankruptcy Court, dated June 11, 2010 | S-9 – S-14 |
| Second Circuit Court of Appeals Appellate Brief For Appellee Development Specialist, Inc., Plan Administrator for Coudert Brothers, LLP, dated January 28, 2011 | S-15 – S-86 |
| Second Circuit Court of Appeals Opinion, dated February 28, 2012 | S-87 – S-108 |
| Southern District of New York District Court Order Vacating and Remanding the Decision of the Bankruptcy Court, dated August 21, 2012 | S-109 |
| Statek's Supplemental Memorandum in Support of Statek Corporation's Motion For Reconsideration, dated August 24, 2012 | S-110 – S-229 |
| Coudert's Supplemental Brief in Opposition to Motion of Statek Corporation For Reconsideration of the Court's Order Disallowing Claim # 239, dated September 25, 2012 | S-230 – S-397 |
| Reply Memorandum in Support of Statek's Motion For Reconsideration, dated October 17, 2012 | S-398 – S-554 |
| October 22, 2012 Transcript of Bankruptcy Court Hearing on Remand | S-555 – S-643 |
| Bankruptcy Court Memorandum of Decision on Remand on Statek's Motion For Reconsideration of Claim Disallowance Order, dated August 19, 2013 | S-644 – S-671 |
| Bankruptcy Court Order on Remand Denying Statek Corporation's Motion For Reconsideration, dated August 23, 2013 | S-672 – S-701 |
| Statek Corporation's Second Motion For Reconsideration and Memorandum of Law in Support of the Court's (I) Order On Remand Denying Statek Corporations's Motion For Reconsideration and (II) Memorandum of Decision on Remand on Statek's Motion For Reconsideration of Claim Disallowance Order, (the "Second Reconsideration Motion") dated September 6, 2013 | S-702 – S-714 |
| Notice of Appeal, dated September 6, 2013 | S-715 – S-748 |
| October 24, 2013 Transcript of Bankruptcy Court Hearing on Second Reconsideration Motion | S-749 – S-777 |
| Bankruptcy Court Order Denying Statek Corporation's Second Motion for Reconsideration, dated October 25, 2013 | S-778 – S-779 |
| Amended Notice of Appeal, dated November 7, 2013 | S-780 – S-785 |
| Connecticut State Court Complaint, dated October 28, 2005 | S-786 – S-824 |
| Connecticut District Court Amended Complaint, dated August 29, 2008 | S-825 – S-838 |

UNITED STATES BANKRUPTCY COURT
SOUTHER DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re Coudert Brothers LLP,                              Chapter 11

                           Debtor.                       Case No. 06-12226(RDD)

-----------------------------------------------------------x

Appearances:

Day Pitney LLP, by James J. Tancredi, Esq., Kenneth W. Ritt, Esq. and Joshua Cohen,
for Statek Corporation

Stern Tannenbaum & Bell LLP, by David S. Tannenbaum, Esq. and Karen S. Frieman,
Esq, for Development Specialists, Inc., as Plan Administrator

MEMORANDUM OF DECISION AND ORDER ON STATEK CORPORATION'S
MOTION FOR RECONSIDERATION OF ORDER DISALLOWING CLAIM 239

Robert D. Drain, United States Bankruptcy Judge

        Statek Corporation ("Statek") filed a proof of claim in this case, claim 239

(the "Claim"), to which Development Specialists, Inc., in its capacity as Plan

Administrator under the confirmed chapter 11 plan for the above debtor ("Coudert" or the

"Debtor"), objected.  After efforts at formal mediation stalled, the parties sought a ruling

on certain potentially dispositive aspects of the Plan Administrator's objection.

Following extensive briefing and oral argument, the Court issued an order dated July 21,

2009 disallowing the Claim for the reasons stated in the modified ruling attached to the

order.  In short, the Court found that (1) Statek's Claim was time barred as a matter of

law under New York's borrowing statute, New York CPLR § 202 (McKinney 2009),[1]

---

[1] New York CPLR § 202 provides, "An action based upon a cause of action accruing without the state
cannot be commenced after the expiration of the time limited by the laws of either the state or the place

8-1

based on the Court's determination, primarily on the authority of <u>Bianco v. Elkins</u> (<u>In re</u>

<u>Gaston & Snow</u>), 243 F.3d 599 (2d Cir. 2001), <u>cert. denied</u>, 534 U.S. 1042 (2001),[2] that

New York law applies to the timeliness issue, and (2) even if federal law governs (as

Statek primarily argued previously), the Claim was time barred under the analogous

principles stated in sections 142 and 6 of the Restatement (Second) Conflict of Laws,[3]

both parties having asserted that the Restatement (Second) Conflict of Laws articulates

the relevant federal choice of law rule.

Within ten days of the entry of the order disallowing its Claim, Statek

moved under section 502(j) of the Bankruptcy Code, 11 U.S.C. §§ 101 <u>et seq.</u>,[4] and Fed.

---

without the state where the cause of action accrued, except that where the cause of action accrued in favor
of a resident of the state the time limited by the laws of the state shall apply."

[2] <u>In re Gaston & Snow</u> established the proposition that, subject only to a very strong countervailing federal
interest, which does not include the federal interest in national uniformity, "The <u>Erie</u> doctrine applies,
whatever the ground for federal jurisdiction, to any issue or claim which has its source in state law." <u>Shady
Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.</u>, 549 F.3d 137, 142 (2d Cir. 2008), <u>cert. granted</u>, 2009
U.S. LEXIS 2240 (U.S. May 4, 2009).

[3] Section 142 of the Restatement (Second) Conflict of Laws states in relevant part,

"Whether a claim will be maintained against the defense of the statute of limitations is determined
under the principles stated in § 6. In general, unless the exceptional circumstances of the case
make such a result unreasonable:

(1) The forum will apply its own statute of limitations barring the claim.
(2) The forum will apply its own statute of limitations permitting the claim unless:
(a)  maintenance of the claim would serve no substantial interest of the forum; and
(b)  the claim would be barred under the statute of limitations of a state having a more
significant relationship to the parties and the occurrence."

[4] Section 502(j) of the Bankruptcy Code provides in relevant part that "A claim that has been allowed or
disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according
to the equities of the case."

S-2

R. Bankr. P. 3008[5] for reconsideration. This Memorandum states the Court's reasons for
denying the motion.[6]

### Applicable Standard

Determining "cause" under Bankruptcy Code section 502(j) "falls upon
the equitable judgment of the court and is within the sound discretion of the court." In re
Flagstaff Foodservice Corp., 56 B.R. 910, 913 (S.D.N.Y. 1986). See also Advisory
Committee Note to Fed. R. Bankr. P. 3008, which states, "Reconsideration of a claim that
has been previously allowed or disallowed after objection is discretionary with the court."
Thus, it has been frequently noted that "the bankruptcy court's discretion in deciding
whether to reconsider a claim is virtually plenary." In re Enron Corp., 352 B.R. 363, 367
(Bankr. S.D.N.Y. 2006), quoting In re Colley, 814 F.2d, 1008, 1010 (5th Cir. 1987); see
also In re Best Payphones, Inc., 2008 Bankr. LEXIS 2555, at *2 (Bankr. S.D.N.Y. Jul. 3,
2008); In re Dana Corp., 2008 Bankr. LEXIS 803, at *5 (Bankr. S.D.N.Y. Mar. 17,
2008).

It is also well recognized, however, that when deciding a motion under
section 502(j) of the Bankruptcy Code -- a motion for reconsideration of a prior order --
the court should apply the same analysis that it would to a motion under Fed. R. Bankr. P.
9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R.

---

[5] Fed. R. Bankr. P. 3008 states "A party in interest may move for reconsideration of an order allowing or
disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order.

[6] Although the Court authorized briefing on Statek's motion for reconsideration, under the circumstances a
hearing on the motion is not required. See Local Bankruptcy Rule 3008-1 ("No oral argument shall be
heard on a motion to reconsider an order of allowance or disallowance of a claim unless the Court grants
the motion and specifically orders that the matter be reconsidered upon oral argument."). See also Local
Bankruptcy Rule 9023-1 ("No oral argument shall be heard unless the Court grants the motion and
specifically orders the matter be re-argued orally."); Advisory Committee Note to Fed. R. Bankr. P. 3008
("The court may decline to reconsider an order of allowance or disallowance without notice to any adverse
party and without affording any hearing to the movant.")

8-3

Civ. P. 60), depending on whether the movant, as here, sought reconsideration within ten days after the entry of the order disallowing the claim, or did so only later. <u>See</u> <u>In re Enron</u>, 352 B.R. at 367-68 (if a motion to reconsider an order disallowing a claim is filed within ten days after entry of the order, it is analogous to a motion under Fed. R. Bankr. P. 9023 and should be governed by the same principles as a motion under Fed. R. Civ. P. 59; if filed later, it should be considered as if it were a motion under Fed. R. Civ. P. 60). <u>See also</u> <u>In re Aguilar</u>, 861 F.2d 873, 875 (5th Cir. 1988); <u>In re Pt-1 Communs., Inc.</u>, Bankr. 2009 LEXIS 2389, at *5 (Bankr. E.D.N.Y. Aug. 28, 2009); <u>In re Best Payphones</u>, 2008 Bankr. LEXIS, at *6-8; <u>In re Wyatt, Inc.</u>, 168 B.R. 520, 522 n.2 (Bankr. D. Conn. 1994) (accord).[7]  Statek's motion, therefore, should be analyzed under the criteria applied to motions under Fed. R. Civ. P. 59, as incorporated by Fed. R. Bankr. P. 9023.

On a motion under Bankruptcy Rule 9023, the movant must show that the court overlooked controlling decisions or factual matters that might materially have influenced the earlier decision or, alternatively, the need to correct a clear error or prevent manifest injustice.  <u>In re Vargas Realty Enter., Inc.</u>, 2009 Bankr. LEXIS 2040, at *7 (Bankr. S.D.N.Y. Jul. 23, 2009); <u>In re Lyondell Chemical Co.</u>, 2009 Bankr. LEXIS 724, at *2 (S.D.N.Y. Apr. 10, 2009).  "The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered.  In addition, parties cannot advance new facts or arguments because a motion for reargument is not a mechanism for presenting the case under new theories, securing a rehearing on

---

[7] This is not to say that a motion under Bankruptcy Code section 502(j) and Fed. R. Bank. P. 3008 is for all purposes governed by Fed. R. Bankr. P. 9023, which, after all, states that Fed. R. Civ. P. applies in all cases under the Bankruptcy Code "<u>except</u> as provided in Rule 3008." (Emphasis added.)  Thus, for example, Fed. R. Bankr. P. 8002(b) provides that timely motions under Bankruptcy Rules 7052, 9023 and 9024 toll the time for filing a notice of appeal until entry of the order disposing of the last motion outstanding, but does not include a motion under Fed. R. Bankr. P. 3008.  <u>See</u> 10 <u>Collier on Bankruptcy</u> ¶ 9023.03 (15th ed. 2009), at 9023-4 ("Rule 3008 is not one of the sections that extends the time within which to appeal.").

8-4

the merits, or otherwise taking a second bite at the apple." In re Vargas Realty Enter.,

2009 Bankr. LEXIS 2040, at *7-8 (internal citations and quotation omitted). See also In

re Adelphia Bus. Solutions, Inc., 2002 Bankr. LEXIS 1604, at *3-4 (Bankr. S.D.N.Y.

Oct. 15, 2002); 12 Moore's Federal Practice ¶ 59.30[6] (3d ed. 2008), at 59-116

("Further, a motion to alter or amend generally may not be used to raise arguments, or to

present evidence, that could reasonably have been raised or presented before the entry of

judgment.").

### Discussion

Under the foregoing principles, Statek's motion should be denied. The

motion is premised on the argument that this Court, "as the transferee court" of Statek's

original tort action against Coudert, among others, which was brought in the Connecticut

Superior Court and then removed under 28 U.S.C. §§ 1334(b) and 1452 to the District

Court for the District of Connecticut, must follow the law of the "transferor court,"

Connecticut, including Connecticut's choice of law and timeliness rules. Ferens v. John

Deere Co., 494 U.S. 516, 524-26; Van Dusen v. Barrack, 376 U.S. 612, 629-30, 632-33,

639 (1964). This "transferee court" argument was never raised in the parties' briefs or

during oral argument on the Plan Administrator's objection to the Claim and, therefore,

should not be considered now. In re Vargas Realty Enter., 2009 Bankr. LEXIS 2040, at

*7-8; In re Adelphia Bus. Solutions, 2002 Bankr. LEXIS 1604, at *3-4; see also FDIC v.

World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992) (Rule 59 motion may not be used to

argue new legal theory); Bennett v. Genoa Ag. Ctr., Inc. (In re Bennett), 154 B.R. 140,

155 (Bankr. N.D.N.Y. 1998). The Court cannot be said to have "overlooked" authority

that was never brought to its attention and that was not inherent in the arguments that

were brought to its attention.  <u>In re Vargas Realty Enter.</u>, 2009 Bankr. LEXIS 2040, at

*8-9; <u>Salsberg v. Trico Marine Servs., Inc.</u> (<u>In re Trico Marine Servs., Inc.</u>), 360 B.R. 53,

63 (Bankr. S.D.N.Y. 2007) ("If the plaintiffs did not cite these decisions, they are hard-

pressed to show that I overlooked them.").[8]

    Moreover, Statek's new argument does not compel reconsideration in

order to prevent manifest injustice or to correct clear error, because the argument is

mistaken.  This Court is not the "transferee" court of Statek's Connecticut tort action.

That action, removed to the District Court for the District of Connecticut, was not

subsequently transferred to this Court.  Instead, this Court's July 21, 2009 order

determined the Plan Administrator's objection to Statek's proof of claim, a core

proceeding, as noted in the Court's modified ruling attached to the order, under 28 U.S.C.

§ 157(b)(2).  Statek chose to annex its complaint in the Connecticut action to its proof of

claim, but it was the proof of claim, which Statek was free to amend at any time before

the bar date established in the Debtor's chapter 11 case for filing proofs of claim, that

was objected to by the Plan Administrator and ultimately decided by the Court, not the

litigation that Statek had brought in Connecticut.[9]  The "transferee" issue raised by

Statek' present motion therefore is a red herring.

---

[8] <u>Bondi v. Grant Thornton Int'l</u> (<u>In re Parmalat Sec. Litig.</u>), 200 U.S. Dist. LEXIS 11767 (S.D.N.Y. Feb.
22, 2007), relied upon by Statek in its present motion, was addressed by the parties and cited in the Court's
modified ruling attached to the July 21, 2009 order.  However, neither party discussed <u>Bondi</u> for the
proposition that this Court, as the "transferee" court was bound to follow the choice of law and timeliness
rules of the "transferor" court.  As discussed below, moreover, there is a dispositive difference between the
procedural posture of the Plan Administrator's objection to Statek's Claim, a core proceeding under 28
U.S.C. § 157(b)(2) involving the allowance or disallowance of a proof of claim, not the determination of a
transferred adversary proceeding over which this Court is presiding, and the litigation in <u>Bondi</u>, which was
transferred to the district court under 28 U.S.C. § 1407 as multidistrict securities litigation.

[9] It is well recognized that submission to the core bankruptcy jurisdiction claims process materially changes
litigants' nonbankruptcy rights.  <u>Langenkamp v. Culp</u>, 498 U.S. 42, 45 (1990); <u>Granfinanciera, S.A. v.
Nordberg</u>, 492 U.S. 33, 58-9 (1989).

8-6

The real issues raised by the Plan Administrator's objection to Statek's

proof of claim and decided by the July 21, 2009 order are (1) whether New York law (the

law of the Court's forum state) or federal law governs, including on the question of the

timeliness of the Claim, and (2) whether there is any meaningful distinction between New

York and federal law on the timeliness issue -- not whether the Court is bound as a

"transferee" court by the law of the state where Statek commenced litigation against

Coudert. This Court is not aware of Statek's "transferee" argument ever having been

applied to a claim objection where the claimant had, prior to bankruptcy, asserted its

claim in an out-of-state action, notwithstanding that this is a common occurrence. Such

an approach also apparently was not considered to be appropriate by the two courts that

the Plan Administrator has identified as having been presented with a similar fact pattern

-- a choice of law issue involving an objection to a proof of claim premised upon claims

asserted in a pre-bankruptcy action in a federal district court sitting in a different state.

Neither court considered the claim objection to be "transferee court" litigation; both

decisions instead considered the two issues, identified above, addressed by the July 21,

2009 order.  Jafari v. Wynn Las Vegas, LLC, (In re Jafari), 569 F.3d 644, 645, 646-49

(7th Cir. 2009); Global Indus. Techs., Inc. v. Ash Trucking Co, Inc., (In re Global Indus.

Techs., Inc.), 333 B.R. 251, 255, 256-57 (Bankr. W.D. Pa. 2005).  See also Lewis Tree

Serv. v. Lucent Techs., 239 F.Supp.2d 322, 328 n.4 (S.D.N.Y. 2002).

Here, the Court is bound by the Second Circuit's determination in In re

Gaston & Snow, 243 F.3d at 605-06, of the first, choice of law issue, and, as to the

second issue, the Court has concluded that there is, in any event, no difference between

New York and federal choice of law rules as applied to the question of the timeliness of

Statek's Claim.  Of course, neither of those two issues, although touched on by Statek's

present motion, is the proper subject of a motion to reconsider, having already been

addressed by the Court, as opposed to, if an appeal is available, an appeal.  In re Adelphia

Bus. Solutions, 2002 Bankr. LEXIS 1604, at *4.

### Conclusion

For the foregoing reasons, Statek's motion for reconsideration of the July

21, 2009 order disallowing its Claim is denied.

It is SO ORDERED.


Dated:  New York, New York
        September 8, 2009


                                    /s/Robert D. Drain
                                    United States Bankruptcy Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
IN RE COUDERT BROTHERS LLP                                     :     **ORDER AND OPINION**
                                                               :     **AFFIRMING BANKRUPTCY**
                                                               :     **COURT**
                                                               :
                                                               :     09 Civ. 9561 (AKH)
                                                               :
                                                               :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

       Statek Corporation had a pending lawsuit against Coudert Brothers LLP, its former

attorneys, and filed a claim against Coudert in Coudert's bankruptcy, in the amount of approximately

$87 million. The Bankruptcy Court for the Southern District of New York (Drain, J.), dismissed

Statek's claim, holding in an order of July 22, 2009 that under In re Gaston & Snow, 243 F.3d 599

(2d Cir. 2001), cert. denied, 534 U.S. 1042 (2001) ("Gaston"), New York's choice of law rules, as

well as New York's borrowing statute, CPLR § 202, apply and the claim is barred by the running of

limitations. Statek appeals from that decision, and from the denial of its motion for reconsideration,

Order, Sept. 8, 2009. For the reasons stated in this Opinion, Statek's appeal is denied.

**I. Background**

       The facts below, taken from Statek's amended complaint, are somewhat complicated

but are not in dispute. Coudert was Statek's former lawyers, having been engaged so to act by its

then controlling persons, Hans Frederick Johnston and Sandra Spillane. Miklos Vendel, a substantial

shareholder, ousted Johnston and Spillane and filed suit against them in the Delaware Court of

Chancery, for waste, mismanagement, fraud and theft. The Delaware Court of Chancery entered a

judgment against Johnston and Spillane on May 31, 2000 for $30,314,271. Statek pursued its claim

in insolvency proceedings against Johnston in the Supreme Court of Judicature of England and

Wales.

Statek sued Coudert on November 5, 2005 in Connecticut Superior Court, alleging

that it hindered and frustrated Statek's collection efforts by failing and refusing to produce records

and files maintained by Coudert as Statek's former lawyers.  Coudert's alleged failures began in

1996, in the Delaware Court of Chancery lawsuit, and continued in a lawsuit in England filed against

Johnston by the trustee appointed by Johnston's insolvency court, in October 2002 and through 2003.

In June 2003, the trustee filed ancillary proceedings in the Bankruptcy Court for the District of

Connecticut, and Coudert's failures and refusals in making production allegedly continued in that

court as well.

Coudert filed for protection in the Bankruptcy Court for the Southern District of New

York, and Statek stated a claim of $87 million against Coudert in the bankruptcy proceedings.

Coudert removed Statek's lawsuit against Coudert from the Connecticut Superior Court to the United

States District Court for the District of Connecticut, and caused it to be stayed in favor of the

bankruptcy proceedings, and then resumed it.  However, the District Court, on February 1, 2008,

dismissed the lawsuit because of forum non conveniens, in favor of the Bankruptcy Court or another

convenient forum.  Coudert refused to waive limitations and, when Statek pressed its claim in the

Bankruptcy Court, moved to dismiss.  On July 22, 2009, the Bankruptcy Court dismissed Statek's

claim against Coudert as time barred.

### The Holding Below

Statek had argued, in response to Coudert's motion, that the Bankruptcy Court should

have applied federal choice of law rules pointing to English law, and, that under English law, its

claim was timely.  Statek conceded that if New York law applied, its claim was time-barred.  The

Bankruptcy Court held that there is no strong federal policy implicated in this case and, under

Gaston, New York choice of law rules and New York's borrowing statute thus applied.  As Statek

had conceded the point, the Bankruptcy Court held that its claim was untimely under New York law.

2

On reconsideration, Statek developed an alternative argument, that Connecticut's choice of law rules should have been applied since Connecticut was the transferor forum to the Bankruptcy Court for the Southern District of New York. See Ferens v. John Deere Co., 494 U.S. 516, 522-32 (1990); Van Dusen v. Barrack, 376 U.S. 612, 629-33 (1964).

The Bankruptcy Court denied Statek's new ground as inappropriately made in a motion for reconsideration. See In re Coudert Brothers LLP, No. 06-12226 (RDD), 2009 WL 2928911, at *2-4 (Bankr. S.D.N.Y. September 8, 2009). The Bankruptcy Court pointed out, as well, that Statek's lawsuit was dismissed in Connecticut, not transferred, and in any event the choice of law in the Bankruptcy Court was between federal law, if there was a strong federal policy at stake, or the choice of law rule in the state in which the Bankruptcy Court was located. Id. (citing In re Jafari, 569 F.3d 644, 645, 646-49 (7th Cir. 2009); In re Global Indus. Techs., Inc., 333 B.R. 251, 255, 256-57 (Bankr. W.D. Pa. 2005)).

## II. Discussion

The District court reviews the decision of the Bankruptcy Court, dismissing the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, de novo for rulings on law, see In re Motors Liquidation Co., --- B.R. ---, 2010 WL 1730802, at *7 (S.D.N.Y. 2010) (citing In re Enron Corp., 419 F.3d 115, 124 (2d Cir. 2005))), and for abuse of discretion regarding the discretionary decision not to entertain the newly made argument in the motion for reconsideration, see Coe v. RJM, LLC, No. 09-4127-bk, 2010 WL 1564363, at *2 (2d Cir. Apr. 20, 2010) ("Because Appellant's appeal to the district court concerned the bankruptcy court's orders denying her motions for reconsideration, this Court reviews each of those decisions for abuse of discretion."); In re Enron Corp., 352 B.R. 363, 367 (Bankr. S.D.N.Y. 2006) ("'[T]he bankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary.'" (quoting In re Colley, 814 F.2d 1008, 1010 (5th Cir. 1987))).

Under New York law, if an action arises elsewhere and is in favor of a non-resident, the governing statute of limitations is the shorter, between the limitations rule provided by New York law, and the limitations rule provided by the law of the jurisdiction where the cause of action arose. CPLR § 202 provides:

> [a]n action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

Statek had conceded that if New York law applied, its claim was untimely.

Klaxon Co. v. Stentor Electric Manufacturing Co. established the rule that a Federal court exercising diversity jurisdiction should apply the choice of law rules of the forum state. 313 U.S. 487, 496-97 (1941). Klaxon, extending the rule of Erie Railroad v. Tompkins, 304 U.S. 64 (1938), held that choice of law rules are no different from the arguably more substantive federal common law that Erie prohibited. 313 U.S at 496. Gaston extended Klaxon's rule to bankruptcy courts, holding that "bankruptcy courts confronting state law claims that do not implicate federal policy concerns should apply the choice of law rules of the forum state." 243 F.3d at 601-02.

In Gaston, the Plan Administrator for a law firm sued an Idaho couple, two of the law firm's former clients, for unpaid legal fees. The parties disputed whether the claim was barred under the 4-year Idaho statute of limitations, or viable under the 6-year New York statute of limitations. The Second Circuit Court of Appeals held that CPLR § 202 governed, that the longer period of limitations provided by New York law applied because, as the trial court held, the cause of action accrued in favor of Gaston & Snow, a New York resident. The court also held that the Idaho couple forfeited their argument that Gaston & Snow was not a New York resident because they did not raise it before the court below.

The Court of Appeals ruled that no federal policy was implicated, for the interest in national uniformity was not sufficient to displace state choice of law rules. Id. at 606 ("While an

interest in uniformity can justify the creation of federal common law, Klaxon rejected the need for uniformity as a justification for displacing state conflicts rules." (citing Klaxon, 313 U.S. at 496)). A federal interest to prevent forum shopping among bankruptcy courts rarely would be implicated, particularly in an involuntary bankruptcy. Id. ("Regarding the federal interest in avoiding forum shopping, we believe there are only a limited number of cases in which this interest is implicated. Here, for example, where the debtor was brought into bankruptcy court through an involuntary petition, it is difficult to argue that any forum shopping occurred."). Vanston Bondholders Protective Committee v. Green, 329 U.S. 156 (1946) ("Vanston"), cited by the Plan Administrator and distinguished by the Gaston court, involved such an important federal interest, for post-bankruptcy compound interest could endanger the viability of reorganization plans and the integrity of creditors' compromises. As the Court of Appeals observed, "allowing interest upon interest would violate the policy of the Bankruptcy Act." 243 F.3d at 607.

Statek argues that Gaston is distinguishable and did not require application of New York's choice of law rules and borrowing statute. Statek argues that it really began its lawsuit against Coudert in Connecticut. However, the Bankruptcy Court for the Southern District of New York issued its ruling, not with respect to Statek's Connecticut claim, but to that filed in the Southern District of New York. Indeed, Statek's lawsuit in Connecticut was dismissed.

Statek's additional arguments for distinction also are without merit. It does not matter that its claim against Coudert was a "core" proceeding, and not, as in Gaston, an adversary proceeding, for the absence of an important federal interest remains the same. Nor is the rule favoring deference to State law affected by the presence, or absence, of prejudice to other creditors of the bankrupt estate. Nor does it matter that New York has less of an interest than, arguably, the United Kingdom or Connecticut; again those are not federal concerns. Nor does it matter that Coudert's malpractice insurer would be paying any claim that might be honored. Nor does it matter

5

that Coudert is being absolved from serious discovery abuse by a "technicality;" an argument of that sort would do away with motions based on the running of limitations.

Statek fails to show any important federal interest that would be frustrated by the holding of the Bankruptcy Court. And there is no basis to argue that the Southern District of New York was an improper forum. Coudert's primary office was in Manhattan and the multitude of claims asserted against Coudert in the Southern District of New York shows that Coudert did not choose the forum in order to discriminate against Statek's claim.

## III. Conclusion

For the reasons stated above, I affirm the Bankruptcy Court's decisions disallowing Statek's claim and denying its motion for reconsideration. The oral argument scheduled for June 21, 2010, is cancelled. The Clerk shall mark the case as closed.

SO ORDERED.

Dated:      June 11, 2010
            New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

# 10-2723-cv

## United States Court of Appeals

*for the*

## Second Circuit

In Re:

COUDERT BROTHERS LLP,

*Debtor.*

STATEK CORPORATION,

*Appellant,*

– against –

DEVELOPMENT SPECIALISTS, INC.,

*Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR APPELLEE
## DEVELOPMENT SPECIALISTS, INC.,
## PLAN ADMINISTRATOR FOR COUDERT BROTHERS LLP

DAVID S. TANNENBAUM
KAREN S. FRIEMAN
STERN TANNENBAUM & BELL LLP
*Attorneys for Appellee Development
Specialists, Inc., Plan Administrator
for Coudert Brothers LLP*
380 Lexington Avenue
New York, New York 10168
(212) 792-8484

Case: 10-2723    Document: 51    Page: 2    02/01/2011    198580    72

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Development

Specialists, Inc, Plan Administrator for Coudert Brothers LLP, certifies that it has

no parent corporation and no publicly held corporation owns 10% or more of its

stock.

## TABLE OF CONTENTS

PAGE NO.

PRELIMINARY STATEMENT.................................................................... 1

JURISDICTIONAL STATEMENT ........................................................... 2

STATEMENT OF ISSUES.......................................................................... 2

STATEMENT OF THE CASE ................................................................... 3

STATEMENT OF FACTS ........................................................................... 12

STANDARD OF REVIEW ........................................................................ 18

SUMMARY OF ARGUMENT ................................................................... 19

ARGUMENT ................................................................................................ 23

POINT I - THE BANKRUPTCY COURT PROPERLY APPLIED THE CLEAR
HOLDING OF *GASTON* WHICH IS APT AND BINDING HERE .................... 23

    A.    *Gaston* Is Not Limited to Adversary Proceedings. ............................. 25

    B.    Statek's Baseless Claim of Prejudice Does Not Support Limiting
*Gaston*............................................................................................................. 28

        1.    Statek cannot distinguish *Gaston* on its facts.............................. 28

        2.    Transfer cases under 28 U.S.C. §1404 are entirely inapt............ 30

        3.    Statek voluntarily participated in the Bankruptcy....................... 35

        4.    Statek cannot distinguish Gaston on policy grounds. ................. 36

POINT II - STATEK'S RELIANCE ON OTHER COURT'S RULINGS
PROVIDES NO BASIS FOR DISREGARDING *GASTON*................................ 38

POINT III - THE BANKRUPTCY COURT DID NOT ABUSE ITS
DISCRETION ................................................................................................ 45

i

**POINT IV - NEW YORK LAW WOULD APPLY UNDER A FEDERAL CHOICE OF LAW ANALYSIS** ...................................................................... 52

**POINT V - CONNECTICUT'S STATUTE OF LIMITATIONS WOULD NOT BE APPLIED BY THE CONNECTICUT DISTRICT COURT AND STATEK'S CLAIM WOULD NOT BE TIMELY THEREUNDER** ........... 54

**CONCLUSION** .......................................................................... 59

# TABLE OF AUTHORITIES

PAGE NO.

## Cases

Am Equities Group, Inc. v. Ahava Dairy Prods. Corp.
2004 U.S. Dist. LEXIS 6970 (S.D.N.Y. Apr. 23, 2004) ........................................ 24

Ashcroft v. Iqbal,
129 S. Ct 1937 (2009).............................................................................................. 14

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007).................................................................................................. 14

Bellemare v. Wachovia Mortgage Corp.,
94 Conn. App. 593, 894 A.2d 335 (Conn. App. Ct. 2006),.................................. 56

Bianco v. Erkins (In re Gaston & Snow,
243 F.3d 599 (2d Cir. 2001), ........................................................................... passim

Bush v. MONY Life Ins. Co. of Am.,
2008 WL 4874137  (D. Conn. Nov. 10, 2008)..................................................... 24

Butner v. United States, 440 U.S. 48, 99 S. Ct. 914 (1979) .............................. 50

Caribbean Wholesales & Serv. Corp. v. US JVC Corp.,
855 F. Supp. 627 (S.D.N.Y. 1994) ...................................................................... 31

Collum v. Chapin,
40 Conn. App. 449 (Conn. App. Ct. 1996)........................................................ 55

DeCorso v. Watchtower Bible and Tract,Soc'y
46 Conn. Super. 386, 394, 752 A.2d 102 (Conn. Super. Ct. 2000)................... 55

Dixon v. Evans,
2008 WL 1948071 (Conn. Super. Ct. Apr. 22, 2008) ....................................... 55

iii

Ely Lily Do Brasil, Ltda. v. Federal Exp. Corp.,
    2005 WL 2312547 (S.D.N.Y. Sept. 21, 2005) ............................................. 24

Empire HealthChoice Assur., Inc. v. McVeigh,
    396 F. 3d 136 (2d Cir. 2005) ............................................................. 24

Erickson v. Pardus, 551 U.S. 89 (2007) ............................................................. 14

Erie R.R. Co. v. Tompkins,
    304 U.S. 64, 58 S. Ct. 817 (1938) ....................................................... 29

Ferens v. John Deere Co.,
    494 U.S. 516 (1990) ..................................................................... passim

Forlastro v. Collins,
    2007 WL 2325865 (S.D.N.Y. Aug. 14, 2007) ............................................. 31

In re Brill,
    318 B.R. 49 (Bankr. S.D.N.Y. 2004) ................................................ 26, 36

In re Cutler-Owens Int'l Ltd.,
    55 B.R. 291 (S.D.N.Y. 1985) ............................................................. 50

In re Delphi Corp.,
    2009 WL 803598 (S.D.N.Y. Mar. 24, 2009) ............................................. 46

In re Dow Corning,
    419 F.3d 543 (6th Cir. 2005) ...................................................... 20, 26, 27

In re Enron Corp.,
    357 B.R. 32 n. 22 (Bankr. S.D.N.Y. 2006) ............................................. 24

In re F. Elliot Siemon,
    421 F.3d 167 (2d Cir. 2005) .............................................................. 2

In re Flanagan,
    503 F. 3d 171 (2d Cir. 2007) ........................................................ 18, 46

In re Friedlander Capital Mgmt, Corp.,
    411 B.R. 434 (Bankr. S.D.Fla. 2009) ..................................................... 45

iv

In re Global Indus. Techs Inc.,
     333 B.R. 251 (W.D. Pa. 2005)................................................................. 27, 43

In re Global Vision Prods., Inc.,
     2009 WL 2170253 (S.D.N.Y. July 14, 2009)........................................... 46

In re Greig,
     2005 WL 3783836  (Bankr. S.D.N.Y. 2005)....................................... 26, 36

In re Hess,
     404 B.R. 747 (Bankr. S.D.N.Y. 2009)...................................................... 26

In re Hydrogen, LLC,
     431 B.R. 337 (Bankr. S.D.N.Y. 2010).................................................. 23, 24

In re Jafari,
     378 B.R. 575 (Bankr. W.D. Wis. 2007) ....................... 27, 28, 41, 50

In re Kaiser Group Int'l, Inc.,
     421 B.R. 1 (Bankr. D.D.C. 2009) ............................................................ 32

In re Kaiser Group Int'l Inc.,
     2010 WL 3271198  (D. Del. Aug. 17, 2010)....................... 20, 29, 33, 47

In re Kalikow,
     602 F.3d 82 (2d Cir. 2010) .............................................................. 18, 46

In re Merritt Dredging Co.,
     839 F. 2d 203 (4th Cir. 1988) ............................................................ 19, 25

In re Michael G. Tyson,
     433 B.R. 68 (S.D.N.Y. 2010) .................................................................. 23

In re Overmyer Co., Inc.,
     12 B.R. 777 (Bankr. S.D.N.Y. 1981.)...................................................... 24

In re Ovetsky,
     100 B.R. 115 (Bankr. N.D. Ga. 1989)....................................... 11, 42, 44

v

In re Payroll Express Corp.,
    2005 WL 3789326 (Bankr. S.D.N.Y. July 28, 2005) ............................................ 24

In re Prof'l Investors Ins. Group., Inc.,
    232 B.R. 870 (Bankr. N.D. Tex. 1999) ............................................ 42

In re PSINet Inc.,
    268 B.R. 358 (Bankr. S.D.N.Y. 2001) ............................................ 24

In re Rolling Thunder Gas Gathering, L.L.C.,
    348 B.R. 803 (Bankr. D. Kansas 2006) ............................................ 20, 26

In re Saba Enters., Inc,
    421 B.R. 626 (Bankr. S.D.N.Y. 2009) ............................................ 24

In re Segre's Iron Works, Inc.,
    258 B.R. 547 (Bankr. D. Conn. 2001) ............................................ 11, 43, 44

In re SMEC, Inc.,
    160 B.R. 86 (M.D. Tenn. 1993) ............................................ 43

In re Stanwich Fin. Servs. Corp.,
    317 B.R. 224 n. 5 (Bankr. D. Conn. 2004) ............................................ 44

In re Teligent Inc.,
    324 B.R. 479 (S.D.N.Y. 2005) ............................................ 25, 26

In re Wireless Data, Inc.,
    547 F.3d 484 (2d Cir. 2008) ............................................ 18, 46

In re Worldcom, Inc.,
    2006 WL 3782712 , n. 3 (Bankr. S.D.N.Y. Dec. 21, 2006) ............................................ 20, 26

Ins. Co. of N. Am. v. ABB Power Generation,
    91 N.Y.2d 180, 668 N.Y.S.2d 143 (1997) ............................................ 37

Iragorri v. United Techs. Corp.,
    274 F.3d 65 (2d Cir. 2001) ............................................ 47

Jones v. Comm'r,
  129 T.C. 146 (2007)..................................................................... 58

L.F. Pace Constr., Inc. v. Simko,
  2007 WL 4686485 (Conn. Super. Ct. Dec. 7, 2007)............................ 57

Lewis Tree Serv., Inc. v. Lucent Techs., Inc.,
  239 F. Supp. 2d 322 (S.D.N.Y. 2002) ......................................... 24

Long Island Sav. Bank, FSB v. Aaron,
  225 A.D.2d 776 , 639 N.Y.S.2d 850 (2d Dep't 1996) ......................... 56

McKenna v. Wright,
  386 F.3d 432 (2d Cir. 2004) ....................................................... 14

McTyre v. Broward Gen. Med. Ctr.,
  749 F. Supp. 102 (D. N.J. 1990)................................................ 32, 34

Mopex, Inc. v. Am. Stock Exch.,
  2002 WL 342522 (S.D.N.Y. Mar. 5, 2002).................................... 31, 32

Norwood v. Kirkpatrick,
  349 U.S. 29 (1955)................................................................... 31

Phillips v. Scott,
  446 F. Supp. 2d 70 (D. Conn. 2006)............................................ 54

Piteo v. Gottier,
  112 Conn. App. 441 (Conn. App. Ct. 2009)..................................... 55

Poe v. Budget Rent-a-Car Sys., Inc.,
  2008 WL 2725803 (D. Virgin Islands July 11, 2008).......................... 32

Raleigh v. Illinois Dep't of Revenue,
  530 U.S. 15 (2000)........................................................... passim

Rosenfield v. Rogin, Nassau, Caplan, Lassman & Hirtle, LLC,
  795 A.2d 572 (Conn. App. Ct. 2002) ............................................. 57

Sanborn v. Greenwald,
   664 A.2d 803 (Conn. App. Ct. 1995) ................................................... 55

Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,
   549 F. 3d 137 (2d Cir. 2008) ............................................................. 24

Shipping Corp. of India LTD v. Jaldhi Overseas PTE LTD,
   585 F.3d 58 (2d Cir. 2009) ................................................................ 3

Technicorp Int'l, II, Inc. v. Johnston,
   2000 WL 713750 (Del. Ch. May 31, 2000) ......................................... 16

Toy Biz Inc. v. Centuri Corp.,
   990 F. Supp. 328 (S.D.N.Y. 1998) ...................................................... 49

Van Dusen v. Barack,
   376 U.S. 612 (1964) ................................................................... passim

Vanliner Ins. Co. v. Fay,
   98 Conn. App. 125 (Conn. App. Ct. 2006) .......................................... 58

Vanston Bondholders Protective Comm. v. Green,
   329 U.S. 156 (1946) ................................................................... passim

Zervos v. Verizon N.Y., Inc.,
   252 F.3d 163 (2d Cir. 2001) ............................................................. 46

                              Statutes

28 U.S.C. §1391(a)(1) ............................................................... 48

28 U.S.C. §1391(a)(2) ............................................................... 48

28 U.S.C §1391(a)(3) ................................................................ 48

11 U.S.C. §502(b)(1) ................................................................ 40

28 U.S.C. § 1412 ............................................................... 32, 33

28 U.S.C. §§1452 ...................................................................... 6

8-24

28 U.S.C. §1334 .................................................................................... 2, 6

28 U.S.C. §1404 ................................................................................. passim

28 U.S.C. §158(a)(1) ............................................................................... 2

Connecticut General Statutes § 52-577 ............................................... 55

CPLR 202 ............................................................................................. 19

CPLR 214 ............................................................................................. 19

## Rules

Fed. R. Bankr. P. 9014 ......................................................................... 10

Fed. R. Bankr. P. 7001 ......................................................................... 26

Fed. R. Bankr. P. 9027 ........................................................................... 6

Fed. R. Bankr. P. 8012 ........................................................................... 2

Fed. R. Evidence 411 ...................................................................... 37, 38

Restatement (2d.) of Conflicts  § 142 ................................................. 22

## Treatises

10 Collier on Bankruptcy ¶9023.03 (15th ed. 2009) ............................... 2

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

```
------------------------------------------------x
                                                :
IN RE:  COUDERT BROTHERS LLP,                   :
                                                :        10-2723-CV
            Debtor.                             :
                                                :
                                                :
------------------------------------------------x
```

## BRIEF OF APPELLEE DEVELOPMENT SPECIALISTS, INC.

## PRELIMINARY STATEMENT

Appellee Development Specialists, Inc., as plan administrator for Debtor

Coudert Brothers LLP ("Coudert"), respectfully submits this brief in opposition to

the appeal of Appellant Statek Corporation ("Statek") from the order of the

Honorable Alvin K. Hellerstein, United States District Judge for the Southern

District of New York (the "District Court"), entered on June 14, 2010 (the "District

Court Affirmance"). (SPA-1.) That order affirmed the orders of the Honorable

Robert D. Drain, United States Bankruptcy Judge for the Southern District of New

York (the "Bankruptcy Court"), disallowing Statek's claim (the "Claim") against

Coudert's bankruptcy estate (the "Disallowance Order") and denying Statek's

motion for reconsideration (the "Reconsideration Order"). (SPA-7; SPA-43.)[1]

---

[1] Pursuant to Coudert's First Amended Plan of Liquidation, effective as of
September 8, 2008, Coudert's Plan Administrator, Development Specialists, Inc.,
succeeded to its rights. For ease of understanding, we refer to the Debtor as
(Continued)

## JURISDICTIONAL STATEMENT

The Bankruptcy Court had jurisdiction to hear Coudert's motion to disallow Statek's claim and Statek's motion for reconsideration pursuant to 28 U.S.C. §1334 and the *Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York*, dated July 14, 1984 (Ward, Acting C.J.).

Without finding it necessary to hear oral argument under Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 8012, the District Court, which had jurisdiction to do so pursuant to 28 U.S.C. §158(a)(1), properly affirmed both the Disallowance Order and the Reconsideration Order.[2]

## STATEMENT OF ISSUES

Whether this Court should overrule or, for the first time, limit its clear holding in *Bianco v. Erkins (In re Gaston & Snow)*, 243 F.3d 599 (2d Cir. 2001), *cert. denied*, 534 U.S. 1042 (2001) ("*Gaston*"), in adherence to which the Courts below properly applied New York's borrowing statute to bar Statek's state law

---

(Continued)
Coudert. References herein to the Joint Appendix and the Special Appendix are "A-__" and "SPA-__", respectively.

[2]   While Statek timely filed a Notice of Appeal from the District Court Affirmance, it is not clear that Statek's initial appeal from the Disallowance Order was timely as it was not filed until after the Reconsideration Order. *See, e.g., In re F. Elliot Siemon*, 421 F.3d 167, 169 (2d Cir. 2005); 10 *Collier on Bankruptcy* ¶9023.03 (15th ed. 2009) at 9023-4; *see also* SPA-46, n 7.

2

Claim for negligence, which Claim Statek conceded was time barred under New York's applicable statute of limitations.[3]

## STATEMENT OF THE CASE

Nothing in Statek's "Statement of the Case" detracts from this Court's clear holding in *Gaston* which was properly applied by the Bankruptcy Court to disallow Statek's Claim. As demonstrated below, Statek's efforts to distinguish or limit *Gaston* are unconvincing and unavailing. Moreover, Statek's statement is dedicated to falsely portraying it as having been unfairly and unexpectedly deprived of an active, properly sited and timely filed case in the United States District Court for the District of Connecticut (respectively, the "Connecticut Action" and the "Connecticut District Court") by the application of *Gaston*. However, nothing could be farther from the truth than the impression Statek seeks to create.

In reality:

(1) at the time Statek filed its Connecticut Action, it was aware that Coudert, a New York partnership, was in dissolution (A-9, ¶ 4);

---

[3] Respectfully, a single panel of this Court would be without power to overrule *Gaston*. *See, Shipping Corp. of India LTD v. Jaldhi Overseas PTE LTD*, 585 F.3d 58, 67 (2d Cir. 2009).

3

(2) the Connecticut Action was dismissed at its earliest stages, before an answer was filed, on forum *non conveniens* grounds (A-193; A-1·172-1214);

(3) the Connecticut District Court held that "Connecticut has very little connection to the claims raised in the present complaint. . . there is very little connection to Connecticut" (A-1203);

(4) that Court, while holding in abeyance Coudert's motion to dismiss for lack of personal jurisdiction, further held: "it's not at all clear . . . that there is personal jurisdiction... and it's not apparent to me . . . why Connecticut has much, if any, connection to this dispute." (A-1180);

(5) Statek intentionally, deliberately and unequivocally chose to have its Claim mediated and then determined in the Bankruptcy Court (pp. 6-10, *infra*); and

(6) Statek cannot demonstrate that even a Connecticut court would have applied Connecticut's statute of limitations, or that its complaint was timely thereunder.

Thus, contrary to the theme underlying Statek's papers, it is neither surprising nor unfair, but rather, entirely correct, that Statek's Claim was disallowed by the Bankruptcy Court which properly followed this Court's holding in *Gaston*.

4

On November 5, 2005, Statek and its alleged parent, Technicorp Interna-
tional II, Inc. ("TCI II"), commenced a Connecticut state court action against
Coudert (and other defendants) alleging, *inter alia*, that Coudert breached its pro-
fessional duty of care by allegedly failing to turn over all files to the plaintiff more
than nine years earlier in July, 1996.[4]  Statek further alleged that this damaged
Statek and TCI II by allegedly delaying and hampering their ability to collect
assets misappropriated by their officers and directors, Hans Frederick Johnston and
Sandra Spillane, who had solely and exclusively operated TCI II.  (A-10, ¶ 13.)
The complaint also alleged that Coudert was a New York partnership which was
already in dissolution.  (A-9, ¶ 4.)

Although Statek now asserts that it filed its complaint in reliance on
Connecticut law (Brief for Appellant Statek Corporation ("Statek Br."), p. 4), its
complaint referred to <u>only</u> New York law (A-36-41) and Statek subsequently
asserted that its claims were based on English law.  (A-340.)

On or about February 3, 2006, Coudert filed a pre-answer motion to dismiss
Statek's complaint on the grounds of lack of personal jurisdiction and forum *non*
*conveniens.*  On September 22, 2006, while that motion was pending, Coudert,
which had been headquartered in New York for over 150 years, and which had

---

[4] The complaint alleged numerous types of wrongdoing by Coudert, including that
it was complicit with Johnston and Spillane; those (baseless) allegations were all
abandoned when Statek amended its complaint.

been in dissolution for some time, filed a bankruptcy petition in the Bankruptcy Court. On or about January 30, 2007, Statek and TCI II filed their Claim in the approximate amount of $85,000,000, expressly incorporating the Connecticut Action's complaint.

Coudert's motion to dismiss the Connecticut Action was also still pending when, on or about March 23, 2007, Coudert removed it to the Connecticut District Court pursuant to 28 U.S.C. §§1452 and 1334 and Fed. R. Bankr. P. 9027. (A-47.)

Although Statek sought relief from the automatic stay, it voluntarily agreed to resolve its motion for relief by stipulation, dated September 5, 2007, which allowed for discovery only regarding, and decision by the Connecticut District Court on, Coudert's pending dispositive motion to dismiss. (A. 188-192.)[5]

On February 21, 2008, the Connecticut District Court issued its decision on Coudert's motion, stating it would hold the jurisdictional motion in abeyance and granting Coudert's motion to dismiss the action on the grounds that the forum was inconvenient. As noted above, the Court held: "I think the plaintiff's choice of forum should not be given significant weight in part because Connecticut has very little connection to the claims raised in the present complaint. . . there is very little connection to Connecticut." (A-1203.)

---

[5] The stipulation also provided for the classification of Statek's Claim in the Bankruptcy.

In explaining its decision, the Court further held that either New York or
England would be "preferable to Connecticut as alternatives…" and that "either of
those courts would be a more convenient place in terms of traditional factors than
would Connecticut." (A-1205-06.)

The Connecticut District Court further found:

> … there is not any great interest on the part of
> Connecticut to have this case heard here, it seems to me,
> neither plaintiff having, either in one case or in the other
> case, any significant connection to the state . . . [B]oth
> England and New York have a greater public interest in
> having this matter heard than does the State of
> Connecticut.

(A-1206-07.)  The Connecticut District Court also <u>expressly declined</u> Statek's
request to transfer the action to New York pursuant to 28 U.S.C. §1404.  (A-1192,
1207.)

Finally, although the Connecticut District Court did not reach the issue of
personal jurisdiction, it noted:

> <u>it's not at all clear . . . that there is personal jurisdiction</u>
> over either the firm or the remaining individual partner
> in that firm. . . There's a fairly strong showing that the
> matter arises out of activities that occurred principally
> abroad, and <u>it's not apparent to me . . . why Connecticut</u>
> <u>has much, if any, connection to this dispute.</u>

(A-1180; emphasis supplied.)

On Statek's motion, the Connecticut District Court issued an Order dated
March 5, 2008, superseding its original decision by making the dismissal

7

contingent upon Coudert waiving any defense based upon the running of the statute of limitations during the period from the commencement of the Connecticut Action to the refiling of the case by Statek and stipulating to relief from the automatic stay to allow the plaintiffs to re-file the case. (A-215.)

Coudert declined to agree to these conditions and, although the Connecticut District Court had judicially determined that Connecticut was not a proper forum, the action was not dismissed. It remained stayed by Coudert's bankruptcy.[6]

On or about June 2, 2008, Statek moved again in the Bankruptcy Court for relief from the automatic stay. However, it is absolutely untrue to state, as Statek does, that the stay was "lifted ...to permit the parties to continue with the Connecticut action." (Statek Br., p. 3.) Rather, perhaps to avoid the renewal of the motion to dismiss the Connecticut Action on jurisdictional grounds – which the Connecticut District Court had indicated a likelihood of granting – Statek once more agreed to settle its application for less than the relief sought. The resulting stipulation of the parties, so ordered by the Bankruptcy Court on or about August 21, 2008 (A-350-357), provided that:

---

[6] The Connecticut Action was dismissed on August 31, 2009, without prejudice to its pursuit in the Bankruptcy Court and without prejudice to Statek moving to reopen the case. (A-1229.) Statek argues that the District Court below erred in describing this dismissal. (Statek Br., p 17.) Even if this is so, it is irrelevant to the decisions below.

8

(a) Statek could file an amended complaint in the Connecticut Action to be incorporated in its Claim and to which Coudert would not be required to respond (*id.*, ¶¶2, 3);

(b) the parties would mediate Statek's Claim before Bankruptcy Judge Cecelia Morris pursuant to the Bankruptcy Court's General Mediation Order, and not before a magistrate of the Connecticut District Court as Statek originally requested (*id.*, ¶¶ 4, 5, 9 and p. 4);

(c) the parties would engage in limited discovery and the Bankruptcy Court retained jurisdiction over any discovery disputes (*id.*, ¶ 6); and

(d) Judge Morris would report the results of the mediation to the Bankruptcy Court (and not the Connecticut District Court), which, in the absence of a settlement, would then decide how to proceed  (*id.*, ¶¶11, 12).

Following limited discovery and after a number of mediation sessions, the parties agreed to present Coudert's motion to disallow the Claim to the Bankruptcy Court. (SPA-10.)  Coudert moved to disallow Statek's Claim on the grounds that it was time barred and on the grounds that it did not state a claim.  Statek, fully participating in the resolution of these issues by the Bankruptcy Court, opposed the motion on the merits and purported to cross-move for summary judgment on liability. (SPA-10.)

9

Judge Drain advised the parties that he would not entertain a summary judgment motion and that, "given the nature of the claim and the objections to it," and with the consent of the parties (SPA-7), he would incorporate in the claims disallowance motion the rules applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 9014. (SPA-9.) After substantial briefing and lengthy oral argument, in accordance with this Court's clear holding in *Gaston*, the Bankruptcy Court issued the Disallowance Order disallowing Statek's Claim as time barred by operation of New York's borrowing statute.

Statek moved for reconsideration arguing, as it had <u>not</u> done in opposing the disallowance motion, that Connecticut's statute of limitations should apply. The Bankruptcy Court properly exercised its plenary discretion to deny that motion as Statek had provided no basis for reconsideration. (SPA-43-50.) Although Statek purports to take this appeal from the Reconsideration Order, it provides no argument or grounds for overturning that entirely proper and correct decision.

By Order and Opinion of Judge Alvin K. Hellerstein, entered June 14, 2010, the District Court affirmed the Bankruptcy Court's Disallowance Order and Reconsideration Order in all respects and this appeal followed. (SPA-1-6.)

Statek acknowledges that in *Gaston* this Court clearly held that "in a case based on bankruptcy jurisdiction and without a countervailing federal interest, the court applies the choice of law rules of the state in which it sits." (Statek Br., p. 4.)

Statek does not assert there is any countervailing federal interest here, but complains that the Courts below applied *Gaston* "mechanically." However, there is nothing "mechanical" – or reversible – about the proper application of binding precedent.

Nonetheless, Statek argues that rather than follow *Gaston*, the Courts below should have followed the rulings of two earlier bankruptcy court decisions, *In re Segre's Iron Works, Inc.*, 258 B.R. 547 (Bankr. D. Conn. 2001), and *In re Ovetsky*, 100 B.R. 115 (Bankr. N.D. Ga. 1989). However, as will be developed below, *Segre's* reflects a line of cases expressly rejected by this Court in *Gaston*, and nothing in the out-of-circuit *Ovetsky* supports limiting this Court's clear holding in *Gaston*.

Similarly, Statek's reliance on *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156 (1946), is misplaced. This Court expressly distinguished *Vanston* in its ruling in *Gaston* and nothing in *Vanston* supports Statek's apparent notion that the Bankruptcy Court was free to ignore all legal principles to come to what Statek would view as a "just" result. Moreover, the Supreme Court in *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 24 (2000), clearly held that *Vanston* does not apply, as Statek here asserts, to the validity of claims in the first instance.

Finally, and in any event, since Statek: (a) waited years to pursue Coudert; (b) elected to do so in Connecticut, a jurisdiction with no connection to its Claim, where Coudert was likely not subject to personal jurisdiction, and where the case was dismissed in its earliest stages; and (c) eventually chose to have its Claim determined in the Bankruptcy Court, there is simply nothing unjust about the result here.

The orders below were each correct and should be affirmed.

### STATEMENT OF FACTS

As set forth in full below, the gravamen of Statek's Claim against Coudert is that Coudert failed in 1996 – nine years before Statek commenced the Connecticut Action – to provide all documents to Statek relating to work Coudert had done while Statek and its parent were controlled by two individuals later found liable for defrauding the companies.  As a result, Statek alleges, it was hampered in its ability to collect on the judgments it obtained against those individuals.

Coudert submits that Statek's Claim is without merit.  In fact, should the Claim survive, which it should not, the evidence will demonstrate that Coudert did not act improperly.  Moreover, because any information provided by Coudert was available to Statek from many other sources, regardless of when Coudert provided

12

it, Statek would be entirely unable to prove any compensable damages flowing from any actions by Coudert.[7]

Statek spends nearly one-third of its brief setting forth its version of the facts which is entirely irrelevant to the legal issue presented by the instant appeal and which is offered with virtually no record support.

Moreover, despite its lengthy submission, Statek fails to acknowledge two facts which are ultimately fatal to its appeal for reasons described below. First, it is clear that Statek for reasons of its own delayed pursuing Coudert for years while it pursued the wrongdoers who had injured it. Second, Statek repeatedly and voluntarily chose to place its Claim squarely in the Bankruptcy Court for decision.

Further, while Statek claims that all its allegations must be accepted as true, Statek's alleged "support" for its version of the facts is largely found, not in its pleading, but in the "Fact Statement" in Statek's papers below and the Evidentiary Appendix submitted by Statek in support of its "cross-motion" for summary judgment before the Bankruptcy Court. The Bankruptcy Court below never considered those factual assertions because it declined to consider the summary

---

[7] For example, Statek asserts that Coudert failed to produce documents to it in 1996 relating to the involvement of David Alford in Statek and relating to real estate in the Bahamas which may have been purchased with Statek funds. (Statek Br., p. 11.) However, Statek previously conceded that it knew Alford was involved in the company from other sources and knew enough to inquire about Bahamas real estate in 1996. (A-745-747.)

13

8-38

judgment motion and Coudert did not have the opportunity or need to respond to them. For this reason too, these "facts" too should be disregarded.[8]

For its appellate review, it is enough for this Court to take note that Statek's Amended Complaint (A-389) alleges that since 1984, Statek and TCI II were, with the consent of Miklos Vendel (the alleged equitable owner of TCI II, which in turn allegedly owns Statek), under the control of Johnston and Spillane, both officers and directors of TCI II and Statek. In 1993, Mr. Vendel commenced an action in Delaware for access to the books and records of the companies. In 1994, Vendel commenced another action and obtained a determination in January, 1996, from the Delaware Chancery Court, that he, and not Johnston or Spillane, was the lawful director of TCI II. In the course of that proceeding, or from the records obtained following the earlier suit, Statek learned that Coudert's U.K. affiliate had been retained by Johnston and Spillane to perform certain legal services. (A-747-749.)[9]

Thus, by January, 1996 – over nine years before Statek commenced suit against Coudert – Statek was aware of Johnston's and Spillane's wrongdoing and

---

[8] In addition, the allegations of Statek's complaint are not entitled to blind deference on a motion to dismiss. The factual allegations of the pleading must "be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct 1937, 1945-50 (2009); *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004).

[9] In the interest of simplicity, this affiliate too is referred to herein as "Coudert."

of the fact that Coudert had been advising them while they controlled Statek and TCI II, a fact the Bankruptcy Court found most compelling. (SPA-40-41.)

Indeed, on January 15, 1996, almost immediately following the change in control of TCI II, Statek wrote to Coudert inquiring about any credit balance being held for Statek and directing Coudert not to transfer any funds belonging to Statek without authorization. (*See*, SPA-15-16; A-9; A-383.) [10]

In June, 1996, Statek and TCI II brought suit against Johnston and Spillane in Delaware alleging fraud, breach of fiduciary duty and corporate waste (the "Fraud and Waste Action"). In July, 1996, Statek and TCI II notified Coudert of the suit and asked Coudert to provide additional information. Coudert provided information and certain files to Statek on or about September 17, 1996, again over 9 years before Statek commenced the Connecticut Action. (*See*, SPA-15-16; A-384.) Statek alleges that Coudert failed at that time to produce all relevant files. (Statek Br., p. 8.)

---

[10] In its brief (Statek Br., p. 10), Statek implies it learned about Coudert's involvement in mid 1996. However, the fact that Statek's attorney wrote to Coudert in January, 1996 belies this statement. Indeed, Statek's Ms. Werren had admitted that she knew Coudert had done work for Statek earlier. (A-747-49.)

15

In May, 2000, the Delaware Court issued its decision in the Fraud and Waste
Action, in favor of Statek and TCI II and against Johnston and Spillane.[11]  Statek
then allegedly undertook to collect on the judgment against Johnston and Spillane,
who the Delaware Court noted "moved money…with an élan and skill of a drug
cartel consigliore." *Technicorp Int'l. II, Inc. v. Johnston*, 2000 WL 713750, ** 1-2
(Del. Ch. May 31, 2000); *see also* SPA-9-10.[12]

Among Statek's attempts at collection was filing an involuntary bankruptcy
proceeding against Johnston in England.  (A-100, ¶ 12.)  A trustee was appointed
on October 2, 2002, and <u>almost immediately</u>, on October 22, 2002, contacted
Coudert asking for additional files, thus demonstrating that, no later than October,
2002, Statek believed it had not received all information from Coudert – the
gravamen of Statek's claim here.  (A-620; SPA-41.)  Statek still did not sue
Coudert for over three more years.

On November 4, 2002, three years before Statek commenced suit against it,
Coudert provided additional information apparently received by the English trustee
on or about November 7, 2002.  (A-621.)  Since the trustee was appointed at the

---

[11]  While Statek refers to a judgment in excess of $30 million, the judgment found
Johnston and Spillane liable to Statek in the amount of $19,812,942, and liable to
TCI II, in the amount of $10,501,329.  Although its Amended Complaint
eliminated TCI II as a plaintiff, Statek did not reduce its proof of claim to eliminate
the over $10 million in damages TCI II, and not Statek, had been awarded.

[12]  Plainly, Statek's alleged injury was caused by these fraudsters and not by any
alleged record keeping errors by Coudert.

16

behest of Statek, it is reasonable to attribute his knowledge and information to Statek.[13]

On July 26, 2004 – over a year before Statek commenced suit against Coudert, the trustee again wrote to Coudert stating that his purpose was "to clarify whether or not you have provided full disclosure of your files to Statek as we think that may not be the case." (A-626.)  Nonetheless, Statek and TCI II waited 16 additional months (on top of the eight years which had already passed since it first contacted Coudert) before commencing suit.

On November 5, 2005, Statek and TCI II commenced the Connecticut Action alleging that Coudert's alleged failure to turn over all of its files nine years earlier in July, 1996, constituted a breach of the professional duty of care. (A-32, ¶139.)  The subsequent procedural history is set forth above in the Statement of the Case and will not be repeated herein.  However, the foregoing demonstrates that Statek had ample opportunities to pursue Coudert since 1996.  It chose to wait nine years to do so while it was pursuing the real wrongdoers, Johnston and Spillane.

Having set its priorities and then, when it finally turned to Coudert, chosen to chart its course in the Bankruptcy Court, Statek may not now complain that its Claim was properly time barred by the lower court's proper application of the

---

[13] For the first time in its brief, Statek unbelievably asserts that Coudert's provision of documents to the trustee who Statek had appointed and on whom it relied to locate assets (A-100, ¶ 12; A-486-87) was wrongful. (Statek Br., p 50.)

choice of law principles of New York, which in any event has been judicially found to have a more significant relationship to the Claim than Connecticut (A-1206-07.)

Statek has offered no grounds for disregarding the clear, applicable and binding holding of this Court in *Gaston*. The District Court Affirmance must be affirmed.

## STANDARD OF REVIEW

Statek correctly states that the Court of Appeals reviews the Bankruptcy Court's conclusions of law *de novo* and that findings of fact are disturbed only when clearly erroneous. However, Statek also appears to argue that the Bankruptcy Court improperly exercised its discretion. To the extent that the Court below exercised or failed to exercise its discretion or equitable authority, the review of the District Court is for abuse of discretion. *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010); *In re Wireless Data, Inc.*, 547 F.3d 484, 492 (2d Cir. 2008) ("We accord deferential review to a bankruptcy court's exercise of its equitable authority...and we will reverse only for abuse of discretion"); *In re Flanagan*, 503 F.3d 171, 179 (2d Cir. 2007).

Under these standards, the Disallowance Order, the Reconsideration Order and the District Court Affirmance were all correct and should be affirmed.

## SUMMARY OF ARGUMENT

Statek's hope for success here hinges entirely on its ability to demonstrate that Connecticut's statute of limitations should apply and that its Claim would be timely thereunder.  It cannot make this showing because the Bankruptcy Court properly followed this Court's direction in *Gaston* and applied the law choice of rules of the forum, New York, as embodied in its borrowing statute, CPLR 202. Statek conceded that the Claim would be barred under New York's three year statute of limitations.  Pursuant to the borrowing statute, no longer period could save Statek's Claim and Statek's claim therefore was time barred.  (SPA-23.)[14]

Statek therefore attempts to distinguish or limit *Gaston*.  However, its efforts to rely on earlier and/or out of circuit decisions that relied on law the Court rejected in *Gaston*, are unpersuasive and unavailing.  Similarly, its effort to limit *Gaston* to adversary proceedings is without support in *Gaston* or elsewhere. Indeed, in deciding *Gaston*, this Court relied on the reasoning of *In re Merritt Dredging Co.*, 839 F. 2d 203, 206 (4th Cir. 1988), where the court held that the forum's choice of law rules applied to the bankruptcy trustee's objection to the creditor's claim.

---

[14] Statek's cause of action accrued no later than on September 17, 1996 when Coudert (allegedly) failed to turn over all files to it.  (The Bankruptcy Court indicated it might have accrued earlier in 1996 or before (SPA- 40-41.))  It ran, under New York's applicable three year statute of limitations (CPLR 214), on September 17, 1999, six years before Statek filed suit.

19

8-44

Moreover, *Gaston* <u>has uniformly been followed in this Circuit, and also</u> <u>followed elsewhere, in cases, such as this, involving the disallowance of claims.</u> See, *In re Worldcom, Inc.*, 2006 WL 3782712 at * 8, n. 3 (Bankr. S.D.N.Y. Dec. 21, 2006); *In re Rolling Thunder Gas Gathering, L.L.C.*, 348 B.R. 803, 809 (Bankr. D. Kansas 2006); *In re Dow Corning*, 419 F.3d 543, 548 (6th Cir. 2005), and in myriad other areas.

Nor may Statek avoid *Gaston*'s holding by relying on, or analogizing to, cases under 28 U.S.C. § 1404, which hold that, in the event of transfer under that statute, the transferee Court should apply the law of the transferor Court. This is so for the simple reason that Statek's Connecticut Action was <u>not</u> transferred to the Bankruptcy Court. Indeed, the Connecticut District Court expressly <u>declined</u> to transfer the case to New York as Statek requested. (see, A-196, A-197, A-198, ¶15; A-1192, A-1207.)

Indeed, far more analogous is *In re Kaiser Group Int'l Inc.*, 2010 WL 3271198 *5 (D. Del. Aug. 17, 2010), where the Court held that when a case is transferred from one district to another by virtue of the pendency of a bankruptcy case, the law of the <u>transferee</u> applies. There, as here, the bankruptcy court applied the choice of law rules of the forum to bar the claim (this time the Debtor's) which had originally been asserted in state court elsewhere and then removed to the federal district court.

In a desperate after-the-fact effort to save its Claim from the summary dismissal it deserves, Statek argues that by following the clear holding of *Gaston*, the Courts below unfairly deprived Statek of an action which it alleges was properly sited and had a robust existence in Connecticut.  However, even if this was a relevant concern -- which it is not -- both of these claims are demonstrably false.

Far from being properly venued in Connecticut, the Connecticut District Court dismissed the Connecticut Action on the grounds of forum *non conveniens* stating in the clearest language that: "Connecticut has very little connection to the claims raised in the present complaint. . . there is very little connection to Connecticut" (A-1203) and  "... there is not any great interest on the part of Connecticut to have this case heard here, it seems to me, neither plaintiff having, either in one case or in the other case, any significant connection to the state. " (A-1206-07.)[15]

Additionally, while the Connecticut District Court did not reach Coudert's motion challenging personal jurisdiction, it expressly noted that "it's not at all clear . . . that there is personal jurisdiction over either the firm or the remaining individual partner in that firm. . ." (A-1180.)

---

[15] The subsequent modifying decision of the Connecticut District Court is discussed above at pp. 7-8.  That modification in no way detracts from the court's finding that Connecticut had very little interest in, or connection to, the action.

21

Further, far from being "robust," although some discovery was had, the Connecticut Action was dismissed at its earliest stages before an answer was filed.

In any event, even if the Courts below incorrectly applied *Gaston* – and they emphatically did not – Connecticut's limitations period would not apply. In the absence of *Gaston*, the Bankruptcy Court would have been bound to apply a federal choice of law analysis. Statek insisted below that this analysis should be done pursuant to §142 of the Restatement (Second) of Conflicts (the "Restatement). The Bankruptcy Court properly held that §142 required the application of New York's three year statute of limitations, which Statek conceded would bar its claim.

Statek now asserts that the Courts below should have applied the law of the jurisdiction with the most significant contacts with the Claim. However, it is clear that such an analysis would not call for the application of Connecticut's statute of limitations. Indeed, the Connecticut District Court already determined that Connecticut had little, if any, connection with Statek's claim. (See also, SPA-36-37, 40-41.)

Finally, even if for some reason the Bankruptcy Court determined to simply apply the law which the Connecticut District Court would have applied – and there is no basis in law for this – Statek has not demonstrated that such an exercise

22

would result in the application of Connecticut's statute of limitations or a finding

that Statek's claim was timely thereunder, which it was not.

In short, Statek offers no basis for limiting this Court's plain holding in

*Gaston* or for disturbing the correct orders below.

## ARGUMENT

## POINT I

### THE BANKRUPTCY COURT PROPERLY APPLIED THE CLEAR HOLDING OF GASTON WHICH IS APT AND BINDING HERE

This Court's holding in *Gaston* could not be more clear or less equivocal:

> In deciding this appeal, we are required to resolve an
> issue that has divided the federal courts. The issue is
> whether a bankruptcy court hearing claims that are based
> upon state law and do not implicate federal policy should
> apply federal choice of law rules or whether the rule of
> *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313
> U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), that
> federal courts exercising diversity jurisdiction must apply
> the choice of law rules of the forum state, should be
> extended. Because federal choice of law rules are a type
> of federal common law, which federal courts have only a
> narrow power to create, we decide that bankruptcy courts
> confronting state law claims that do not implicate federal
> policy concerns should apply the choice of law rules of
> the forum state.

243 F.3d at 601-602 (emphasis supplied).

This holding has consistently been adhered to in bankruptcy cases in this

Circuit that have cited it. *See, e.g., In re Michael G. Tyson*, 433 B.R. 68, 97

(S.D.N.Y. 2010); *In re Hydrogen, LLC*, 431 B.R. 337, 346 (Bankr. S.D.N.Y.

23