SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
J. Eric Ivester

    - and –

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Thomas J. Allingham II
Anthony W. Clark

*Counsel for Appellant Statek Corporation*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x<br>In re:<br><br>COUDERT BROTHERS LLP,<br><br>        Debtor.<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x<br><br>STATEK CORPORATION,<br><br>        Appellant,<br><br>v.<br><br>DEVELOPMENT SPECIALISTS, INC.,<br><br>        Appellee.<br><br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x | Chapter 11<br><br>Case No. 06-12226 (RDD)<br><br><br><br><br><br>Case No. 1:13-cv-08578 (LTS) (FM)<br><br><br><br>**ORAL ARGUMENT<br>REQUESTED** |

**APPELLANT STATEK CORPORATION'S REPLY BRIEF**

**TABLE OF CONTENTS**

**Page No.**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 1

A.     The Bankruptcy Court Failed To Comply With The Mandate Of The Court Of Appeals. ........................................................................................................................ 1

B.     Statek Has Not Unreasonably Delayed The Proceedings – Coudert Has. ........................ 7

CONCLUSION ......................................................................................................................... 9

## TABLE OF AUTHORITIES

### CASES

*Arbitrium (Cayman Islands) Handels AG v. Johnston*,
   C.A. No. 13506 (VCJ), 1996 WL 12149 (Del. Ch. Jan. 5, 1996), *aff'd*, 683 A.2d 59
   (Del. 1996)................................................................................................................... 8

*In re Coudert Brothers LLP*,
   673 F.3d 180 (2d Cir. 2012)................................................................................... passim

*In re Coudert Brothers LLP*,
   No. 06-12226 (RDD), 2013 WL 4478824 (Bankr. S.D.N.Y. Aug. 19, 2013).................... 3

*In re Coudert Brothers  LLP*,
   No. 06-12226 (RDD), 2009 Bankr. LEXIS 2602 (Bankr. S.D.N.Y. Sept. 8, 2009).............. 6

*Technicorp International II, Inc. v. Johnston*,
   C.A. No. 15084 (VCJ), 2000 WL 713750 (Del. Ch. May 31, 2000)................................. 8

*In re Virgin Atlantic Airways, Ltd. v. National Mediation Board*,
   956 F.2d 1245 (2d Cir. 1992)............................................................................................ 6

### RULES & REGULATIONS

Fed. R. Civ. P. 12(b)(6)............................................................................................................ 4

Fed. R. Civ. P. 59.............................................................................................................. 6, 7

This is Statek's[1] reply in support of its appeal from the bankruptcy court's orders and decisions on remand and denying Statek's motions to reconsider the court's claim disallowance order and remand decision (S-672-73, S-644-71, S-778-79).

## PRELIMINARY STATEMENT

Coudert's distortions of the record in its opposition brief (cited "Opp. Br. at __") are too numerous to list and rebut, one by one, within the limits of this reply.  But this pattern of misstatements and misrepresentations reveals a cynical strategy by Coudert – or, rather, its insurers and their lawyers – to obfuscate and complicate matters that are really quite simple, in the hope that this Court will (i) be blinded to what the Court of Appeals already has decided (*i.e.*, that Connecticut law must be applied), and (ii) somehow come to accept Coudert's "No New Argument Grounds" argument (*see* Opp. Br. at 3) – one that Coudert asserts is clear and compelling, yet Coudert itself did not think to make the argument on remand, that is, until the bankruptcy court raised it *sua sponte*.

We correct below some of the more egregious liberties Coudert has taken with the record.  But in considering Coudert's brief, the Court should be cautious about accepting anything it says at face value, particularly where, as most often is the case, it provides no record citations to support its positions.

## ARGUMENT

A.   **The Bankruptcy Court Failed To Comply With The Mandate Of The Court Of Appeals.**

The mandate of the Court of Appeals on the prior appeal could not have been clearer:

---

[1] Defined terms and citation forms from Statek's opening brief (cited "Statek Br. at __") are also used herein.

> [T]he bankruptcy court's denial of Statek's motion for reconsideration is REVERSED, and the case is REMANDED … to the bankruptcy court with instructions to apply Connecticut's choice of law rules in deciding Statek's motion to reconsider.

*In re Coudert Bros. LLP*, 673 F.3d 180, 191 (2d Cir. 2012) (S-105).  It is equally clear that, on remand, and contrary to the Second Circuit's order, the bankruptcy court did not "***apply*** Connecticut's choice of law rules ***in deciding*** Statek's motion to reconsider."  *Id.* (emphasis added).  Rather, the bankruptcy court explicitly denied Statek's reconsideration motion on the same grounds as before (*i.e.*, that Statek was barred from urging that Connecticut law applies) and, in so doing, adhered to its initial decision applying New York law.  So how does Coudert manage to argue that "the Decision on Remand is entirely consistent with the mandate of the Second Circuit"?  (Opp. Br. at 1)  By misrepresenting, misstating and rewriting the record to suit its desired result.

First, Coudert flatly denies that the Second Circuit's above-quoted mandate said what it plainly says.  According to Coudert, "[t]he Second Circuit <u>did not</u>, as it surely could have, simply reverse the denial of reconsideration, … or reverse the denial and remand for further proceedings on Statek's claim."  (Opp. Br. at 12) (emphasis in original)  Yet that is ***exactly*** what the Court of Appeals expressly ruled, as ***quoted*** above – (i) "the bankruptcy court's denial of Statek's motion for reconsideration [was] REVERSED", and (ii) "the case [was] REMANDED … to the bankruptcy court", "for further proceedings on Statek's claim" in Coudert's words, but with explicit "instructions to apply Connecticut's choice of law rules in deciding Statek's motion to reconsider."  *In re Coudert Bros. LLP*, 673 F.3d at 191 (S-105).  Coudert's assertion that the mandate does not so state is false.[2]

---

[2] It is worth noting that while its brief acknowledges "the plain language of the Second Circuit's mandate" (Opp. Br. at 12; *see also id.* at 14) and repeatedly purports to describe what it says (*see,*
*(cont'd)*

Second, Coudert rewrites the ruling on appeal, insisting that the Court of Appeals merely "directed the bankruptcy court to <u>consider</u> Statek's motion which it did consistently with the holdings above." (Opp. Br. at 12-13) (emphasis in original.) But that is **not** what the Second Circuit's mandate said. On the issue of what law would apply to Statek's motion – New York or Connecticut – the Court of Appeals left nothing for the bankruptcy court to "<u>consider</u>" but, rather, **ordered** that Connecticut law be **applied** in deciding whether Statek's claim should be allowed.

As Statek's opening brief noted, on remand "the bankruptcy court did analyze the timeliness of Statek's claim under Connecticut law[.]" (Statek Br. at 6, n.11) In defense of its own decision, the bankruptcy court concluded that, by performing this analysis, it "applied Connecticut's choice of law rules as required by the remand,"[3] and Coudert, of course, agrees.[4] But this Connecticut law analysis was purely hypothetical; it in no way affected the bankruptcy court's denial of the reconsideration motion and, therefore, was mere *dicta* – "[o]pinions of a judge which do not embody the resolution or determination of the court"[5] – and certainly did not "**apply** Connecticut's choice of law rules in **deciding** Statek's motion to reconsider." *In re*

---

*(cont'd from previous page)*
  e.g., *id*. at 3, 4, 12-13), Coudert assiduously avoids using or fully quoting the actual words of the mandate itself.

[3] *In re Coudert Bros. LLP*, No. 06-12226 (RDD), 2013 WL 4478824, at *2 (Bankr. S.D.N.Y. Aug. 19, 2013) (S-647).

[4] *See* Opp. Br. at 11, n.9 ("it is clear that the bankruptcy court <u>did not</u> apply New York law, but carefully analyzed Connecticut law … and <u>did not</u> deny Statek's motion as untimely.") (emphasis in original). This is yet another misstatement. In fact, on remand, the bankruptcy court did deny Statek's reconsideration motion as untimely – because, it said, Statek raised the Connecticut law argument too late – and the result of that denial was to leave in place the court's original ruling on the disallowance motion that Statek's Connecticut state court complaint was time-barred under New York law.

[5] *Black's Law Dictionary* at 540 (Revised Fourth Edition 1968).

3

*Coudert Bros. LLP*, 673 F.3d at 191 (S-105) (emphasis added).  In fact, the result of what the bankruptcy court did was to leave in place its original decision disallowing Statek's claim as time-barred under New York law, which the Court of Appeals found to be clearly erroneous and reversed.  If the bankruptcy court's approach on remand were to be upheld, that would make the Second Circuit's entire decision *dicta*, since its determination that Connecticut, not New York, law should control the viability of Statek's claim would become meaningless and have no impact on the resolution or determination of that claim.[6]  That could not possibly have been the Second Circuit's intention.

        Another one of Coudert's more astounding misrepresentations occurs in its discussion of the bankruptcy court's Connecticut law analysis, where Coudert refers to "the lack of clarity to the timeliness of Statek's claim under Connecticut law, **which Statek does not contest**[.]"  (Opp. Br. at 11) (emphasis added)  Statek very much contests any assertion that its claim was untimely under applicable Connecticut law, and Coudert knows it.  Moreover, as Coudert also knows, because its disallowance motion was treated as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the burden was on Coudert to show that Statek's claim was time-barred, and not on Statek to show that the claim was timely.  Therefore, as the bankruptcy court acknowledged (*see* Statek Br. at 6, n.11), any "lack of clarity to the timeliness of Statek's claim under Connecticut law" is fatal to Coudert's disallowance motion.

---

[6] This is particularly true given the bankruptcy court's candid acknowledgment, grudgingly admitted by Coudert here, that if Connecticut's choice of law rules actually ***had*** been applied to Statek's reconsideration motion and Coudert's disallowance motion, the decision disallowing Statek's claim would have been vacated.  (*See* Statek Br. at 6, n.11 and 8, n.14; Opp. Br. at 11 ("the bankruptcy court stated that if it were compelled to grant reargument, it would deny [Coudert's] motion to disallow" Statek's claim))

4

Coudert also misstates the record in arguing that, on remand, "the bankruptcy court's exercise of its plenary discretion[7] to deny reconsideration based on ***Statek's entirely new arguments*** (which arguments were contrary to those on which Statek initially relied) was proper and appropriate under long-standing authority in the Second Circuit." (Opp. Br. at 3) (emphasis added) Statek made no new argument on remand on the issue of which state's law should apply to its reconsideration motion; its argument was exactly the same as before, and throughout, the prior appeal – that Connecticut, not New York, law should apply to its reconsideration motion. Coudert also offered no new arguments in its opposition on remand – after the bankruptcy court suggested *sua sponte* that it should do so, Coudert simply urged once again (just as it had to the Court of Appeals) that because Statek had not argued for Connecticut law in its original opposition to Coudert's disallowance motion, it could not do so in its reconsideration motion.[8]

After hearing both sides of this argument on the prior appeal, the Court of Appeals ruled that

> the bankruptcy court's denial of Statek's motion for reconsideration is REVERSED, and the case is REMANDED … to the bankruptcy court with instructions to apply Connecticut's choice of law rules in deciding Statek's motion to reconsider.

---

[7] As the Second Circuit held on the last appeal, "a bankruptcy court would *necessarily* abuse its discretion if it based its ruling on an erroneous view of the law[.]" *In re Coudert Bros. LLP*, 673 F.3d at 186 (emphasis in original) (citation omitted) (S-95).

[8] *See* Statek Br. at 5-6, 11. *See also* Brief For Appellee Development Specialists, Inc., Plan Administrator For Coudert Brothers, LLP, at 10, *In re Coudert Bros. LLP*, No. 10-2723-cv (2d Cir. Feb. 1, 2011) (S-35). Coudert also argues that "it is so obvious" that its "No New Argument Grounds" were never raised on the prior appeal and, therefore, were not decided by the Court of Appeals and remained law of the case for the bankruptcy court to rely upon in its "patently correct" remand decision reinstating the reconsideration denial based on New York law that was reversed by the Second Circuit. (*See* Opp. Br. at 12, 14-20) But if all of this was so patently obvious, why didn't Coudert think to make the argument to the bankruptcy court on remand before the court raised it *sua sponte*?

*In re Coudert Bros. LLP*, 673 F.3d at 191 (S-105).  On this record, the bankruptcy court had no discretion on remand to "apply" any law but "Connecticut's choice of law rules in deciding Statek's motion to reconsider."  *Id.*  Yet by reinstating the original reconsideration denial that had been reversed by the Court of Appeals, as well as the disallowance decision, the bankruptcy court re-applied New York law to time-bar Statek's claim, just as it did before.  That was reversible error, and no amount of semantic massaging of the record can change that.[9]

Lastly, as for Coudert's Fed. R. Civ. P. 59 argument (Opp. Br. at 20-24), Statek has never argued that the Court of Appeals "intended to abandon" any "long-standing authority in this Circuit" about the application of Rule 59, nor did the Second Circuit need to do so in ruling for Statek as it did.  Regardless of any other general considerations under Rule 59 – such as Coudert's "No New Argument Grounds" – reconsideration always has been available "to correct a clear error or prevent manifest injustice."[10]  While only one of these standards needs to be met in order to justify reconsideration, both are satisfied here.

As for the first standard, the Court of Appeals found a clear legal error in the bankruptcy court's decision to apply New York, instead of Connecticut, law on Statek's reconsideration motion.  *In re Coudert Bros. LLP*, 673 F.3d at 191 (S-104) (bankruptcy court's application of New York law in connection with Statek's reconsideration motion "constituted a legal error, and thus *ipso facto* was an abuse of discretion").  As for the second standard, the

---

[9] Thus, Coudert's argument that "[t]he issue on this appeal is not whether the Bankruptcy Court erred in disallowing Statek's Claim pursuant to New York's statute of limitations" (Opp. Br. at 2), is yet another misstatement.  That is precisely the issue on this appeal – when the Court of Appeals unequivocally told the bankruptcy court to apply Connecticut law on remand, the bankruptcy court had no discretion to re-apply New York law.

[10] *In re Coudert Bros. LLP*, No. 06-12226 (RDD), 2009 Bankr. LEXIS 2602, at *10 (Bankr. S.D.N.Y. Sept. 8, 2009) (S-4).  *See also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Second Circuit's decision also supports a finding of manifest injustice: "it would be *fundamentally unfair* to allow Coudert's bankruptcy, coming as it did in the midst of the Connecticut action, to deprive Statek of the state-law advantages adhering to the exercise of its venue privilege." *Id.* at 190 (S-103) (emphasis added). The "state-law advantages" that the Court of Appeals expressly ruled Statek is entitled to include "the bankruptcy court … apply[ing] Connecticut's choice of law rules in deciding Statek's motion to reconsider." *Id.* at 191 (S-105). Thus, even under Rule 59, the bankruptcy court had no discretion to refuse to follow the mandate of the Court of Appeals. The bankruptcy court's failure to comply with that mandate is reversible error.

**B.      Statek Has Not Unreasonably Delayed The Proceedings – Coudert Has.**

In its final lengthy footnote, Coudert argues that Statek's statement of facts should be "disregarded" as "irrelevant to any issue on this appeal," and also because the "allegations are cynically offered by Statek to distract the Court from the fact that" Statek somehow unreasonably has delayed resolution of the parties' dispute. (Opp. Br. at 24, n.18; *see also id.* at 10, n.8)  As usual, Coudert offers no record support for any of its factual claims. In contrast, every single fact stated in Statek's opening brief is supported with citations to the Second Circuit's opinion on the prior appeal. (*See* Statek Br. at 4-6)

Statek does agree that these proceedings have been unreasonably delayed – after all, it has been more than eight years since Statek filed its original complaint in Connecticut state court, yet its claim is still stuck at the pleading stage. But who is responsible, and why would Statek ever want to delay? As between those who seek to recover tens of millions of dollars in damages (Statek) and those sought to be held liable (Coudert and its insurers), who has the incentive to press the litigation, and who has reason to slow roll it? The answer is obvious, and the true record – not some manufactured version – shows why.

The court decisions in the related Delaware litigations make clear that Statek's present management acted promptly and properly to (i) remove their predecessors – the criminals who hired and instructed Coudert during most of its representation of Statek – after their breaches of fiduciary duty and criminal misconduct in stealing Statek's assets were uncovered, and (ii) obtain a $30+ million judgment (plus interest) against the prior management.[11] Moreover, as soon as Statek's present management took control, they directed Coudert to turn over all of its Statek-related files to aid in the effort to trace the stolen Statek assets, and Coudert responded by producing a few files while falsely representing that all had been provided. When Statek finally learned of Coudert's misrepresentation years later, it promptly brought its action against Coudert to recover the damages caused by its failure to turn over all of the Statek files. *In re Coudert Bros. LLP*, 673 F.3d at 183-84 (S-89-91).

Thus, Coudert engineered all of the delays here, and with an obvious motive – it wants, desperately, to avoid the day of reckoning. If Coudert forthrightly had turned over all Statek files when initially requested, or at least honestly told present management that it had not done so, this litigation could have been avoided altogether or brought to a head many years ago. Additionally, ever since Statek filed suit in October 2005, Coudert has fought tooth and nail, and raised every technical legal gambit its lawyers could conceive, to avoid having to defend Statek's claims on the merits. That is the only reason why this litigation has been stalled for so long. Coudert's effort to blame Statek for this delay adds insult to injury and is just one more example of the revisionist history it is trying to foist upon this Court.

---

[11] *See, e.g.*, *Arbitrium (Cayman Islands) Handels AG v. Johnston*, C.A. No. 13506 (VCJ), 1996 WL 12149 (Del. Ch. Jan. 5, 1996), *aff'd*, 683 A.2d 59 (Del. 1996), and *Technicorp International II, Inc. v. Johnston*, C.A. No. 15084 (VCJ), 2000 WL 713750 (Del. Ch. May 31, 2000).

## CONCLUSION

For all of the reasons stated above and in its opening brief, appellant Statek respectfully requests that this Court: (1) reverse the bankruptcy court's decisions on remand and again remand with instructions to (a) grant Statek's first reconsideration motion, (b) vacate the disallowance decision and order, (c) deny Coudert's disallowance motion, and (d) reinstate Statek's claim; and (2) grant Statek such other and further relief as may be warranted.

Dated: New York, New York
      February 13, 2014

Respectfully submitted,

*/s/ J. Eric Ivester*
J. Eric Ivester
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Fax: (212) 735-2000
eric.ivester@skadden.com

- and -

Thomas J. Allingham II
Anthony W. Clark
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001
thomas.allingham@skadden.com
anthony.clark@skadden.com

*Counsel for Appellant Statek Corporation*