UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

IN RE COUDERT BROTHERS LLP,                          Chapter 11
                                                     06-12226-RDD
                    Debtor.

-----------------------------------------------------

STATEK CORPORATION,

                    Appellant,                       13-CV-8578-LTS-FM

                    -against-

DEVELOPMENT SPECIALISTS, INC.,

                    Appellee.

------------------------------------------------------x

<u>MEMORANDUM ORDER</u>

      Statek Corporation ("Statek") appeals from the August 23, 2013, order of the

United States Bankruptcy Court for the Southern District of New York (Drain, B.J.) denying, on

remand from the United States Court of Appeals for the Second Circuit and this Court, a motion

for reconsideration of the bankruptcy court's July 21, 2009, order disallowing Statek's claim

against the estate of Coudert Brothers LLP (the "First Reconsideration Motion"), and the

October 25, 2013, order of the bankruptcy court denying Statek's motion for reconsideration of

the denial of the First Reconsideration Motion (the "Second Reconsideration Motion").  For the

following reasons, the Court affirms the bankruptcy court's decisions denying Statek's motions

for reconsideration.

<u>B</u>ACKGROUND

The procedural history of this matter is, obviously, convoluted.  As the Court assumes the parties' familiarity with the background and facts detailed in Judge Drain's August 19, 2013, Memorandum of Decision on Remand on Statek's Motion for Reconsideration of Claim Disallowance Order, <u>In re Coudert Brothers LLP</u>, No. 06-12226-RDD, 2013 WL 4478824 (Bankr. S.D.N.Y. Aug. 19, 2013) ("Decision on Remand"), the following summary of the procedural history will suffice to outline the context of this decision.  Statek, which had commenced a lawsuit against Coudert in Connecticut state court, in which it asserted claims for, <u>inter</u> <u>alia</u>, breach of professional and fiduciary duties, filed a proof of claim based on the same cause of action in the Chapter 11 bankruptcy proceeding that Coudert subsequently commenced in this District.  In a July 21, 2009, order the bankruptcy court disallowed the claim as time barred under New York choice of law principles, the parties having argued New York and English law as potentially relevant.  <u>In re Coudert Brothers LLP</u>, No. 06-12226-RDD (Bankr. S.D.N.Y. July 21, 2009) (ECF No. 1208).  Statek did not file a timely notice of appeal from the disallowance decision, but did file a motion for reconsideration of the decision, arguing for the first time that Connecticut limitations principles should be applied because Statek's claim had originally been asserted court in that state.  The bankruptcy court denied this First Reconsideration Motion on September 8, 2009, holding that the discretionary grant of relief under the principles established by Rule 59 of the Federal Rules of Civil Procedure was inappropriate because Statek had failed to raise the Connecticut law issue when the merits were litigated and principles of finality militated against affording Statek a second bite at the apple.[1]

---

[1]      <u>See</u> <u>In re Enron Corp.</u>, 352 B.R. 363, 367-68 (Bank. S.D.N.Y. 2006) (motion for reconsideration of a claim disallowance order pursuant to 11 U.S.C. § 502(j) is analyzed

Memorandum Decision and Order Denying Motion Reconsideration at 5, <u>In re Coudert Brothers LLP</u>, No. 06-12226-RDD (Bankr. S.D.N.Y. September 8, 2009) (ECF No. 1225).  The bankruptcy court further held that Second Circuit precedent compelled the application of New York choice of law principles in light of the assertion of the claim in the New York-based bankruptcy forum.  <u>Id.</u> at 7.

Statek thereafter filed a notice of appeal of the claim disallowance and reconsideration denial decisions to this Court.  By order dated June 14, 2010, the Court (Hellerstein, J.) affirmed the claim disallowance and reconsideration orders on their merits, holding that New York law had properly been applied to determine the timeliness of Statek's claim.  Judge Hellerstein noted, but did not discuss, the bankruptcy court's finding that Statek's choice of law argument had been untimely raised and was therefore an improper basis for reconsideration of the disallowance of Statek's claim.  <u>See</u> <u>In re Coudert Brothers LLP</u>, No. 09-CV-9561-AKH, 2010 WL2382397 (S.D.N.Y. June 14, 2010).

Statek thereafter filed a notice of appeal to the Second Circuit, and its briefing to the Second Circuit identified only the choice of law and limitations issues as the subjects of the appeal.  The Second Circuit, recognizing that "[a] bankruptcy court's denial of a motion to reconsider a disallowed claim is a discretionary decision, reviewed under the familiar and deferential abuse-of-discretion standard," <u>Statek Corp. v. Development Specialists Inc. (In re Coudert Brothers LLP)</u>, 673 F.3d 180, 186 (2d Cir. 2012), held that the bankruptcy court had abused its discretion by applying an erroneous view of the law insofar as it had read prior

_____

under the standard of Federal Rule of Civil Procedure 59); <u>see</u> <u>also</u> <u>FDIC v. World Univ. Inc.</u>, 978 F.2d 10, 16 (1st Cir. 1992) (rule 59 motion may not be used to argue a new legal theory).

Second Circuit authority to require the application of the choice of law rules of New York, its forum state, when Statek's claim had originally been asserted in a Connecticut state forum, id. at 188, 192.  Further holding that Statek's district court appeal of the disallowance motion had been untimely, the Second Circuit vacated the district court's order affirming the disallowance order, remanded that aspect of the appeal for dismissal for lack of jurisdiction, and also reversed the district court's order affirming the denial of the motion for reconsideration and "REMANDED [the case] to the district court with instructions to REMAND IN PART to the bankruptcy court with instructions to apply Connecticut's choice of law rules in deciding Statek's motion to reconsider." Id. at 191.  This Court, accordingly, remanded the reconsideration motion to the bankruptcy court.  Order Vacating and Remanding the Decision of the Bankruptcy Court, In re Coudert Brothers, No. 09- CV-9561-AKH (S.D.N.Y. Aug. 21, 2012) (ECF No. 25).

In his lengthy August 19, 2013, Decision on Remand, Judge Drain reiterated the narrow standard for reconsideration motions and examined thoroughly the Connecticut choice of law and limitations issues argued by Statek, concluding that, although the claim was barred under Connecticut law on its face, there were unresolved issues of fact relating to whether Statek could proffer valid grounds for a finding that the statute was tolled so as to render the claim timely.  In re Coudert Brothers LLP, No. 06-12226-RDD, 2013 WL 4478824 (Bankr. S.D.N.Y. Aug. 19, 2013).  Judge Drain further concluded that his original decision rejecting the reconsideration motion because it had raised the Connecticut law issue in an untimely fashion was correct under the principles governing reconsideration motions and the law of the case doctrine.  Id.  Accordingly, the bankruptcy court denied the First Reconsideration Motion and left standing its 2009 claim disallowance order.  Order on Remand Denying Statek Corporation's

Motion for Reconsideration, In re Coudert Brothers LLP, No. 06-12226 (Bankr. S.D.N.Y. Aug. 23, 2013) (ECF docket entry no. 1552).

Statek moved for reconsideration of the August 23, 2013, order, arguing that it was inconsistent with the Second Circuit's instructions for proceedings on remand, and appealed the Decision on Remand.  In an oral opinion followed by a written order, Judge Drain denied this Second Reconsideration Motion.  Transcript of Hearing re: Decision on Remand at 26:10-12, In re Coudert Brothers LLP, No. 06-12226-RDD (Bankr. S.D.N.Y. Oct. 24, 2013) (ECF No. 1630); Order Denying Statek's Second Motion for Reconsideration, In re Coudert Brothers, No. 06-12226-RDD (Bankr. S.D.N.Y. Oct. 25, 2013) (ECF No. 1610).  On September 20, 2013, Statek amended its notice of appeal to include an appeal from the denial of the Second Reconsideration Motion.  Amended Notice of Appeal, In re Coudert Brothers, No. 06-12226-RDD (Bankr. S.D.N.Y. Nov. 7, 2013) (ECF No. 1620).

This Court has jurisdiction pursuant to 28 U.S.C. §158(a)(1) of Statek's appeals from the denial on remand of the First Reconsideration Motion and the denial of its Second Reconsideration motions.

<u>DISCUSSION</u>

As the Second Circuit explained in its decision regarding the First Reconsideration Motion,

> A bankruptcy court's denial of a motion to reconsider a disallowed claim is a discretionary decision, reviewed under the familiar and deferential abuse-of-discretion standard. . . . Although this standard affords a bankruptcy judge substantial latitude, 'we nonetheless remain mindful that a bankruptcy court would <u>necessarily</u> abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'

<u>Statek</u>, 673 F.3d at 186 (citations omitted).  <u>See also</u> <u>Devlin v. Transportation Commc'ns Int'l Union</u>, 175 F.3d 121, 132 (2d Cir. 1999) (explaining that determinations under Federal Rules of Civil Procedure 59 and 60 are reviewed on appeal for abuse of discretion).[2]  "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple. . . .'" <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012).  A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced[.]"  <u>Associated Press v. U.S. Dept. of Defense</u>, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

On this appeal, Statek argues, in essence, that the bankruptcy court's decisions should be reversed because the Second Circuit's mandate and instructions on remand left the court no option but to permit litigation of the merits of Statek's argument that its claim was timely under Connecticut law, and presumably to allow the claim should timeliness be established.  Statek's position misrepresents the language of the mandate and fails under Rule 59 and the law of the case doctrine.  The Court has examined carefully the Second Circuit opinion remanding to the bankruptcy court the motion for reconsideration in light of the Second Circuit's reading of the Connecticut choice of law rule, Judge Drain's memoranda and oral opinions denying Statek's motions for reconsideration, and all of the submissions in connection with this appeal.  Contrary to Statek's representations in its briefs, the Second Circuit did not reverse the bankruptcy court's 2009 denial of the First Reconsideration Motion.  To be sure, that court vacated the district court's affirmance of the claim disallowance order – for lack of appellate

---

[2]     A motion for reconsideration of a claim disallowance order is analyzed under the standard of Federal Rule of Civil Procedure 59.  <u>See</u> <u>In re Enron Corp.</u>, <u>supra</u> n.2.

jurisdiction, because Statek had failed to file a timely notice of appeal.  Statek had forfeited its

opportunity to obtain plenary de novo review of the claim disallowance decision.  The Second

Circuit reviewed the denial of the First Reconsideration Motion for abuse of discretion and, after

finding that the bankruptcy court had abused its discretion in one respect, Second Circuit

directed the remand of the First Reconsideration Motion for determination.  The bankruptcy

court was instructed to apply Connecticut law, rather than New York law, in determining the

motion for reconsideration.  The Second Circuit did not address the bankruptcy court's

alternative determination that reconsideration was improper because the argument pointing to

Connecticut law had been untimely raised, nor did it address any Rule 59 issue other than abuse

of discretion arising from the application of an improper choice of law standard.  The mandate

did not grant the First Reconsideration Motion, and did not direct the bankruptcy court to grant

it.  It remanded the motion for determination.

        On remand, the bankruptcy court addressed the motion for reconsideration in light

of the Second Circuit's determination as to the law governing the Connecticut choice of law

issue that Statek had raised for the first time in its First Reconsideration Motion.  Statek's effort

to persuade the court to reconsider its disallowance order and permit litigation of the timeliness

issue under Connecticut law was properly assessed under the narrow Rule 59 standard which, as

the bankruptcy court correctly recognized, warrants relief only where the moving party shows

that there is "'an intervening change of controlling law, the availability of new evidence, or the

need to correct a clear error or prevent manifest injustice.'"  Decision on Remand, 2013 WL

4478824, at *9 n.13 (quoting Virgin Atl. Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255

(2d Cir. 1990) (internal citations and quotation marks omitted)).  There had been no intervening

change of controlling law between the 2009 disallowance decision and the interposition of the

First Reconsideration Motion.  Nor was any new evidence tendered.  The bankruptcy court applied the pertinent Connecticut law principles in determining whether granting of the reconsideration motion was necessary to correct a clear error or prevent manifest injustice and concluded, after a careful review of the judicial economy and finality principles underlying the Rule 59 standard (see Decision on Remand, 2013 WL 4478824, at *9-*10), that reconsideration was not warranted.  Because Statek had a full opportunity to litigate the choice of law issue prior to the disallowance of the claim and had not raised in a timely manner the argument that was ultimately addressed by the Second Circuit, the bankruptcy court's decision to deny the First Reconsideration Motion following the remand was well within its sound discretion and compliant with the terms of the remand.

       The bankruptcy court's determination that its original denial on procedural grounds of the First Reconsideration Motion stood as law of the case was also sound.  As explained above, neither the Second Circuit nor this Court (on the original appeal or on remand) had addressed, much less reversed, that aspect of the 2009 decision, and it had not been challenged on appeal.  A "mandate is controlling only 'as to matters within its compass . . . .'"  New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 606 (2d Cir. 2003) (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 168 (1939)).  However, "the law of the case does not extend to issues an appellate court did not address."  Id. (internal citation and quotation marks omitted); see also Foley v. Smith, 437 F.2d 115, 116 (5th Cir. 1971) ("[O]n remand the trial court is free to pass upon any issue which was not expressly or impliedly disposed of on appeal.") (internal citation and quotation marks omitted).  The Second Circuit's determination that the alternative rejection of the merits of Statek's argument was premised on erroneous legal standards and thus an abuse of discretion did not identify any

other defect in the bankruptcy court's application of Rule 59 principles.  Accordingly, the Court finds that the denial of the First Reconsideration Motion was not an abuse of discretion.

Nor was there any abuse of discretion in the bankruptcy court's denial of Statek's Second Reconsideration Motion, which was premised principally on the contention that the rejection of the First Reconsideration Motion violated the terms of the Second Circuit's mandate on Remand.  For the reasons explained above and in Judge Drain's thorough and well-reasoned Decision on Remand, Statek's Second Reconsideration Motion was baseless.

CONCLUSION

For the foregoing reasons, the Court affirms the bankruptcy court's Orders of August 23, 2013 and October 25, 2013.  This Memorandum Order resolves the appeal (13-CV-8578, docket entry no. 1).  The Clerk of Court is requested to enter judgment accordingly and to close this matter.

SO ORDERED.

Dated: New York, New York
September 19, 2014


    /s/  Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge